Katherine F. Parks, Esq.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendants
CHURCHILL COUNTY and BENJAMIN TROTTER

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X inclusive,<br><br>Defendants. | Case No.:  3:24-cv-00045-MMD-CSD<br><br>**CHURCHILL COUNTY AND BEN TROTTER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MOTION FOR SANCTIONS PURSUANT TO FRCP 11** |

COME NOW, Defendants CHURCHILL COUNTY and BENJAMIN TROTTER, by and through their attorneys, Thorndal Armstrong, PC, and pursuant to FRCP 12(b)(6), hereby move to dismiss Plaintiff's Complaint with prejudice and without leave to amend for failure to state a claim upon which relief may be granted.  Further, and based upon the frivolous filing of this Complaint against Churchill County and Benjamin Trotter, Defendants request sanctions pursuant to FRCP 11.

///

///

- 1 -

This motion is made and based upon the pleadings on file herein, all exhibits submitted herewith and the memorandum of points and authorities set forth below.

DATED this 15th day of February, 2024.

                THORNDAL ARMSTRONG, PC

By: */s/ Katherine Parks*
    KATHERINE F. PARKS, ESQ.
    6590 S. McCarran Blvd., Suite B
    Reno, Nevada 89509
    Attorneys for Defendants
    CHURCHILL COUNTY and
    BENJAMIN TROTTER

Katherine F. Parks, Esq.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendants
CHURCHILL COUNTY and BENJAMIN TROTTER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERWINE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X inclusive,<br><br>　　　　Defendants. | Case No.:   3:24-cv-00045-MMD-CSD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHURCHILL COUNTY AND BEN TROTTER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MOTION FOR SANCTIONS PURSUANT TO FRCP 11** |

**I**

**<u>INTRODUCTION</u>**

The filing of the instant lawsuit against Churchill County and Ben Trotter, the former Sheriff of Churchill County, is in blatant violation of Rule 11 of the Federal Rules of Civil Procedure.  That this statement is true cannot seriously be questioned.  This is so because, on March 7, 2023, following oral arguments heard by the Court on February 14, 2023, Michael Erwine and his attorney, Luke Busby, were informed by the Ninth Circuit Court of Appeals that Erwine "does not have a viable stigma-plus due process claim against Sheriff Trotter a matter of

1  law." Further, on March 7, 2023, Erwine and Busby were informed by the Ninth Circuit that,
2  "[b]ecause Erwine's claim under *Monell v. Department of Social Services of City of New York*,
3  436 U.S. 658 (1978), against Churchill County is indistinguishable from his claim against Sheriff
4  Trotter, the same grounds support affirmance of the district court's order granting summary
5  judgment in Churchill County's favor." The decision of the Ninth Circuit is attached for ease of
6  reference as Exhibit 1. On March 19, 2023, Erwine filed a Petition for Panel Rehearing and
7  Rehearing En Banc in the Ninth Circuit Court of Appeals. *See,* Exhibit 2. On April 25, 2023,
8  the Ninth Circuit denied Erwine's Petition for Rehearing. *See,* Exhibit 3, order dated April 25,
9  2023.
10       On June 1, 2023, Erwine filed a Petition for Writ of Certiorari of the Ninth Circuit's
11 decision to the United States Supreme Court. *See,* Exhibit 4. On October 4, 2023, the United
12 States Supreme Court denied Erwine's Petition for Writ of Certiorari. *See,* Exhibit 5. On
13 October 5, 2023, the Ninth Circuit Court of Appeals issued its Mandate following denial of
14 Erwine's Petition for Writ of Certiorari by the United States Supreme Court. *See,* Exhibit 6,
15 Mandate.
16       These orders stem from Erwine's appeal of the decision of Judge Robert Jones in Case
17 No. 3:18-cv-00461-RCJ-WGC granting summary judgment in favor of Churchill County and
18 Ben Trotter on Erwine's claim that Ben Trotter violated his protected liberty interests without
19 due process of law in violation of the Fifth and Fourteenth Amendments of the United States
20 Constitution and that Churchill County was liable under 42 U.S.C. §1983 for the actions of Ben
21 Trotter as an officer of the County with final policy-making authority. *See,* Exhibit 7, order
22 granting summary judgment in favor of Defendants in Case No. 3:18-cv-00461-RCJ-WGC.
23 Judge Jones' order was entered after nearly four years of litigation between the identical parties
24 to the instant lawsuit. Erwine's first lawyer, Jason Guinasso, filed a Complaint in this Court on
25 September 28, 2018, stemming from Erwine's termination from employment as a deputy with
26 the Churchill County Sheriff's Office on October 10, 2016. *See,* Doc. #1, Case No. 3:18-cv-
27 00461-RCJ-WGC. Erwine changed lawyers (shortly after the parties participated in an Early
28 Neutral Evaluation with Magistrate Judge Carla Baldwin on February 4, 2019, as noted in Doc.

