# Exhibit 1 –
# Order Affirming District Court's Order Granting of Churchill County's MSJ

# Exhibit 1

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ERWINE, | No. 22-15358 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00461-RCJ-CSD |
| v. | |
| COUNTY OF CHURCHILL; BENJAMIN TROTTER, Churchill County Sheriff, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 14, 2023
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Michael Erwine appeals the district court's grant of summary judgment in favor of the County of Churchill and Sheriff Benjamin Trotter ("Defendants"). Erwine, who was formerly employed as a Deputy Sheriff for Churchill County, alleges that Defendants violated his procedural due process rights under the Fourteenth Amendment by forcing him to resign and placing an allegedly

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

stigmatizing memorandum in his personnel file ("the Trotter Memorandum") in response to Erwine's allegations of misconduct against his co-employees.

We review the denial of a motion for summary judgment de novo. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm. Erwine has failed to show a causal relationship between his inability to secure a job and the Trotter Memorandum.

1. In the public employment context, a plaintiff may prove a deprivation of a liberty interest, among other things, by showing that he was terminated from his employment in conjunction with a stigmatizing statement. *See Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1129 (9th Cir. 2001). The Supreme Court has clarified that "'stigma' to one's reputation" alone without "more tangible interests such as employment" is insufficient "to invoke the procedural protection of the Due Process Clause." *Paul v. Davi*s, 424 U.S. 693, 701 (1976). Therefore, to state a viable "stigma-plus" due process claim, Erwine must show that the allegedly stigmatizing statements in the Trotter Memorandum were the cause of his loss of employment opportunities in his chosen profession as a law enforcement officer.

The district court properly concluded that Erwine does not have a viable stigma-plus due process claim against Sheriff Trotter as a matter of law. Erwine has failed to put forth evidence showing that the Trotter Memorandum was the

2

cause of his inability to find employment as a police officer in the State of Nevada—outside of the tribal police force—after his resignation. Of the six state police departments that rejected Erwine's application, Erwine put forth evidence that only one, the Washoe County Sheriff's Office, had knowledge of the Trotter Memorandum when it rejected Erwine's application. As the district court noted, "there is no evidence that any other agency for which [Erwine] applied reviewed the memorandum." However, Erwine's background investigation file from the Las Vegas Metropolitan Police Department indicates that an investigator from the department had a telephone conversation with Sheriff Trotter regarding Erwine's employment with Churchill County.

Therefore, as the district court found, Erwine "cannot show that he was denied employment at [the] other four agencies because of any stigmatizing statement from Defendants." Indeed, Erwine applied for and was rejected from five agencies, including the Washoe County Sheriff's Office, *prior* to his employment with Defendants. As Erwine acknowledges, his difficulties securing employment may have been due to his prior arrest for driving under the influence. There is no evidence in the record that it was the Trotter Memorandum, rather than Erwine's criminal record, lack of experience, or any other aspect that potential employers would consider, that caused four of the six agencies to deny his application. And "[s]tigmatizing statements that merely cause 'reduced economic

3

returns and diminished prestige . . .' do not constitute a deprivation of liberty." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013) (quoting *Stretten v. Wadsworth Veterans Hospital*, 537 F.3d 361, 366 (9th Cir. 1976)).

2. Likewise, the district court did not abuse its discretion in disregarding the opinion of Erwine's expert, Ron Dreher. Erwine contends that Dreher's testimony created a triable issue of fact as to whether the state police agencies to which he applied reviewed the Trotter Memorandum. The district court properly analyzed Dreher's conclusions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Its ruling that Dreher's "grand conclusions" were "not reliable" because he "fail[ed] to provide any specific methodology from which he was able to reach [his] judgments" was not "illogical, implausible, or without support in inferences that may be drawn from the record." *Murray v. S. Route Mar. SA*, 870 F.3d 915, 922 (9th Cir. 2017) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). Because Dreher's statements were conclusory and ran contrary to the evidence adduced in discovery, the district court did not abuse its discretion in disregarding Dreher's opinion in reaching its conclusion.

3. Nor did the district court err by dismissing Erwine's associated claim against Churchill County. Because Erwine's claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Churchill County is indistinguishable from his claim against Sheriff Trotter, the same legal

4

grounds support affirmance of the district court's order granting summary judgment in Churchill County's favor.

**AFFIRMED.**