# Exhibit 2 –
# Petition for Panel Rehearing and
# Rehearing En Banc

**Exhibit 2**

Case No.: 22-15358

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MICHAEL ERWINE, Plaintiff-Appellant,

vs.

COUNTY OF CHURCHILL and
BENJAMIN TROTTER, Churchill
County Sheriff, Defendants-Appellees.

_____

## APPELLANT'S PETITION FOR PANEL REHEARING AND
## REHEARING EN BANC

_____

On Appeal from the Judgment of the United States District Court
District of Nevada
Case No. 3:18-cv-00461-RCJ-CSD

_____

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
_Attorney for Michael Erwine_

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

FRAP 35(b) STATEMENT............................................................................1

BACKGROUND .............................................................................................2

REASONS FOR GRANTING REHEARING EN BANC.......................6

    a. The "stigma" in the stigma-plus test is satisfied where stigmatizing statements involve accusations of dishonesty or morality – the panel's decision directly conflicts with this longstanding rule........................................................................................6

    b. The "plus" in the stigma-plus test is satisfied where stigmatizing information is placed in a file of a public employee coincident with their termination and then published - there is no dispute of fact as to whether Erwine met these requirements.......................................11

CONCLUSION.................................................................................................14

CERTIFICATE OF COMPLIANCE……………………......................15

CERTIFICATE OF SERVICE....................................................................16

# TABLE OF AUTHORITIES

## CASES

*Bank of Jackson Cty. v. Cherry*

966 F.2d 1406 (11th Cir. 1992)............................................................10

*Bd. of Regents v. Roth*

408 U.S. 564 (1972)...............................................................7,8, 9, 12

*Bishop v. Wood*

426 U.S. 341 (1976)...........................................................................12

*Blantz v. Cal. Dep't of Corr. & Rehab.*

727 F.3d 917 (9th Cir. 2013)......................................6,7,8, 9, 10

*Brandt v. Bd. of Coop. Educ. Servs., Third Supervisory Dist.*

820 F.2d 41 (2d Cir. 1987)..................................................................9

*Campanelli v. Bockrath*

100 F.3d 1476 (9th Cir. 1996)............................................................6

*Codd v. Velger*

429 U.S. 624 (1977)...................................................................1,11,12

*Colaizzi v. Walker*

542 F.2d 969 (7th Cir. 1976)…….......................................................13

*Cox v. Roskelley*

359 F.3d 1105 (9th Cir. 2004)...........................................................12

*Dennis v. S & S Consol. Rural High Sch. Dist.*

577 F.2d 338 (5th Cir. 1978)…….......................................................8

*Fowler v. United States*

633 F.2d 1258 (8th Cir. 1980).........................................................10

*Gillum v. City of Kerrville*

    3 F.3d 117 (5th Cir. 1993)......................................................................13

*Gray v. Union County Intermediate Educ. Dist.*

    520 F.2d 803 (9th Cir. 1975)....................................................................8

*Hill v. Borough of Kutztown*

    455 F.3d 225(3d Cir. 2006)....................................................................13

*Hinkle v. White*

    793 F.3d 764 (7th Cir. 2015)..................................................................10

*Jablon v. Trustees of California State Colleges*

    482 F.2d 997 (9th Cir. 1973)....................................................................8

*Ludwig v. Bd. of Trustees of Ferris State Univ.*

    123 F.3d 404 (6th Cir. 1997)....................................................................9

*Neu v. Corcoran*

    869 F.2d 662 (2d Cir. 1989)...................................................................13

*O'Donnell v. Barry*

    331 U.S. App. D.C. 272, 148 F.3d 1126 (1998)…….......................10

*Paul v. Davis*

    424 U.S. 693 (1976)...........................................................1,11,12,13

*Ridpath v. Bd. of Governors Marshall Univ.*

    447 F.3d 292 (4th Cir. 2006)....................................................................9

