# Exhibit 4 –
# Petition for a Writ of Certiorari

# Exhibit 4

No. _____

In The

# Supreme Court of the United States

———————— ◆ ————————

MICHAEL ERWINE,

*Petitioner,*

v.

CHURCHILL COUNTY, NEVADA,
CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER,

*Respondents.*

———————— ◆ ————————

**On Petition For A Writ Of Certiorari
To The United States Court Of Appeals
For The Ninth Circuit**

———————— ◆ ————————

**PETITION FOR A WRIT OF CERTIORARI**

———————— ◆ ————————

LUKE BUSBY
*Counsel of Record*
LUKE ANDREW BUSBY, LTD.
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

*Counsel for Petitioner*

COCKLE LEGAL BRIEFS (800) 225-6964
WWW.COCKLELEGALBRIEFS.COM

i

## QUESTION PRESENTED

Conflicting with *Codd v. Velger*, 429 U.S. 624, 628 (1977), that a hearing is required if false and defamatory information is disseminated in connection with the termination of a public employee, the Ninth Circuit concluded in *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013) that to state a viable "stigma-plus" procedural due process claim, a plaintiff must also show "effective exclusion" from a profession, meaning the stigmatizing statements effectively bar her from all employment in her field.

The question presented is:

To state a viable "stigma-plus" claim, must a plaintiff prove as a matter of fact "effective exclusion" from a chosen profession?

ii

## PARTIES TO THE PROCEEDING

Michael Erwine ("Mr. Erwine") was the plaintiff-appellant below.

Churchill County ("the County"), a political subdivision of the State of Nevada, and Churchill County Sheriff Benjamin Trotter were the defendants-appellees below.

## STATEMENT OF RELATED PROCEEDINGS

*Erwine v. Churchill Cty*., No. 3:18-cv-00461-RCJ-WGC, U.S. District Court for the District of Nevada. Judgment entered March 9, 2022.

*Erwine v. Cty. of Churchill*, No. 22-15358, US Court of Appeals for the Ninth Circuit. Judgment entered March 7, 2023.

iii

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................. v

PETITION FOR WRIT OF CERTIORARI ........... 1

OPINIONS BELOW ............................................ 1

JURISDICTION .................................................. 1

CONSTITUTIONAL AND STATUTORY PROVI-
    SIONS INVOLVED ........................................... 2

INTRODUCTION .............................................. 2

STATEMENT OF THE CASE ............................ 4

  I.  FACTS ....................................................... 4

      A.  THE FRAMING AND FIRING OF MR.
           ERWINE .............................................. 4

  II.  PROCEEDINGS BELOW ......................... 9

      A.  THE DISTRICT COURT, CON-
           FOUNDED BY "DISCORD" IN THE
           NINTH CIRCUIT'S CASE LAW SUR-
           ROUNDING PROCEDURAL DUE
           PROCESS CLAIMS, ISSUES SUM-
           MARY JUDGMENT AGAINST MR.
           ERWINE BASED ON *BLANTZ* .......... 9

      B.  *BLANTZ* IS APPLIED TO MR. ERWINE
           AT THE NINTH CIRCUIT ON HIS
           APPEAL .............................................. 10

REASONS FOR GRANTING THE PETITION ... 12

  I.  IN THE NINTH CIRCUIT STIGMA-
      PLUS IS NOT ENOUGH—IN EVERY
      OTHER CIRCUIT, IT IS ........................... 12

iv

TABLE OF CONTENTS—Continued

Page

A. IT IS FIRMLY ESTABLISHED THAT AMERICANS MAY NOT BE SUB-JECT TO OFFICIAL STIGMATIZA-TION WITHOUT DUE PROCESS—EXCEPT IN THE NINTH CIRCUIT ....  12

B. THE NINTH CIRCUIT'S "EFFEC-TIVE EXCLUSION" RULE IN *BLANTZ* VIOLATES STARE DECISIS—AND COMMON SENSE.............................  13

II. *BLANTZ* EFFECTIVELY EXCLUDED EMPLOYMENT RELATED STIGMA-PLUS CLAIMS IN THE NINTH CIRCUIT............  20

CONCLUSION ......................................................  23

APPENDIX

Memorandum, United States Court of Appeals for the Ninth Circuit (Mar. 7, 2023) ................App. 1

Order, United States District Court, District of Nevada (Mar. 9, 2022).....................................App. 6

Judgment, United States District Court, District of Nevada (Mar. 9, 2022).........................App. 34

Order, United States District Court, District of Nevada (Sep. 7, 2021).....................................App. 36

Order, United States Court of Appeals for the Ninth Circuit (Apr. 25, 2023).........................App. 64

