Katherine F. Parks, Esq.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendants
CHURCHILL COUNTY and BENJAMIN TROTTER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERWINE,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X inclusive,<br><br>         Defendants. | Case No.:  3:24-cv-00045-MMD-CSD<br><br><br>**CHURCHILL COUNTY AND BEN TROTTER'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SURREPLY TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS [Doc. #28]** |

COME NOW, Defendants CHURCHILL COUNTY and BENJAMIN TROTTER, by and through their attorneys, Thorndal Armstrong, PC, and pursuant to Local Rule 7-2(b), hereby file their opposition to Plaintiff's Motion to File Surreply to Defendants' Motion to Dismiss (Doc. No. 28).  There are no legitimate grounds for granting the Plaintiff's motion in this regard, as the Defendants did not raise any new matters or present any new evidence in their reply brief (Doc. No. 26).  Rather, the arguments set forth in Defendants' reply were directly responsive to the arguments raised in Plaintiff's opposition to Defendants' Motion to Dismiss.  As such, the Plaintiff's Motion should be denied.

# I

## LEGAL ANALYSIS

### A.    PLAINTIFF SHOULD BE DENIED LEAVE TO FILE A SUR-REPLY TO CHURCHILL COUNTY AND BEN TROTTER'S MOTION TO DISMISS.

Local Rule 7-2(b) allows a motion, a response, and a reply. "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." *See, Tesla Inc. v. Tripp,* 487 F. Supp.3d 953 (D. Nev. 2020). "Because surreplies are discouraged, '[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed.'" *Id.* at 969 (internal citation omitted). Here, the Defendants presented no new evidence or new matters in their reply in support of their Motion to Dismiss which would warrant granting Plaintiff leave to file a sur-reply under the circumstances. To the contrary, the Defendants simply responded to the arguments raised by Plaintiff in his opposition to the Defendants' dispositive motion. There are no grounds to permit Plaintiff to file a sur-reply here nor did the Defendants offer any new evidence whatsoever which would justify the Plaintiff's request that the Court refuse to consider any matters set forth in the Defendants' reply. Accordingly, Plaintiff's motion to file a sur-reply should be denied, as should Plaintiff's alternative request that the Court disregard any matters set forth in Defendants' reply brief.

As the Court is aware, the Defendants' Motion to Dismiss (Doc. No. 18) is based primarily upon the doctrine of res judicata. As set forth in the Defendants' Motion, the allegation that Benjamin Trotter and Churchill County violated the Plaintiff's liberty interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution has already been litigated to conclusion in Case No. 3:18-cv-00461. Despite this fact, Erwine has filed the identical legal claims in the instant case as were fully litigated to conclusion in the prior case. In addition to the fact that res judicata bars Plaintiff's liberty interest claims, and as set forth in Defendants' Motion to Dismiss, these federal claims are further barred by the two-year statute of limitations applicable to same. In connection with their Motion to Dismiss, the Defendants pointed out in their argument that the claims brought against Churchill County and Ben Trotter in this case are based upon the **identical** facts as were set forth in Case No. 3:18-cv-

1   00461, in which the Ninth Circuit Court of Appeals held that the County and Trotter did not

2   violate the Plaintiff's constitutional rights under the Fourteenth Amendment.

3         In connection with their legal arguments, the Defendants pointed out that Plaintiff has

4   alleged no new factual allegations in his new Complaint in terms of the alleged conduct of Ben

5   Trotter and/or Churchill County.

6         Plaintiff was certainly at liberty to dispute the Defendants' argument that no new facts

7   have been presented in his new Complaint which would suggest that Ben Trotter and/or

8   Churchill County engaged in any new actions towards him which were not otherwise litigated in

9   the prior case. He did not do so. In their reply brief, Defendants pointed out the failure of

10  Plaintiff to have alleged any new conduct on the part of Trotter and/or Churchill County in his

11  opposition and discussed the implications of that failure to the Plaintiff's claims in this case. The

12  Defendants did not offer any new evidence in this regard and simply pointed out the failure of

13  Plaintiff to have stated claims, from the face of his new Complaint, upon which relief may be

14  granted or to have offered any such evidence in his opposition.

15        Defendants' citation to the Ninth Circuit's recent holding in *Chaudhry v. Aragon,* 68 F.4th

16  1161 (9th Cir. 2023), and the legal arguments related to same, were made in direct response to the

17  argument raised by Plaintiff in his opposition to the effect that a hypothetical question posed by

18  Judge Jacqueline Nguyen during oral arguments in the prior case might somehow allow Plaintiff

19  to avoid dismissal of his new case for failure to state a claim upon which relief may be granted.

20  Defendants presented no new evidence or new matters in their reply in this regard which would

21  justify allowing Plaintiff to file a sur-reply or granting his request that the Court disregard any

22  arguments made by the Defendants in same. Further, Defendants' reference to certain factual

23  allegations made by Plaintiff in his Complaint, such as those pertaining to Plaintiff's own

24  dissemination of the Trotter memorandum to law enforcement agencies across the country, were

25  made in direct response to the arguments offered by Plaintiff in his opposition to the Defendants'

26  Motion to Dismiss. The Defendants raised no new evidence or matters in their reply but, rather,

27  directly responded to the arguments raised by Plaintiff in his opposition.

28

## II

## CONCLUSION

In their Motion to Dismiss, the Defendants set forth the reasons why Plaintiff's Complaint in this case fails to state a claim for relief against them upon which relief may be granted.  Plaintiff failed to identify any new conduct on the part of Churchill County or Ben Trotter which was not fully litigated to conclusion and through final judgment in the prior case. Defendants presented no new evidence in their reply brief and, instead, directly addressed the arguments raised by Plaintiff in his opposition.  As such, there are no grounds upon which Plaintiff should be granted leave to file a sur-reply and certainly no grounds to argue that the Court should disregard any of the arguments made by the Defendants in their Reply Memorandum of Points and Authorities in support of their Motion to Dismiss.

Accordingly, Churchill County and Ben Trotter respectfully request that Plaintiff's Motion for leave to file a sur-reply (Doc. No. 28) be denied.

DATED this 21st day of March, 2024.

THORNDAL ARMSTRONG, PC


By: _/s/ Katherine Parks_
KATHERINE F. PARKS, ESQ.
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorneys for Defendants
CHURCHILL COUNTY and
BENJAMIN TROTTER

- 4 -

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing **CHURCHILL COUNTY AND BEN TROTTER'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SURREPLY TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS**  to be served on all parties to this action by:

_____  placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__X__  United States District Court CM/ECF system

_____  personal delivery

_____  electronic means (fax, electronic mail, etc.)

_____  Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Ave., #82**
**Reno, NV 89509**
***Attorney for Plaintiff***

**Paul A. Cardinale, Esq.**
**Melanie Bernstein Chapman, Esq.**
**Cardinale Fayard, APLC**
**3800 Watt Ave., Suite 245**
**Sacramento, CA  95821**

**Southern Nevada Office:**
**2460 Professional Court, Suite 110**
**Las Vegas, NV  89128**
**Attorneys for Defendants**
**Zachary Westbrook, John Leonard, and Michel Hall**

DATED this 21st day of March, 2024.

_____
/s/ Laura Bautista
An employee of Thorndal Armstrong, PC

- 5 -