#18 in Case No. 3:18-cv-00461) to Busby, after which he filed an Amended Complaint on behalf of his client on August 6, 2020. *See,* Exhibit 8, Amended Complaint, Case No. 3:18-cv-00461. Busby, on behalf of Erwine, pled the following causes of action in his Amended Complaint: (1) a violation by Ben Trotter of Plaintiff's alleged protected liberty interest without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution based on the allegation that Ben Trotter made false and stigmatizing statements about him in a memorandum authored by Trotter on October 10, 2016; (2) that the violation of his alleged protected liberty interest was done by then-Sheriff Ben Trotter, a final policy-making official for Churchill County, thereby entitling Erwine to damages against Churchill County under §1983 and *Monell*; (3) violation of the Due Process Clause of the Nevada Constitution; (4) tortious discharge in violation of public policy; (5) defamation; (6) defamation per se; and (7) intentional interference with prospective employment. *Id.*[1]

Now, more than seven years after Erwine's termination from the Churchill County Sheriff's Office, and after more than five years of litigation between Erwine and the moving Defendants relative to his termination, Busby, on behalf of Erwine, has sued Ben Trotter and Churchill County in this new lawsuit for the following causes of action: (1) a violation by Ben Trotter of Plaintiff's alleged protected liberty interest without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution based on the allegation that Ben Trotter made false and stigmatizing statements about him in a memorandum dated October 10, 2016 (*See,* Doc. #1 in the instant matter, Complaint, Second Claim for Relief); (2) that the violation of his alleged protected liberty interest was done by then-Sheriff Trotter, a final policy-making official for Churchill County, thereby entitling Erwine to damages against Churchill County under §1983 and *Monell* (*Id.* at Third Claim for Relief); (3) defamation; (4) defamation per se; and (5) intentional interference with prospective employment.

The allegations filed against Churchill County and Ben Trotter are so obviously barred by the doctrine of res judicata that a contrary position cannot be reasonably maintained. In many

---

[1] The state tort claims were dismissed by Judge Jones on jurisdictional grounds. *See,* Exhibit 5, p. 21. Erwine did not re-file these claims in state court as permitted by 28 U.S.C. §1367(d) and his right to do so is now barred by the limitations period set forth therein.

- 5 -

1 instances in the Complaint filed in this case, Erwine and Busby do not even bother to change the
2 language of their "new" claims for relief and, instead, appear to have cut and pasted numerous
3 allegations from the Amended Complaint filed on August 6, 2020, in the first action.
4       The Ninth Circuit Court of Appeals has held, as a matter of law, that Erwine does not
5 have a viable liberty interest due process claim against Ben Trotter or a viable *Monell* claim
6 against Churchill County.  *See,* Exhibit 1.  That Busby has filed identical claims for relief on
7 behalf of his client in the instant lawsuit is ludicrous and in direct contravention of his
8 obligations under FRCP 11.  Churchill County and Ben Trotter should be dismissed from this
9 lawsuit and sanctions should be levied against Erwine and Busby pursuant to Rule 11 for their
10 conduct.