*Sampang v. United States* No. 101-79C

    1981 U.S. Ct. Cl. LEXIS 1324 (Ct. Cl. Jan. 23, 1981)......................10

*Sipes v. United States*

    744 F.2d 1418 (10th Cir. 1984)..............................................................10

*Stretten v. Wadsworth Veterans Hospital*

    537 F.2d 361 (9th Cir. 1976)................................................................7,8,9

*Unger v. Nat'l Residents Matching Program*

    928 F.2d 1392 (3d Cir. 1991)....................................................................9

*Valmonte v. Bane*

    18 F.3d 992 (2d Cir. 1994)......................................................................13

*Vanelli v. Reynolds Sch. Dist.*

    667 F.2d 773 (9th Cir. 1982)..............................................................11,12

*Ventetuolo v. Burke*

    596 F.2d 476 (1st Cir. 1979)....................................................................9

*Walsh v. Hodge*

    975 F.3d 475 (5th Cir. 2020)....................................................................9

# I. FRAP 35(b) STATEMENT

The panel held that, "[T]o state a viable "stigma-plus" due process claim, Erwine must show that the allegedly stigmatizing statements in the Trotter Memorandum were the cause of his loss of employment opportunities in his chosen profession as a law enforcement officer." *Memorandum* Doc. 36-1. The panel's ruling directly conflicts with existing opinions surrounding stigma-plus procedural due process claims by public employees in this Circuit, every other circuit court of appeal, and the US Supreme Court, including:

- The holding of the United States Supreme Court in *Paul v. Davis*, 424 U.S. 693, 701 (1976) that a "tangible loss" coupled with defamation of a public employee is sufficient to state a due process claim based on deprivation of a liberty interest; and

- The holding of the United States Supreme Court in *Codd v. Velger*, 429 U.S. 624, 628 (1977), that a hearing is required if false and defamatory information is disseminated in connection with the termination of a public employee.

Consideration by the full court is necessary to secure and maintain uniformity of this Court's decisions regarding liberty interest procedural due process claims under the 14th Amendment.

## II. BACKGROUND

This case involves a corrupt rural Nevada sheriff's office surreptitiously framing and retaliating against a rookie deputy for observing and recording the mistreatment of an inmate at the Churchill County Jail.

The District Court granted summary judgment against Mr. Erwine 1-ER-2-23. Erwine appealed the District Court's rulings that no reasonable juror could find that Erwine was effectively excluded from employment in his chosen profession and that no reasonable juror could conclude that the statements of Sheriff Trotter impugned Erwine's character for honesty and morality. *Id.*

Sheriff Trotter constructively discharged Erwine on October 10, 2016 after Erwine recorded in a word document on his work computer that he observed his fellow deputies abusing an inmate, Mr. Andrew Beaulieu, at the Churchill County Jail. 2-ER-69. Beaulieu had been requesting water for hours. Erwine was informed by Beaulieu and later

confirmed during review of surveillance footage that every time Beaulieu would request water, the grave shift deputy would flush the drain in Beaulieu's cell making Beaulieu's request inaudible over the flushing noise. *Id.*

Unbeknownst to Erwine, Sheriff Trotter placed a memorandum in Erwine's employee file that contained stigmatizing statements, dated October 10, 2016. 2-ER Vol-78-80. The memorandum contains false allegations that Erwine engaged in "unprofessional behavior," that he created liability for Churchill County, that he discredits Churchill County and the entire profession of law enforcement, that Erwine violated "behavior standards," and that Erwine's behavior was "extremely disturbing and disappointing." *Id.* at 80.

Trotter also accused Erwine of misconduct related to another inmate, Mr. Matthew Maes, and alleged that Erwine engaged in "conduct unbecoming a deputy" and an "unjustifiable use of force." 2-ER-79.

The Affidavit of Beaulieu (2-ER -229-30) and the deposition of Maes, 2-ER-234, both demonstrate that Trotter's allegations against Erwine in the memorandum are false. Maes testified that Erwine never used any force on him. 2-ER-234.