Memorandum (Mar. 4, 2022)............................App. 65

v

## TABLE OF AUTHORITIES

Page

CASES

*Bank of Jackson Cty. v. Cherry*, 966 F.2d 1406
(11th Cir. 1992)........................................................14

*Blantz v. California Dep't of Corr. & Rehab., Div.
of Corr. Health Care Servs.*, 727 F.3d 917 (9th
Cir. 2013) ................................2, 3, 9-11, 13-17, 19-22

*Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct.
2701, 33 L. Ed. 2d 548 (1972) ............3, 12, 13, 16-18

*Brady v. Gebbie*, 859 F.2d 1543 (9th Cir. 1988)..........10

*Brandt v. Bd. of Coop. Educ. Servs., Third Super-
visory Dist.*, 820 F.2d 41 (2d Cir. 1987)...................14

*Buxton v. Plant City*, 871 F.2d 1037 (11th Cir.
1989)................................................................13, 19

*Campbell v. District of Columbia*, 126 F. Supp.
3d 141 (D.D.C. 2015) .........................................19, 22

*Codd v. Velger*, 429 U.S. 624 (1977) ...........................12

*Colaizzi v. Walker*, 542 F.2d 969 (7th Cir. 1976) ........18

*Correia v. Jones*, 943 F.3d 845 (8th Cir. 2019) ...........18

*Dennis v. S & S Consol. Rural High Sch. Dist.*,
577 F.2d 338 (5th Cir. 1978)..............................17, 18

*Egge v. Cty. of Santa Clara*, No. 17-cv-02842-
BLF, 2018 U.S. Dist. LEXIS 76984 (N.D. Cal.
May 7, 2018)...........................................................21

*Fowler v. United States*, 633 F.2d 1258 (8th Cir.
1980) ......................................................................14

vi

TABLE OF AUTHORITIES—Continued

Page

*Frazier v. City of Fresno*, No. 1:20-cv-01069-DAD-SAB, 2022 U.S. Dist. LEXIS 70312 (E.D. Cal. Apr. 15, 2022) ....................................................21

*Gillum v City of Kerrville*, 3 F.3d 117 (5th Cir. 1993) .......................................................................17

*Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) ...............................................................17

*Hinkle v. White*, 793 F.3d 764 (7th Cir. 2015)............14

*Howes v. N.M. Dep't of Health*, No. CIV 21-0263 JB/SCY, 2023 U.S. Dist. LEXIS 16010 (D.N.M. Jan. 31, 2023) ........................................................22

*Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404 (6th Cir. 1997)....................................14

*Mathews v. Eldridge*, 424 U.S. 319 (1976).................13

*McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014)......................................................................18

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) ..............................9

*Neu v. Corcoran*, 869 F.2d 662 (2d Cir. 1989)............17

*O'Donnell v. Barry*, 331 U.S. App. D.C. 272, 148 F.3d 1126 (1998)....................................................14

*Osollo v. Darling-Hammond*, No. 2:16-cv-03045-SJO (SHK), 2018 U.S. Dist. LEXIS 105082 (C.D. Cal. Feb. 27, 2018)........................................21

*Paul v. Davis*, 424 U.S. 693 (1976)............ 11, 12, 14, 15

*Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781 (6th Cir. 2016).................18

vii

TABLE OF AUTHORITIES—Continued

Page

*Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)...............13

*Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006)...........................14

*Schwake v. Ariz. Bd. of Regents*, 821 F. App'x 768 (9th Cir. 2020).........................................20

*Sciolino v. City of Newport News, Va.*, 480 F.3d 642 (4th Cir. 2007)...................................17

*Sipes v. United States*, 744 F.2d 1418 (10th Cir. 1984).........................................................14

*Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361 (9th Cir. 1976).................................16

*Tibbetts v. Kulongoski*, 567 F.3d 529 (9th Cir. 2009).......................................................10

*Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392 (3d Cir. 1991) .........................14

*Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994)............17

*Ventetuolo v. Burke*, 596 F.2d 476 (1st Cir. 1979).......14

*Walsh v. Hodge*, 975 F.3d 475 (5th Cir. 2020) ............14

*Watson v. City of Henderson*, No. 2:20-cv-01761-APG-BNW, 2021 U.S. Dist. LEXIS 182001 (D. Nev. Sep. 23, 2021) ..................................22

*Winslow v. FERC*, 587 F.3d 1133 (D.C. Cir. 2009).......22

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971)........12

viii

TABLE OF AUTHORITIES—Continued

Page

*Woodley v. City of Portland*, No. 3:22-cv-423-SI, 2022 U.S. Dist. LEXIS 205972 (D. Or. Nov. 14, 2022) ........................................................................20

*Zhang v. Cty. of Monterey*, 804 F. App'x 454 (9th Cir. 2020) ............................................................20


CONSTITUTIONAL PROVISIONS

U.S. Const. amend. XIV ................... 2, 4, 10, 12, 18, 23

U.S. Const. art. III, § 1 ...............................................23


STATUTES

28 U.S.C. § 1254(1) .....................................................1

42 U.S.C. § 1983 ......................................................2, 9

1

## PETITION FOR WRIT OF CERTIORARI

Michael Erwine respectfully petitions for a writ of certiorari to review the judgment of the Court of Appeals for the Ninth Circuit.