## II

## **UNDERLYING FACTS**

13       Because the claims of Erwine brought against Churchill County and Ben Trotter have
14 already been litigated, the underlying facts are not in dispute and are set forth in the order of
15 Judge Jones granting summary judgment in favor of Churchill County and Trotter dated March
16 9, 2022.  Erwine worked as a probationary deputy sheriff for the Churchill County Sheriff's
17 Office from December 9, 2015, until October 10, 2016.  *See,* Exhibit 6, p. 2, line 2-3.  This
18 employment came after Erwine previously, and unsuccessfully, applied with numerous law
19 enforcement agencies for work.  *Id.* at lines 3-5.  Erwine's background includes an arrest for
20 driving under the influence in 2011.  *Id.* at lines 8-10. During his employment with the Churchill
21 County Sheriff's Office, Erwine's supervisors noted that he had issues with accountability and
22 taking responsibility for his actions.  *Id.* at lines 17-18.  In his Amended Complaint filed in the
23 prior action, Erwine claimed to have witnessed other officers with the Sheriff's Office
24 committing inappropriate actions against inmates, including Andrew Beaulieu and Michael
25 Maes.  *Id.* at pp. 3-6.
26       On October 10, 2016, Ben Trotter met with Erwine and gave him the choice to resign or
27 be terminated.  *Id.* at p. 6, lines 3-4.  Erwine resigned.  *Id.* at lines 5-6.  On the same day, Trotter
28 placed a memorandum in Erwine's personnel file summarizing the information which formed the

1   basis of Trotter's decision to terminate Erwine's employment. *Id.* at 5-10.  The memorandum
2   was provided to the Washoe County Sheriff's Office when it requested a copy of Erwine's
3   personnel file on December 6, 2016, in in connection with his application for employment with
4   that agency. *Id.* at p. 7, lines 15-16; *see also,* Doc. #1, Amended Complaint (in this case) ¶63.
5   Erwine was notified of his rejection from employment by the Washoe County Sheriff's Office on
6   January 17, 2017.  *See,* Exhibit 1, p. 6, lines 17-19.  Erwine was also rejected from employment
7   by the Las Vegas Metropolitan Police Department on or about February 7, 2017.  *Id.* at p. 6, lines
8   20-21.  It was alleged in the prior action (and is alleged in the case at bar) that Trotter spoke to
9   someone with LVMPD regarding Erwine's termination from employment with the Churchill
10  County Sheriff's Office prior to Erwine's rejection from employment by that agency.  *Id.* at p. 8,
11  lines 5-9; *see also,* Doc. #1, p. 9, ¶66.  In April of 2018, Erwine was provided with a copy of his
12  personnel file by Churchill County and learned of the Trotter memorandum.  *See,* Doc. #1, ¶94.
13  As noted above, Erwine filed suit against Churchill County based upon the facts and
14  circumstances underlying his termination from the Churchill County Sheriff' Office on August 6,
15  2020.

### III

### DISMISSAL OF CASE NO. 3:18-cv-00461

18  As noted above, Judge Jones entered an order granting summary judgment in favor of
19  Churchill County and Ben Trotter in the prior lawsuit on March 3, 2022.  In his order, Judge
20  Jones made the following findings: (1) that Erwine failed to establish a prima facie stigma-plus
21  claim for the alleged violation of his liberty interests without due process of law and (2) that
22  Erwine's claim brought against the County under *Monell* was subject to dismissal because it was
23  based solely on the actions of Trotter as a final-policy making official.  *See,* Exhibit 6.  Judge
24  Jones held that Erwine failed to put forth evidence that the Trotter memorandum effectively
25  excluded him from his chosen profession or that it was the Trotter memorandum that caused his
26  difficulties in obtaining employment, rather than his criminal record, lack of experience, or any
27  other aspect that potential employers would consider.  *Id.* at p. 14.  In addition to granting
28  summary judgment in favor of the County and Ben Trotter on Plaintiff's liberty interest due

1  process claim, the Court dismissed his state law claims on jurisdictional grounds.

2     Erwine appealed to the Ninth Circuit Court of Appeals and the Court held oral arguments on February 14, 2023.  On March 7, 2023, the Ninth Circuit affirmed Judge Jones' order.  In so doing, the Ninth Circuit Court of Appeals held that, in order for Erwine "to state a viable "stigma-plus" due process claim, Erwine must show that the allegedly stigmatizing statements in the Trotter Memorandum were the cause of his loss of employment opportunities in his chosen profession as a law enforcement officer."  *See,* Exhibit 1, p. 2.  As to this legal question, the Court held the following:

> **"The district court properly concluded that Erwine does not have a viable stigma-plus due process claim against Sheriff Trotter as a matter of law. Erwine has failed to put forth evidence showing that the Trotter Memorandum was the cause of his inability to find employment as a police officer in the State of Nevada – outside of the tribal police force – after his resignation."**

*Id.* at pp. 2-3.