- 3 -

In responses to requests for admission (2-ER-82-87) Churchill County admitted the following facts surrounding Erwine's termination: Erwine was provided with no written notice that he had been accused of misconduct before Erwine executed a letter of separation on October 10, 2016, *Id.* at 83; Erwine was not afforded a hearing before Erwine executed a letter of separation on October 10, 2016, *Id.* at 83; Sheriff Trotter authored the October 10, 2016 Memorandum, *Id.*; Sheriff Trotter placed the October 10, 2016 Memorandum into Erwine's personnel file, *Id.* at 83; The October 10, 2016 Memorandum was not provided to Erwine before the letter of separation was executed by Erwine, *Id.* at 83; and the October 10, 2016 Memorandum was never shown to Erwine before it was placed in his personnel file. *Id.* at 84.

Despite initially denying that the October 10, 2016 Memorandum and Erwine's personnel file was shared with any outside law enforcement agency (3-ER-379-80), the Defendants later admitted that the October 10, 2016 Memorandum, in addition to Erwine's entire personnel file, was shared with the Washoe County Sheriff's Office, but only after Washoe County provided a response to a subpoena in which it was clear that Erwine's entire employee file was sent to the Washoe County Sheriff's

Office after Erwine applied for a job as a deputy. 2-ER-85-6.

After Erwine's discharge from the Churchill County Sheriff's
Office, Erwine was rejected for employment by multiple police agencies
for failing to pass background investigations, including by the Washoe
County Sheriff's Office.  As described in Declaration No. 2 of Michael
Erwine in 2-ER-249-50 and the documents in Attachment A thereto, on
January 17, 2017, Erwine received a letter from the Washoe County
Sheriff informing him that, "…the Sheriff's Office has determined that
you do not meet the established standards for a position as Deputy Sheriff
and therefore you have not been selected at this time."  2-ER-252.

Prior to leaving Churchill County, Erwine had never failed a
background investigation or been denied a law enforcement position
because of background related issues. 2-ER-259.  Erwine requested and
received a copy of his employee file from Churchill County on April 13,
2018, and first became aware of the existence of Trotter's memorandum.
2-ER-249-50.

/// 

/// 

///

## III. REASONS FOR GRANTING REHEARING EN BANC

### a. The "stigma" in the stigma-plus test is satisfied where stigmatizing statements involve accusations of dishonesty or morality – the panel's decision directly conflicts with this longstanding rule.

Accusations of dishonesty and immorality are by definition stigmatizing and trigger due process protections, but less severe accusations are to be examined on a case-by-case basis. *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, fn 6 (9th Cir. 2013). Whether the statements at issue are "stigmatizing" is a question of fact that is within the purview of a jury to decide. *Campanelli v. Bockrath*, 100 F.3d 1476, 1480 (9th Cir. 1996). A reasonable jury could conclude that Trotter's statements about Erwine, that he engaged in "conduct unbecoming a deputy," an "unjustifiable use of force," "unprofessional behavior," and he "discredits our agency and our profession," (See 2-ER 7-80) attack his reputation for honesty and morality. A reasonable jury could also conclude that these statements are sufficient to cause more than reduced economic returns and diminished prestige. *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d at 925.

In an order denying a motion for summary judgment by Erwine, the District Court reached the conclusion that "At least some of the statements in the memo are more than mere accusations of incompetence and go towards morality." 3-ER -365.  Then, in the Order granting summary judgment in favor of Churchill County and Sheriff Trotter appealed here, the District Court reversed course and made the opposite factual finding, i.e. that no reasonable juror could draw the same conclusion.  1-ER-21.

The panel's decision that Erwine was required to show that his subsequent failure to obtain employment was caused by the statements in Trotter's Memorandum conflicts with the holding of this Court in *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d at 925, explaining liberty interests are implicated where stigmatizing statements effectively exclude the employee completely from her chosen profession - and directly conflicts with *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir. 1976) describing that the nature of the charge itself is the determinative factor, not the actual consequences of the statements:

> While *Roth*'s line between "liberty" interests and all other
> interests is imprecise, this Circuit has concluded that it should

> be drawn on the basis of the nature of the charge used as a
> grounds for termination and not the actual consequences of
> the charge.  Further, this Court has concluded that Roth's
> notion of liberty, while imprecise, distinguishes between a
> stigma of moral turpitude, which infringes the liberty interest,
> and a charge of incompetence or inability to get along with
> coworkers which does not.