———————◆———————

## OPINIONS BELOW

The March 9, 2022, opinion of the District Court is reported at *Erwine v. Churchill Cty*., No. 3:18-cv-00461-RCJ-WGC, 2022 U.S. Dist. LEXIS 41542 (D. Nev. Mar. 9, 2022) (Pet. App. 6)

The March 7, 2023, unpublished memorandum of the Court of Appeals for the Ninth Circuit is reported at *Erwine v. Cty. of Churchill*, No. 22-15358, 2023 U.S. App. LEXIS 5395 (9th Cir. Mar. 7, 2023). (Pet. App. 1)

———————◆———————

## JURISDICTION

The Ninth Circuit entered judgment on March 7, 2023. Mr. Erwine thereafter filed a timely petition for panel rehearing and/or en banc rehearing, which the court denied on April 25, 2023. *Erwine v. Cty. of Churchill*, No. 22-15358, 2023 U.S. App. LEXIS 10042 (9th Cir. Apr. 25, 2023) Pet. App. 64. This Court has jurisdiction under 28 U.S.C. § 1254(1).

———————◆———————

2

## CONSTITUTIONAL AND
## STATUTORY PROVISIONS INVOLVED

The Due Process Clause of the Fourteenth Amendment provides, "nor shall any state deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV.

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

———————◆———————

## INTRODUCTION

This case raises important questions relating to the viability of any stigma-plus claim by public employees in the Ninth Circuit. Since the decision in *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013) (hereinafter "*Blantz*"), all such claims in the Ninth Circuit have been effectively excluded.

Mr. Erwine's reputation and career as a police officer have been destroyed for having recorded in

3

writing that he was concerned about the way that an inmate was being treated at the Churchill County Jail, in Fallon, Nevada. Erwine simply noted his concerns on his work computer. In response, Churchill County Sheriff Benjamin Trotter destroyed Mr. Erwine's reputation and ability to gain employment as a police officer by lodging career destroying accusations at Erwine, without giving Erwine notice or an opportunity to clear his name before the information was placed into his file and published. Police officers cannot be expected to record or report the misconduct of fellow officers if in response they will lose their jobs and have their reputations destroyed by ambush without protection of their basic due process rights by the federal courts.

The Ninth Circuit's ruling in *Blantz* violates *stare decisis* and has created an effective circuit split. It wrongly requires stigma-plus plaintiffs to prove that they are "effectively excluded" and entirely unemployable in their chosen profession, notwithstanding if they squarely meet the elements of both "stigma" and "plus," as described by every other circuit court of appeals and this Court in the touchstone case *Bd. of Regents v. Roth*, 408 U.S. 564, 566, 92 S. Ct. 2701, 2703 (1972).

Requiring an employee to prove "effective exclusion" after the fact, as a matter of fact, in order to present a viable stigma-plus claim, defeats the purpose of due process. Due process provides an employee with a meaningful opportunity have knowledge of and to refute the charge at a name clearing hearing, before that

4

information may irrevocably ruin the employee's career and reputation.

The Court should grant certiorari to examine whether the Ninth Circuit has set such a rigorous criterion for stigma-plus claims by public employees that it is impossible to satisfy, undermining this Court's previous rulings that recognize stigma-plus procedural due process claims when there is a risk of the government depriving an individual of their professional livelihood in violation of the 14th Amendment's due process protections.

———————◆———————

## STATEMENT OF THE CASE

### I.  FACTS

#### A.  THE FRAMING AND FIRING OF MR. ERWINE

Between December 9, 2015 and October 10, 2016, Churchill County employed Erwine in the capacity of Detention Deputy Sheriff at the Churchill County Jail. Sheriff Trotter constructively discharged Erwine on October 10, 2016.

On Saturday, October 8, 2016 Mr. Andrew Beaulieu was being held in a security cell at the Churchill County Jail for punching a slot machine at a casino in Fallon, Nevada. The security cell was padded and had no sink or toilet, just a drain on the floor. By the time Erwine came on shift, Beaulieu had been in the security cell and requesting water and medical attention for hours. When Erwine approached Beaulieu, he was

5

informed by Beaulieu and later confirmed during review of surveillance footage that every time Beaulieu would make a request, the grave shift deputy would flush the drain in Beaulieu's cell making Beaulieu's request inaudible over the flushing noise. Erwine gave Beaulieu water and medical attention for his hand and then wrote what he heard and observed on a document on his computer, so that he could discuss the treatment of Beaulieu with his supervisor at a later time.