   The Ninth Circuit further held as follows:

> **"There is no evidence in the record that it was the Trotter Memorandum, rather than Erwine's criminal record, lack of experience, or any other aspect that potential employers would consider, that caused four of the six agencies to deny his application.  And '[s]tigmatizing statements that merely cause 'reduced economic returns and diminished prestige . . .' do not constitute a deprivation of liberty.'  *Blantz v. Cal. Dep't. of Corr. & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013)(quoting *Stretten v. Wadsworth Veterans Hospital*, 537 F.3d 361, 366 (9th Cir. 1976)."**

*Id.* at pp. 3-4.

   The Ninth Circuit further held as follows:

> **"Nor did the district court err by dismissing Erwine's associated claim against Churchill County.  Because Erwine's claim under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), against Churchill County is indistinguishable from his claim against Sheriff Trotter, the same legal grounds support affirmance of the district court's order granting summary judgment in Churchill County's favor."**

*Id.* at pp. 4-5.

As noted above, the Ninth Circuit denied Erwine's Petition for Rehearing and the United States Supreme Court denied his Petition for Writ of Certiorari. The Ninth Circuit's order took effect on October 5, 2023, with the issuance of the Ninth Circuit's mandate.

Now, in obvious disregard of the decision of the Ninth Circuit Court of Appeals, Busby, on behalf of Erwine, has sued Churchill County and Ben Trotter based on facts and legal claims that are indistinguishable from those which have been dismissed as a matter of law.

## IV

## LEGAL ANALYSIS

### A. STANDARD OF REVIEW

Churchill County and Ben Trotter are entitled to dismissal with prejudice of Erwine's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Dismissal under FRCP 12(b)(6) is appropriate where the plaintiff has not alleged sufficient facts to state a claim for relief that is plausible on its face. *Turner v. City and County of San Francisco.,* 788 F.3d 1206, 1210 (9th Cir. 2015). "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the non-moving party; but 'conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.'" *Id.; citing Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). A claim has "facial plausibility" when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

Erwine's Complaint against the moving Defendants is subject to summary dismissal for failure to state a claim upon which relief may be granted. Erwine's claims against Churchill County and Ben Trotter are entirely barred by the doctrine of res judicata. In addition, Erwine alleges no conduct on the part of Ben Trotter or anyone associated with Churchill County that took place after, at the latest, February 7, 2017 (when Erwine learned he had been rejected from employment by LVMPD). As such, any alleged "new" claims (of which there are none) would be long barred by the statutes of limitations applicable to same.

B. **ERWINE'S COMPLAINT MUST BE DISMISSED PURSUANT TO THE DOCTRINE OF RES JUDICATA.**

There are two components of res judicata: claim preclusion and issue preclusion. Claim preclusion treats a judgment once rendered as the full measure of relief to be accorded between the same parties on the same claim or cause of action. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceedings." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S. Ct. 2205 (1979).

Claim preclusion applies under federal law when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Cell Therapeutics, Inv. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009). In determining whether two suits involve the same claim or cause of action, the Courts analyze the following four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Mpoyo v. Litton Electro-Optical Systems,* 430 F.3d 985, 987 (9th Cir. 2005). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.*

There is simply no valid argument for any contention that the claims brought against the County and Ben Trotter in the instant matter are not subject to dismissal under the doctrine of claim preclusion. With respect to the identity of claims, Erwine sued the County and Trotter in Case No. 3:18-cv-00461-RCJ-WGC for allegedly violating his due process liberty interest rights based upon the Trotter memorandum prepared on October 10, 2016. More specifically, Erwine claimed in the first case that his due process liberty interest rights were violated based upon alleged "false and stigmatizing comments" made by Trotter in the memorandum which were allegedly disclosed to other law enforcement agencies. *See,* Exhibit 7, p. 19-20. Erwine's claim for municipal liability against Churchill County was based upon the same claim and was