*Id.* at 365 citing *Gray v. Union County Intermediate Educ. Dist.*, 520 F.2d 803

(9th Cir. 1975); *Jablon v. Trustees of California State Colleges*, 482 F.2d 997 (9th

Cir. 1973).

This ruling in *Stretten v. Wadsworth* that it is the substance of the

statements at issue and not their consequences has been cited extensively

by other Courts in the 9th Circuit as authoritative, and has been expressly

adopted by the 5th Circuit in *Dennis v. S & S Consol. Rural High Sch. Dist.*,

577 F.2d 338, 343 (5th Cir. 1978):

> Although the Court in Roth stated that a liberty interest
> might be implicated where the stigma inflicted upon an
> employee "foreclosed his freedom to take advantage of other
> employment opportunities", 408 U.S. at 573, 92 S. Ct. at
> 2707, it never intimated that such foreclosure was an
> indispensable element in demonstrating a liberty interest.

*Id.* quoting *Bd. of Regents v. Roth*, 408 U.S. 564 at 573 (1972).

The ruling in *Blantz v. Cal. Dep't of Corr. & Rehab.* using the

- 8 -

"effective exclusion" language cites to the holding in *Stretten v. Wadsworth. See Blantz v. Cal. Dep't of Corr. & Rehab.,* 727 F.3d at 925. The "effectively exclude" language articulated in *Blantz* should not be interpreted to require a plaintiff to also show actual exclusion from a field of employment. Further, the "effectively exclude" language appears to be an artifact of Ninth Circuit law only, as every other circuit court utilizes the less stringent requirements that flow directly from language in *Bd. of Regents v. Roth*, 408 U.S. at 573, holding that any charge "that might seriously damage standing and association in the community" or impose stigma or other disability that forecloses freedom to take advantage of other employment opportunities implicates protected liberty interests. See *Ventetuolo v. Burke*, 596 F.2d 476, 482-83 (1st Cir. 1979), *Brandt v. Bd. of Coop. Educ. Servs., Third Supervisory Dist.,* 820 F.2d 41, 43 (2d Cir. 1987), *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1396 (3d Cir. 1991), *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 307 (4th Cir. 2006), *Walsh v. Hodge*, 975 F.3d 475, 483 (5th Cir. 2020) *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997) ("An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with

- 9 -

an employee's termination"), *Hinkle v. White,* 793 F.3d 764, 769 (7th Cir. 2015), *Fowler v. United States*, 633 F.2d 1258, 1262 (8th Cir. 1980), *Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir. 1984), *Bank of Jackson Cty. v. Cherry*, 966 F.2d 1406 (11th Cir. 1992), *O'Donnell v. Barry*, 331 U.S. App. D.C. 272, 148 F.3d 1126, 1140 (1998), and *Sampang v. United States*, No. 101-79C, 1981 U.S. Ct. Cl. LEXIS 1324, at *24 (Ct. Cl. Jan. 23, 1981).

At the end of the day, the standard imposed by the panel on Erwine creates a consequentialist approach to addressing stigma-plus claims where no other circuit court or the Supreme Court has done the same.

The panel's decision required Erwine to show actual exclusion, that the stigmatizing statements at issue caused his inability to secure a job. This burden is based on a misapplication of the language in the *Blantz* decision and is inconsistent with and far beyond the well-established bar that Erwine was required to meet: that the statements are sufficiently stigmatizing to have the power to produce the result of excluding Erwine from a career as a police officer.