The next day, Sunday, October 9, 2016, during Erwine's dayshift, Churchill County Deputy Jabines had dropped a container of miscellaneous tools and other items inside of a booking cage. Included in these items were screwdrivers and other sharp instruments. Deputy Jabines asked an inmate, Matthew Maes, to come into the booking cage with her and Erwine and pick up the tools. Erwine felt that bringing in an inmate to pick up the sharp instruments created a dangerous situation for everyone involved, i.e. to have an inmate come into the booking cage to pick up items which could be easily used as weapons. When Maes came into the cage, Erwine positioned himself between Maes and the control panel of the facility. Erwine was in an uncomfortable position with Maes being only a few feet away from Erwine and backed into a corner. Erwine removed his taser from its holster and held it in his hand with the taser pointed to the ground. Erwine removed the cartridge from the taser due to the close proximity of inmate Maes to both Erwine and Deputy Jabines, who was also in the case. Maes cleaned up the items and left the cage without incident.

6

On October 10, 2016, Erwine was called into a
meeting with Sheriff Trotter and was told that he
would either resign, keep his vacation and sick pay, or
he would be fired, and would receive nothing. Unbe-
knownst to Erwine, after firing Erwine Sheriff Trotter
placed a memorandum in Erwine's employee file that
contained stigmatizing statements about the incidents
with Beaulieu and Maes, dated October 10, 2016. The
memorandum contains false allegations about the
Beaulieu incident, that Erwine was encouraging Beau-
lieu to sue Churchill County, and concluded that Er-
wine engaged in "unprofessional behavior," that he
created liability for Churchill County, that he discred-
its Churchill County and the entire profession of law
enforcement, that Erwine violated "behavior stand-
ards," and that Erwine's behavior was "extremely dis-
turbing and disappointing." (Pet. App. 65). Trotter also
accused Erwine of misconduct related to the incident
with Mr. Maes. Trotter alleged that Erwine engaged in
"conduct unbecoming a deputy" and an "unjustifiable
use of force" against Maes. *Id.*

According to Beaulieu, Erwine did nothing to en-
courage Beaulieu to file a lawsuit against Churchill
County. Matthew Maes, Erwine's supposed victim of
the use of force incident referred to in Sheriff Trotter's
October 16, 2016, Memorandum, testified that the idea
that Erwine used excessive force on him was untrue,
and that "it never happened." When shown Sheriff
Trotter's Memorandum describing Deputy Jabines' ac-
count of what happened in the case with Erwine, Maes
stated that it appeared to him that Jabines may be

7

trying to set up Erwine because Jabines' description of what happened was so inaccurate. Maes also testified that Jabines told him that Erwine was fired because he was a rat.

In responses to requests for admission Churchill County admitted the following facts surrounding Erwine's termination: Erwine was provided with no written notice that he had been accused of misconduct before Erwine executed a letter of separation on October 10, 2016; Erwine was not afforded a hearing before Erwine executed a letter of separation on October 10, 2016; Sheriff Trotter authored the October 10, 2016 Memorandum; Sheriff Trotter placed the October 10, 2016 Memorandum into Erwine's personnel file; The October 10, 2016 Memorandum was not provided to Erwine before the letter of separation was executed by Erwine; and the October 10, 2016 Memorandum was never shown to Erwine before it was placed in his personnel file.

After Erwine's discharge from the Churchill County Sheriff's Office, Erwine tried to get another job as a police officer. He was rejected for employment by multiple police agencies for failing to pass background investigations.

For example, on January 17, 2017, Erwine received a letter from the Washoe County Sheriff informing him that, " . . . the Sheriff's Office has determined that you do not meet the established standards for a position as Deputy Sheriff and therefore you have not been selected at this time." Churchill County admitted

8

that the October 10, 2016 Memorandum, in addition to Erwine's entire personnel file, was shared with the Washoe County Sheriff's Office.

Erwine also sought a job as a police officer at the Las Vegas Metropolitan Police Department ("LVMPD"). Erwine's background investigation file from LVMPD contains a note from the investigator Scott Olsen indicating that Olsen had a telephone conversation with Sheriff Trotter regarding Erwine's employment with Churchill County. Sheriff Trotter indicated to Olsen that Erwine was terminated because he initiated an unauthorized investigation that was beyond his duties and that Erwine was sympathetic to an inmate who was looking to file a lawsuit against Churchill County—reiterating the gist of the false claim in the October 10, 2016 Memorandum. Olsen concludes his notes by stating that Erwine's actions make him unsuitable for employment with LVMPD, referring to what Sheriff Trotter said.