1   grounded on Trotter's position as a final policy-making official for the County at the time of the
2   events in question. *Id.* at pp. 20-22.
3         The claims brought against Churchill County and Trotter in the new Complaint are
4   **identical** to those set forth in the first case.  In his new Complaint, Erwine claims that he is
5   entitled to damages against Ben Trotter for violation of his "protected liberty interest" based
6   upon "false and stigmatizing statements" contained in the Trotter memorandum.  *See,* Doc. #1, p.
7   31, Second Claim for Relief.  In his new Complaint, Erwine claims that he is entitled to damages
8   against Churchill County under *Monell* because Ben Trotter was a final policy-making official
9   with Churchill County at the time of the events of October, 2016.  *Id.* at p. 32-34.  Numerous of
10  the allegations in Erwine's new Complaint appear to have simply been cut and pasted from the
11  Amended Complaint filed against the moving Defendants on August 6, 2020, in the first lawsuit.
12        It simply cannot be argued that these claims were not litigated to a final judgment. The
13  Ninth Circuit Court of Appeals has held, without question, that Erwine "does not have a viable
14  stigma-plus due process claim against Sheriff Trotter as a matter of law."  *See,* Exhibit 1,
15  Memorandum, p. 2.  Similarly, the Ninth Circuit held that Judge Jones was correct in dismissing
16  Erwine's *Monell* claim against Churchill County.  *Id.* at p. 4.  Erwine went on to appeal the Ninth
17  Circuit's decision to the United States Supreme Court which denied his Petition for Writ of
18  Certiorari on October 4, 2023.  *See,* Exhibit 5.
19        That there is identity of parties in the two lawsuits is also uncontroverted.
20        It also cannot be plausibly argued that the two lawsuits in question do not arise out of the
21  same transactional nucleus of fact.  In that regard, the factual allegations made against Trotter
22  and Churchill County in this case are **identical** to those set forth in the first lawsuit.  As is true
23  with respect to his legal claims, Erwine appears to have cut and pasted many of the factual
24  allegations set forth in his new lawsuit from those in the first.  The factual allegations in both
25  cases are based on Plaintiff's allegations that, during his employment with the Churchill County
26  Sheriff's Office from December 9, 2015, to October 10, 2016, he witnessed mistreatment of
27  several inmates, Andrew Beaulieu and Matthew Maes, that he was terminated after he allegedly
28  attempted to bring the issue up command staff, and that Trotter placed "false and stigmatizing"

comments in a memorandum regarding his termination on October 10, 2016. The nucleus of facts is identical in the two lawsuits and Erwine has alleged no new actions of Trotter or anyone associated with Churchill County which were not raised in the first suit.[2]

It is also apparent that the rights and interests of Churchill County and Ben Trotter established by the Ninth Circuit's decision in the first case, a decision that followed five years and six days of litigation, would be destroyed if Erwine were permitted to re-litigate the identical claims in this case. Plain and simply, the moving Defendants have already been vindicated by the Ninth Circuit Court of Appeals and the United States Supreme Court by virtue of the Supreme Court's order denying Erwine's Petition for Writ of Certiorari. Permitting the moving Defendants to be sued again for the very same claims is contrary to the very purpose underlying the doctrine of res judicata.

That the two lawsuits involve the alleged infringement of the same right is also patently evident, in that the causes of action brought in both cases, an alleged violation of Erwine's due process liberty interest right, are identical. Further, the two lawsuits will be entirely based upon the same evidence and events that took place more than eight years ago.

Each and every element of the doctrine of claim preclusion is applicable to the claims brought against Churchill County and Ben Trotter in the instant matter. The Ninth Circuit Court of Appeals has held, unequivocally, that Erwine has no viable claim against the moving Defendants for the federal claims set forth in his Complaint and summary dismissal of the Complaint for failure to state a claim must be granted.

The doctrine of issue preclusion prevents re-litigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding. *Wolfson v. Brammer,* 616 F.3d 1045, 1065 (9th Cir. 2010). Under the doctrine of issue preclusion, a party is precluded from re-litigating issues of fact or law if four elements are met: (1) there was a full and fair opportunity

---

[2] Neither Trotter nor the County had anything whatsoever to do with Erwine (outside of the five years they spent in litigation with him in the first case) after the end of December, 2016 (when the County provided the Washoe County Sheriff's Office with a copy of Plaintiff's personnel file upon WCSO's request for same) or the very beginning of 2017 (prior to the time Erwine's application for employment with LVMPD was rejected) when it is alleged Trotter spoke to someone with LVMPD about the Plaintiff.