///

///

**b. The "plus" in the stigma-plus test is satisfied where stigmatizing information is placed in a file of a public employee coincident with their termination and then published – there is no dispute of fact as to whether Erwine met these requirements.**

The panel ruled that Mr. Erwine, as matter of law, may only pursue a "stigma-plus" claim if Mr. Erwine shows a causal relationship between his inability to secure a job and the stigmatizing statements at issue, citing *Paul v. Davis*, 424 U.S. at 701. See *Memorandum* at Doc. 36-2. The standard described in *Paul v. Davis* is much less stringent than described by the panel, and only requires a "tangible loss" coupled with defamation of a public employee to state a claim. 424 U.S. at 701. Here, Erwine's "tangible loss," that triggers due process protections was losing his job at Churchill County.

In *Codd v. Velger*, 429 U.S. 624, 628 (1977), the Supreme Court that a hearing is required if false and defamatory information is disseminated in connection with the termination of a public employee. Following *Codd v. Velger*, in *Vanelli v. Reynolds Sch. Dist.*, 667 F.2d 773, 777-78 (9th Cir. 1982), this Court held that the procedural protections of due process apply if the accuracy of a charge is contested, there is some public

disclosure of the charge, and the charge is made in connection with the termination of employment *or* the alteration of some right or status recognized by state law.  In so holding, the *Vanelli v. Reynolds* court in footnote 6 court cites to *Codd v. Velger*, 429 U.S. at 627-28, *Bishop v. Wood*, 426 U.S. 341, 348 (1976), and *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). None of these cases also require a terminated public employee to also show that stigmatizing statements are the cause of a subsequent inability to obtain employment for due process protections to be triggered. Doing so would defeat the purpose of requiring due process be provided by public employers before making a charge that might create an unjustified stigma for an employee. That is, to provide an employee with a meaningful due process to refute the charge at a name clearing hearing.

It is well established in the 9th Circuit that the "plus," of the "stigma-plus" test is satisfied when a stigmatizing charge is leveled against an employee in connection with termination of employment.  *Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004):

> As early as 1972, in Board of Regents v. Roth, 408 U.S. 564, 573, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972), the United States Supreme Court established that a terminated employee has a constitutionally based liberty interest in clearing his

name when stigmatizing information regarding the reasons for the termination is publicly disclosed. Failure to provide a "name-clearing" hearing in such a circumstance is a violation of the Fourteenth Amendment's due process clause.

The following decisions from other circuit courts of appeal all draw this same conclusion:

> … *Paul v. Davis* "strongly suggests" that defamation is not by itself a deprivation of a liberty interest unless coupled with the termination of government employment "or deprivation of some other legal right or status."

*Valmonte v. Bane*, 18 F.3d 992, 1000 (2d Cir. 1994) quoting *Neu v. Corcoran*, 869 F.2d 662 (2d Cir. 1989) at 667.

In *Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993), the 5th Circuit held that a liberty interest due process claim is made where defamatory charges were made against a public employee in connection with discharge.

In *Hill v. Borough of Kutztown*, 455 F.3d 225, 238 (3d Cir. 2006), the 3rd Circuit held that:

> The creation and dissemination of a false and defamatory impression is the "stigma," and the termination is the "plus." When such a deprivation occurs, the employee is entitled to a name-clearing hearing.

- 13 -

In *Colaizzi v. Walker*, 542 F.2d 969, 973 (7th Cir. 1976), the 7th Circuit held that, "stigma to reputation accompanied by a failure to rehire (or, a fortiori, by a discharge) states a claim for deprivation of liberty without due process within the meaning of the Fourteenth Amendment."

## IV. CONCLUSION

To maintain uniformity of this Court's decisions regarding procedural due process claims based on liberty interests, Mr. Erwine requests that the panel rehear this case or that the Court rehear the panel's decision *en banc*.

Respectfully submitted this Sunday, March 19, 2023:

By:    *Luke Busby*

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com

## CERTIFICATE OF COMPLIANCE

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc is prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 2818.

Respectfully submitted this Sunday, March 19, 2023:

By: _____*Luke Busby*_____
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED this: Sunday, March 19, 2023:

By: _____*Luke Busby*_____

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com