On February 7, 2017, Erwine received an email from Las Vegas Metropolitan Police in response to his application informing him, " . . . based on review of your background history, you will no longer be considered for the position(s) of Police Recruit C 16-001 November with the Las Vegas Metropolitan Police Department. Candidate does not meet LVMPD hiring standards based on Employment History" and "You are not eligible to apply with LVMPD for any position indefinitely."

9

Prior to leaving Churchill County, Erwine had never failed a background investigation or been denied a law enforcement position because of background related issues.

Erwine requested and received a copy of his employee file from Churchill County on April 13, 2018, and first became aware of the existence of Trotter's memorandum and was shocked to discover the false allegations leveled against him for the first time so long after he left employment there.

## II.   PROCEEDINGS BELOW

### A.   THE DISTRICT COURT, CONFOUNDED BY "DISCORD" IN THE NINTH CIRCUIT'S CASE LAW SURROUNDING PROCEDURAL DUE PROCESS CLAIMS, ISSUES SUMMARY JUDGMENT AGAINST MR. ERWINE BASED ON *BLANTZ*

Mr. Erwine filed two federal claims, a procedural due process liberty interest claim against Sheriff Trotter under 42 U.S.C. § 1983, and a derivative claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Churchill County on the same grounds.

On March 9, 2022, the District Court granted summary judgment against Mr. Erwine on his federal law causes of action.

The District Court noted:

There is some discord in caselaw regarding the required criteria that constitute a

10

sufficiently stigmatizing statement. There is a line of cases in which statements that "impair[ ] a reputation for honesty or morality" are found to be sufficient in themselves. E.g., *Tibbetts v. Kulongoski*, 567 F.3d 529, 535-36 (9th Cir. 2009) (quoting *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1988)). However, in *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013), the Circuit stated: '[T]he liberty interests protected by the Fourteenth Amendment are implicated only when the government's stigmatizing statements effectively exclude the employee completely from her chosen profession. Stigmatizing statements that merely cause "reduced economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession" do not constitute a deprivation of liberty.

Pet. App. 19

The District Court held that " . . . *Blantz* is the appropriate standard for this case and that no reasonable juror could find that Plaintiff was effectively excluded from employment in his chosen profession." Pet. App. 31.

## B. *BLANTZ* IS APPLIED TO MR. ERWINE AT THE NINTH CIRCUIT ON HIS APPEAL

Mr. Erwine appealed the District Court's rulings to the Ninth Circuit. In a March 7, 2023 Memorandum

opinion, the Ninth Circuit held that, "[T]o state a viable "stigma-plus" due process claim, Erwine must show that the allegedly stigmatizing statements in the Trotter Memorandum were the cause of his loss of employment opportunities in his chosen profession as a law enforcement officer." Pet. App. 2. The Ninth Circuit further held that, "Erwine has failed to put forth evidence showing that the Trotter Memorandum was the cause of his inability to find employment as a police officer in the State of Nevada—outside of the tribal police force—after his resignation." Pet. App. 2.

The Ninth Circuit noted that this Court has clarified that stigma to reputation alone without "more tangible interests such as employment" is insufficient "to invoke the procedural protection of the Due Process Clause," citing *Paul v. Davis*, 424 U.S. 693, 701 (1976). *Id.* Applying *Blantz*, the Ninth Circuit held that "[s]tigmatizing statements that merely cause 'reduced economic returns and diminished prestige . . . ' do not constitute a deprivation of liberty." *Id*. at 3-4.

Mr. Erwine then petitioned the Ninth Circuit for panel rehearing or en banc rehearing, which was denied on April 25, 2023. Pet. App. 64.

12

**REASONS FOR GRANTING THE PETITION**

**I.   IN THE NINTH CIRCUIT STIGMA-PLUS IS NOT ENOUGH—IN EVERY OTHER CIRCUIT, IT IS**

**A. IT IS FIRMLY ESTABLISHED THAT AMERICANS MAY NOT BE SUBJECT TO OFFICIAL STIGMATIZATION WITHOUT DUE PROCESS—EXCEPT IN THE NINTH CIRCUIT.**

For two generations, American law has expressly protected public employees' liberty interest in being free from official stigmatization without basic due process. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). Basic procedural due process must be provided where a charge that an employee is dishonest or immoral is made in connection with termination. *Bd. of Regents v. Roth*, 408 U.S. 564, 566 (1972).

In 1976, this Court held that reputational harm alone does not trigger a right to procedural due process, but if coupled with a concurrent loss of employment, the 14th Amendment requires a "name clearing" hearing under the "stigma-plus" doctrine. *Paul v. Davis*, 424 U.S. 693, 712 (1976). One year later, in *Codd v. Velger*, 429 U.S. 624, 628 (1977), this Court unequivocally held that a hearing is required if false and defamatory information is disseminated in connection with the termination of a public employee.