- 12 -

1 to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was a
2 final judgment on the merits; and (4) the person against whom issue preclusion is asserted was a
3 party to or in privity with a party in the previous action. *Id.* at 1064. If these four elements are
4 met, the factual or legal issue is precluded, even if it is presented under the guise of a new legal
5 theory or on the basis of new evidence.

6       The doctrine of issue preclusion also prevents Erwine from re-litigating the factual claim
7 that the Trotter Memorandum was or is the cause of his inability to find employment as a police
8 officer after his termination from the Churchill County Sheriff's Office. This central fact issue
9 was decided by the Ninth Circuit Court of Appeals. *See,* Exhibit 1, p. 3. The issue of law,
10 whether Trotter and Churchill County violated Erwine's due process liberty interests as a result
11 of the events surrounding his termination on October 10, 2016, has also been fully litigated
12 through final judgment and decided against Erwine. As such, issue preclusion bars re-litigation
13 of the claims for relief in Erwine's new Complaint, even if brought under the guise of new
14 evidence.

15       Based upon all of the foregoing, Erwine's claims are barred in their entirety by the
16 doctrine of res judicata.

17 **C.   ERWINE CAN BRING NO CLAIMS AGAINST CHURCHILL COUNTY AND/OR BEN TROTTER THAT ARE NOT BARRED BY THE APPLICABLE**
18 **STATUTES OF LIMITATION**.

19       Although dismissal is clearly warranted by res judicata, out of an abundance of caution,
20 the Defendants would also note that there are no factual allegations in the new Complaint which
21 describe any alleged conduct or actions taken by Ben Trotter, or anyone associated with
22 Churchill County, which do not date back to the original preparation of the Trotter
23 memorandum, Erwine's termination from employment with the Churchill County Sheriff's
24 Office on October 10, 2016, the provision of Erwine's personnel file to the Washoe County
25 Sheriff's Office in December of 2016, or one alleged phone conversation between Trotter and
26 someone from LVMPD prior to February 7, 2017.

27       The statute of limitations on Plaintiff's federal claims for relief premised on §1983 is two
28 years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). There is no plausible cause of action

which can be maintained by Erwine against Churchill County and/or Ben Trotter given that the involvement of the moving defendants with Erwine ended in late 2016 or, at the very latest, the beginning of 2017.

Plaintiff's state tort claims suffer from the same fatal defect. The statute of limitations applicable to Erwine's claims for defamation and defamation per se is two years. *See,* NRS 11.190(4)(e) and *Pickens on behalf of State v. La Villa Vegas, Inc.*, 137 Nev. 951, 485 P.3d 1248 (Nev. 2021). By admission of the (identical) allegations in both of the cases involving these parties, Erwine learned of the existence of the Trotter memorandum in April of 2018. *See,* Doc. #1, p. 13, §94. The statute of limitations on Plaintiff's state law claim for intentional interference with prospective employment is three years. *Stalk v. Mushkin,* 125 Nev. 21, 27, 199 P.3d 838 (Nev. 2009). There are no factual allegations in the Plaintiff's new complaint which identify **any** conduct or actions of Ben Trotter, or anyone else associated with Churchill County, that occurred beyond, at the latest, February 7, 2017. The statute of limitations on Plaintiff's state law claims expired years ago.

To the extent Plaintiff had any avenue for recovery of damages against Ben Trotter and Churchill County under these state tort claims based upon Judge Jones' dismissal of same on jurisdictional grounds, Erwine was required to re-file these claims in state court within the time limitations set forth in 28 U.S.C. §1367(d). Specifically, 28 U.S.C. §1367(d) provides that the limitations period for any claim dismissed for lack of supplemental jurisdiction is tolled while an action is pending in federal court and for a period of 30 days after it is dismissed, unless state law provides for a longer tolling period. The decision of the Ninth Circuit Court of Appeals became final on October 5, 2023. *See,* Exhibit 6, Mandate. The statute of limitations on Plaintiff's state tort claims was tolled for a period of 30 days thereafter. Erwine did not re-file these state law claims within 30 days and they are all barred by the statute of limitations.

D.  **SANCTIONS SHOULD BE IMPOSED AGAINST ERWINE AND BUSBY UNDER FRCP 11.**

The Court may sanction Erwine and Busby pursuant to FRCP 11, as well as under the Court's inherent power. *Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir. 2001). Rule 11 provides

that, by presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  The Ninth Circuit Court of Appeals set out the standard for Rule 11 sanctions in *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) as follows:

> "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'  As shorthand for this test, we use the word "frivolous" to denote a filing that is both baseless and made without reasonable and competent inquiry."