13

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Since the information within an employee's file can be examined years after it is initially stored, the act of filing the information serves as its official publication for the purpose of ensuring the employee's right to due process. "Protection of the due process name clearing right cannot be effectively afforded any other way." *Buxton v. Plant City*, 871 F.2d 1037, 1045 (11th Cir. 1989).

### B. THE NINTH CIRCUIT'S "EFFECTIVE EXCLUSION" RULE IN *BLANTZ* VIOLATES STARE DECISIS—AND COMMON SENSE

Stare decisis enhances the fairness and reliability of the judicial process and " 'permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact.' " *Ramos v. Louisiana*, 140 S. Ct. 1390, 1411 (2020) (Kavanaugh, J., concurring).

The "effectively exclude" language in *Blantz* is an artifact of Ninth Circuit law only, as every other circuit court utilizes less stringent requirements for making a stigma-plus claim that flow directly from language in *Bd. of Regents v. Roth*, 408 U.S. at 573, holding that any charge "that might seriously damage standing and

14

association in the community" or impose stigma or other disability that forecloses freedom to take advantage of other employment opportunities implicates protected liberty interests. See *Ventetuolo v. Burke*, 596 F.2d 476, 482-83 (1st Cir. 1979), *Brandt v. Bd. of Coop. Educ. Servs., Third Supervisory Dist.*, 820 F.2d 41, 43 (2d Cir. 1987), *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1396 (3d Cir. 1991), *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 307 (4th Cir. 2006), *Walsh v. Hodge*, 975 F.3d 475, 483 (5th Cir. 2020), *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997) ("An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with an employee's termination"), *Hinkle v. White*, 793 F.3d 764, 769 (7th Cir. 2015), *Fowler v. United States*, 633 F.2d 1258, 1262 (8th Cir. 1980), *Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir. 1984), *Bank of Jackson Cty. v. Cherry*, 966 F.2d 1406 (11th Cir. 1992), and *O'Donnell v. Barry*, 331 U.S. App. D.C. 272, 148 F.3d 1126, 1140 (1998).

The *Blantz* standard creates a consequentialist approach to addressing stigma-plus claims in the employment context where no other circuit court or this Court has done the same. The Ninth Circuit ruled that Mr. Erwine, as matter of law, may only pursue a "stigma-plus" claim if Mr. Erwine shows a causal relationship between his inability to secure a job and the stigmatizing statements at issue, citing *Paul v. Davis*, 424 U.S. at 701. Pet. App. 2. The standard described in *Paul v. Davis* is much less stringent than as described

15

by the Ninth Circuit, and only requires a "tangible loss" coupled with defamation of a public employee to state a claim. 424 U.S. at 701. Here, Erwine's "tangible loss," that triggers procedural due process protections was losing his job at Churchill County coupled with Sheriff Trotter's accusations involving Erwine's reputation for honesty or morality.

Earlier in this case and before granting summary judgment against Mr. Erwine, when Mr. Erwine moved for summary judgment on his claims, the District Court issued an Order on September 7, 2021 in which it denied summary judgment in Mr. Erwine's favor and found that: "At least some of the statements in the memo are more than mere accusations of incompetence and go towards morality." Pet. App. 55.

Six months later, on March 9, 2022, the District Court issued the Order subject to review by this Court in which the District Court ruled that " . . . no reasonable juror could conclude that the statements of Defendants impugned Plaintiff's character for honesty and morality." Pet. App. 31. The District Court explained this discrepancy in its Order in footnote 9 and explained that its assessment of the facts in the case differed in the two orders because of the standards at issue. Pet. App. 29.

Prior to issuance of the decision in *Blantz* in 2013, Ninth Circuit case law did not require a terminated public employee to also show that stigmatizing statements are the cause of a subsequent inability to obtain employment for due process protections to be

16

triggered. The ruling in *Blantz* using the "effective exclusion" language cites to the Ninth Circuit's holding in *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361 (9th Cir. 1976) at 925. Before *Blantz*, the Ninth Circuit concluded in *Stretten v. Wadsworth* that the decision about whether a statement is stigmatizing should be drawn on the basis of the nature of the charge used as a grounds for termination and not the actual consequences of the charge. The "effectively exclude" language articulated in *Blantz* is construed by the Ninth Circuit to require a plaintiff to also show actual and complete exclusion from a field of employment is such an extreme aberration from historical notions surrounding due process that this Court should examine it.