The Ninth Circuit Court of Appeals has upheld sanctions awarded against a party where a claim is clearly barred by res judicata.  *Buster v. Greisen,* 104 F.3d 1186 (9th Cir. 1997).  In *Buster,* the Ninth Circuit affirmed the award of sanctions against a party and his attorney after the party re-filed claims in state court alleging facts which had been litigated to conclusion in federal court under ERISA.  *Id.* at 1188.  In so doing, the Ninth Circuit stated that the state court action involved the same parties and the same transactional nucleus of facts as the prior suit and that the case filed in state court sought to "relitigate issues that were conclusively resolved in the prior suit."  *Id.* at 1190.  The Court further held that "a reasonable and competent inquiry" would have led counsel and his client to the same conclusion and cited to other of its decisions affirming Rule 11 sanctions based on the filing of frivolous actions which were barred by res judicata.  *Id.* The Court also reiterated that it has held that "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Id.*

The claims filed against Churchill County and Ben Trotter in this case are patently frivolous and clearly barred by res judicata.  Not only do the new claims filed against the moving Defendants arise out of the identical nucleus of facts as those in the prior suit, the legal claims

1 brought against the Defendants are **identical** to those which were litigated conclusively in the
2 prior case.  The decision of the Ninth Circuit Court of Appeals, which Busby, on behalf of his
3 client, appealed without success to the United States Supreme Court, that Erwine has no viable
4 claim for violation of any due process rights based on a liberty interest (a stigma-plus claim)
5 against Ben Trotter or Churchill County, leaves no room for debate on this point.
6       Erwine's claims against the moving Defendants are legally and factually baseless given
7 the ruling of the Ninth Circuit Court of Appeals.  No competent lawyer could possibly fail to
8 appreciate the preclusive effect of the Ninth Circuit's decision on the claims set forth against
9 Churchill County and Ben Trotter in this case.  Erwine and Busby should be sanctioned for their
10 actions in dragging Churchill County and Ben Trotter back into this Court under these
11 circumstances and in blatant disregard of the Ninth Circuit's decision of March 7, 2023.

## V

## CONCLUSION

14       Based upon the foregoing, the Defendants respectfully request that the Plaintiff's
15 Complaint be dismissed with prejudice and without leave to amend as against Churchill County
16 and Ben Trotter for failure to state a claim upon which relief may be granted pursuant to FRCP
17 12(b)(6) and that the Court impose sanctions on Erwine and/or Busby in the amount of all
18 attorney's fees and costs incurred by the Defendants associated with the instant motion (and any
19 further briefing of same) pursuant to Rule 11 of the Federal Rules of Civil Procedure.
20       DATED this 15th day of February, 2024.

THORNDAL ARMSTRONG, PC

By: */s/ Katherine Parks*
    KATHERINE F. PARKS, ESQ.
    6590 S. McCarran Blvd., Suite B
    Reno, Nevada 89509
    Attorneys for Defendants
    CHURCHILL COUNTY and
    BENJAMIN TROTTER

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing CHURCHILL COUNTY AND BEN TROTTER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MOTION FOR SANCTIONS PURSUANT TO FRCP 11 to be served on all parties to this action by:

_____  placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__X__  United States District Court CM/ECF system

_____  personal delivery

____  electronic means (fax, electronic mail, etc.)

_____  Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Ave., #82**
**Reno, NV 89509**
*Attorney for Plaintiff*

DATED this 15th day of February, 2024.

                                                        /s/ Laura Bautista
                                                        An employee of Thorndal Armstrong, PC

## **INDEX OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Order Affirming District Court's Order Granting of Churchill County's MSJ |
| 2 | Petition for Panel Rehearing and Rehearing En Banc |
| 3 | Order Denying Petition for Panel Rehearing and Rehearing En Banc |
| 4 | Petition for a Writ of Certiorari |
| 5 | Order Denying Petition for Writ of Certiorari |
| 6 | Mandate |
| 7 | Order Granting Defendants' Motion for Summary Judgment |
| 8 | Amended Complaint |