In contrast to *Blantz*, the following decisions made by the other circuit courts of appeals are consistent with the holding in *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). These decisions establish that when an employee is terminated and stigmatizing information regarding the reasons for the termination is publicly disclosed, the terminated employee possesses a constitutionally protected liberty interest in clearing their name. Moreover, these decisions assert that the failure to provide a "name-clearing" hearing in such a situation constitutes a violation of the due process clause. No other circuit court of appeal imposes an additional requirement to show "effective exclusion" as required in the Ninth Circuit.

17

"[D]efamation is not by itself a deprivation of a liberty interest unless coupled with the termination of government employment . . . " *Valmonte v. Bane*, 18 F.3d 992, 1000 (2d Cir. 1994) quoting *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir. 1989).

In *Hill v. Borough of Kutztown*, 455 F.3d 225, 238 (3d Cir. 2006), the Third Circuit held: "The creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination is the 'plus.' When such a deprivation occurs, the employee is entitled to a name-clearing hearing."

In *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007), the Fourth Circuit held that to state a valid stigma-plus claim a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false.

In *Gillum v City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993), the Fifth Circuit held that a liberty interest due process claim is made where defamatory charges were made against a public employee in connection with discharge.

In *Dennis v. S & S Consol. Rural High Sch. Dist.*, 577 F.2d 338, 343 (5th Cir. 1978), the Fifth Circuit concluded, inapposite of *Blantz*, that an additional element requiring foreclosure of all employment opportunities does not follow from this Court's decision in *Roth*: "Although the Court in *Roth* stated that a liberty interest might be implicated where the stigma inflicted

18

upon an employee 'foreclosed his freedom to take advantage of other employment opportunities,' 408 U.S. at 573, 92 S. Ct. at 2707, it never intimated that such foreclosure was an indispensable element in demonstrating a liberty interest." *Id.* quoting *Bd. of Regents v. Roth*, 408 U.S. at 573.

In *Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781, 787 (6th Cir. 2016), the Sixth Circuit held that a constitutional injury occurs when a plaintiff loses their job in connection with a stigmatizing statement without due process of law—no subsequent deprivation is required to give rise to a claim.

In *Colaizzi v. Walker*, 542 F.2d 969, 973 (7th Cir. 1976), the Seventh Circuit held: "stigma to reputation accompanied by a failure to rehire (or, a fortiori, by a discharge) states a claim for deprivation of liberty without due process within the meaning of the Fourteenth Amendment."

In *Correia v. Jones*, 943 F.3d 845, 848 (8th Cir. 2019), the Eighth Circuit held the right to a name-clearing hearing is triggered where a "public employer makes stigmatizing allegations, in connection with the employee's discharge, in any official or intentional manner."

In *McDonald v. Wise*, 769 F.3d 1202, 1214 (10th Cir. 2014), the Tenth Circuit held the plaintiff was deprived of a liberty interest in their good name and reputation without due process when a city made public the fact that they were terminated for serious

19

misconduct without affording the plaintiff an opportunity to clear their name.

In *Buxton v. Plant City*, 871 F.2d 1037, 1038 (11th Cir. 1989), the Eleventh Circuit held that placing stigmatizing information in a public employee's personnel file constitutes publication sufficient to implicate liberty interests requiring protection through procedural due process of law proceedings.

In *Campbell v. District of Columbia*, 436 U.S. App. D.C. 339, 348, 894 F.3d 281, 290 (2018), The D.C. Circuit held that if stigmatizing statements have the broad effect of precluding a plaintiff from their chosen career, they are sufficient to prove a stigma-plus claim.

The requirement in *Blantz* for a stigma-plus plaintiff to show effective exclusion defies common sense for varying reasons: (1) Demonstrating that one has been effectively barred from all employment in their field requires proving a negative—that no opportunities exist—which is practically impossible; (2) Stigmatizing actions by the government might not result in total exclusion from a field for reasons completely unrelated to the statements, as in Mr. Erwine's case, where he was able to get a job with a tribal agency that could not access his employment file from Churchill County; (3) The full impact of stigmatizing statements might not be immediate. The individual might initially find work, but over time, as stigmatizing information spreads, opportunities may cease to exist; and (4) It permits the government to make damaging statements and accusations without facing due process consequences

20

unless the victim can demonstrate complete professional ruin, and by then, its too late for due process to accomplish anything.

## II. *BLANTZ* EFFECTIVELY EXCLUDED EM-PLOYMENT RELATED STIGMA-PLUS CLAIMS IN THE NINTH CIRCUIT

In each case which relies on the relevant holding in *Blantz*, requiring a showing of effective exclusion, the same pattern emerges, i.e. a Plaintiff's claim fails because they cannot show that the stigmatizing statements at issue "effectively exclude" the plaintiff from an entire field of employment.

In *Zhang v. Cty. of Monterey*, 804 F. App'x 454, 456 (9th Cir. 2020) the Ninth Circuit affirmed summary judgment citing *Blantz* since the plaintiff was able to find work in her field four months after her termination.

In *Schwake v. Ariz. Bd. of Regents*, 821 F. App'x 768, 770-71 (9th Cir. 2020) the Ninth Circuit affirmed dismissal citing *Blantz* holding that a plaintiff failed to show that any stigmatizing statements that university officials made about him effectively excluded him completely from his chosen profession.

In *Woodley v. City of Portland*, No. 3:22-cv-423-SI, 2022 U.S. Dist. LEXIS 205972, at *12-13 (D. Or. Nov. 14, 2022) (the District Court described the standard in *Blantz* requiring a showing that a plaintiff is

21

completely foreclosed from all employment in the relevant field as "demanding" and dismissed).

In *Osollo v. Darling-Hammond*, No. 2:16-cv-03045-SJO (SHK), 2018 U.S. Dist. LEXIS 105082, at *55-56 (C.D. Cal. Feb. 27, 2018), the District Court determined that despite the plaintiff being terminated based on publicly disclosed accusations of sexual misconduct, the plaintiff did not satisfy the standard established in the *Blantz* case.

In *Egge v. Cty. of Santa Clara*, No. 17-cv-02842-BLF, 2018 U.S. Dist. LEXIS 76984, at *13-14 (N.D. Cal. May 7, 2018), a physician was terminated and subsequently defamed after she complained that her supervisor failed to report a child abuse case which resulted in the death of the child. The District Court ruled that because the physician was able to gain part time employment in another part of the state, she could not show, " . . . that she is effectively barred from all employment in her field, only employment in her preferred geographic locale." *Id.*

In *Frazier v. City of Fresno*, No. 1:20-cv-01069-DAD-SAB, 2022 U.S. Dist. LEXIS 70312, at *24 (E.D. Cal. Apr. 15, 2022), the District Court rejected the plaintiff's liberty interest claim under *Blantz*, ruling that government-issued stigmatizing statements only impact liberty interests if they completely prevent the plaintiff from working in their field.

Since issuance of the *Blantz* decision in 2013, the undersigned counsel has been unable to find a single case in the Ninth Circuit where a public employee's

22

stigma-plus due process claim survived dismissal or summary judgment where the "effective exclusion" analysis was conducted by the Court. In *Watson v. City of Henderson*, No. 2:20-cv-01761-APG-BNW, 2021 U.S. Dist. LEXIS 182001, at *34 (D. Nev. Sep. 23, 2021), a plaintiff's claim did not pass the "effectively exclude" test, but the plaintiff was granted leave to amend to identify the purported stigmatizing statements. The only two cases that cite or mention *Blantz* that the undersigned counsel located did survive summary judgment or dismissal are outside of the Ninth Circuit: In *Campbell v. District of Columbia*, 126 F. Supp. 3d 141, 154-55 (D.D.C. 2015) the district court cited *Blantz* but held that because the plaintiff proffered evidence that as a result of the circumstances of her termination she was unable to secure employment for a two year period she created a genuine issue of material fact as to her deprivation of her liberty interest. In *Howes v. N.M. Dep't of Health*, No. CIV 21-0263 JB/SCY, 2023 U.S. Dist. LEXIS 16010, at *216 n.47 (D.N.M. Jan. 31, 2023), the District Court recognized the standard in *Blantz* as "stricter" and concluded that without further guidance from the Supreme Court or the Tenth Circuit requiring "permanent exclusion" from future employment opportunities, the Court was unwilling to apply the *Blantz* standard of permanent foreclosure.

In creating the "demanding standard" in *Blantz*, the Ninth Circuit undermined this Court's rulings related to stigma-plus claims, violating stare decisis. See *Winslow v. FERC*, 587 F.3d 1133, 1135 (D.C. Cir. 2009): "Vertical stare decisis—both in letter and in

23

spirit—is a critical aspect of our hierarchical Judiciary headed by 'one supreme Court.'" (quoting U.S. Const. art. III, § 1). Further, the Ninth Circuit's standard in *Blantz* operates to create manifest 14th Amendment violations in the Ninth Circuit, as illustrated in the cases cited above, by removing any consequences associated with a denial of procedural due process lest a stigma-plus plaintiff prove the impossible—that every conceivable employer has rejected the plaintiff from employment in their chosen field.

———————◆———————

## CONCLUSION

A circuit court of appeals may not obliterate an entire category of constitutional claim established by this Court by creating an additional and impossible to meet standard—and this is precisely what occurred here. This Court should grant certiorari to provide clarity and consistency in the application of this important area of Constitutional law.

Respectfully submitted,

LUKE BUSBY
*Counsel of Record*
LUKE ANDREW BUSBY, LTD.
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

*Counsel for Petitioner*

JUNE 2023.