UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL ERWINE,

    Plaintiff

v.

UNITED STATES OF AMERICA, et al.,

    Defendants

Case No.: 3:24-cv-00045-MMD-CSD

**Order**

Before the court is the motion to stay discovery pending resolution of the motion to dismiss filed by defendants Churchill County and Benjamin Trotter. (ECF Nos. 19, 19-1 to 19-4.) Plaintiff Erwine filed a response. (ECF Nos. 23, 23-1 to 23-5.) Churchill County and Trotter filed a reply brief. (ECF No. 25.)

For the reasons set forth below, the motion to stay discovery pending resolution of the motion to dismiss is granted.

## I. BACKGROUND

In September 2018, Erwine filed a lawsuit against Churchill County and Trotter, case 3:18-cv-00461-RCJ-WGC. Erwine asserted claims for violation of his due process rights against Churchill County Sheriff Trotter and a corresponding *Monell* claim for municipal liability against Churchill County, as well State law claims for defamation, defamation *per se*, tortious discharge and intentional interference with prospective employment. Erwine alleged that he was wrongfully forced to resign his employment with the Churchill County Sheriff's Office (CCSO), and that Trotter made false and stigmatizing comments in a memorandum that was placed in Erwine's personnel file (the Trotter Memorandum). He asserted that the Trotter Memorandum

was disclosed to other law enforcement agencies, and as a result he was unable to obtain employment in his chosen field. (ECF No. 18-8, .)[1]

Erwine claimed that he was rejected outright from various law enforcement agencies in 2017 (Washoe County Sheriff's Office, Las Vegas Metropolitan Police Department, Carson City Department of Alternative Sentencing, Douglas County Sheriff, Nevada Department of Safety and the Reno Police Department). He was subsequently able to gain employment as a police officer with the Pyramid Lake Paiute Tribe in January 2018, but he was terminated in April 2018. In 2019, he was employed as a police officer by the Washoe Tribe of Nevada and California. Erwine asserted that he was hired by the Washoe Tribe despite having been forced to resign from the CCSO stating that he "basically provided them with the story of the events that took place during [his] employment, what [he] was accused of in the memorandum and then the affidavits and the story of the people involved in that." (ECF No. 19-1.)

Churchill County and Trotter moved for summary judgment on the federal law claim that they violated Erwine's due process rights by terminating his employment and issuing the alleged stigmatizing statement that hampered his ability to work in his chosen profession. District Judge Jones granted the motion on March 9, 2022. Judge Jones concluded Erwine failed to proffer evidence to raise a triable issue of fact that the interruptions in his employment were caused by the alleged stigmatizing statements in the Trotter Memorandum: "Plaintiff needs to show that it was the alleged stigmatizing statements from Defendants that caused his difficulties in acquiring other employment in his chosen profession—not being forced to resign from the CCSO, not his criminal record, not lack of experience, or any other aspect that potential employers would

---

[1] Erwine also included a due process claim based on an alleged property interest (as opposed to a liberty interest), but that claim was dismissed by stipulation. (ECF Nos. 113, 114.)

consider." Judge Jones went on to state: "In light of the fact that Plaintiff had similar struggles before working with the CCSO and that he was able to file successful applications with two tribal police agencies, the Court concludes that no reasonable juror could find that Defendants deprived Plaintiff of a protected liberty interest by effectively excluding him from his chosen profession." Judge Jones concluded that "Plaintiff's evidence that two agencies received a statement from Defendants that allegedly stigmatized Plaintiff fails to create a triable issue of fact that would depart from this conclusion." (ECF No. 19-1.)

Erwine appealed Judge Jones' decision, and on March 7, 2023, the Ninth Circuit affirmed. The Ninth Circuit agreed with Judge Jones that Erwine failed to show a causal relationship between his inability to secure a job and the Trotter Memorandum. (ECF No. 19-2.)

Erwine filed a petition for panel rehearing and rehearing en banc, which was unanimously denied by the Ninth Circuit on April 25, 2023. (ECF No. 19-3.) Erwine then filed a petition for writ of certiorari, which was denied by the United States Supreme Court on October 2, 2023. (ECF No. 19-4.) The Ninth Circuit issued its mandate on October 5, 2023. (ECF No. 19-5.)

Less than four months later, on January 25, 2024, Erwine filed the complaint in this action, 3:24-cv-00045-MMD-CSD. Once again, he names Churchill County and (former) Churchill County Sheriff Trotter. This lawsuit also includes the United States, Zachary Westbrook, Jon Leonard, Michel Hall, and Gene Burk as defendants in connection with new allegations related to his termination from the Washoe Tribe. The allegations against Churchill County and Trotter largely mirror those of the prior action. Erwine includes new allegations that after his employment with the Pyramid Lake Paiute Tribe, he was able to gain employment with the Washoe Tribe of Nevada and California. Erwine avers that he was terminated from the

3

Washoe Tribe after an employee became aware of the circumstances surrounding his termination from the Churchill County Sheriff's Office, but his firing was done under the guise of a violation of an individual's civil rights and lying during an investigation which "irrevocabl[y] dam[ned] his ability to get a job in any field." (*Id*.)

After he was terminated from the Washoe Tribe, Erwine claims that he applied to a multitude of law enforcement positions both within Nevada, in other states, and at the federal level (both directly and as a federal contractor). Erwine sent the Trotter Memorandum to many of those to which he was applying. He received varying responses: he would likely be disqualified, he was disqualified from applying, he did not meet minimum qualifications or standards, he was ineligible to apply for some positions to which he had previously applied, and he was terminated from one position after a background investigation was completed. (*Id*. at 23-29.)

Once again, Erwine sues Trotter and Churchill County (under *Monell*) for violation of his due process rights under the United States Constitution, alleging that Trotter's false and stigmatizing statements were publicly disclosed and have effectively excluded him from his chosen profession. (*Id*. at 31-34.) Like the first lawsuit, he also sues Churchill County and Trotter for the State law claims of defamation, defamation *per se*, and intentional interference with prospective employment. (*Id*. at 40-47.)

On February 15, 2024, Churchill County and Trotter filed a motion to dismiss Erwine's complaint with prejudice based on res judicata and statute of limitations grounds. The motion also seeks sanctions under Rule 11. (ECF No. 18.) They contemporaneously filed this motion to stay discovery pending resolution of their motion to dismiss. (ECF No. 19.)

///

///

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Courts within the District of Nevada looked at three factors in determining whether to stay discovery pending resolution of a potentially dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id.* (citation omitted).

First, there is no question that the pending motion is potentially dispositive as to Trotter and Churchill County. Second, the motion is fully briefed and pending before Chief District Judge Du. Therefore, no additional discovery needs to be conducted before there can be a resolution of the motion to dismiss. Finally, the court has taken a "preliminary peek" at the motion to dismiss, and the court is convinced the motion may be successful in achieving dismissal of the Erwine's claims against Trotter and Churchill County.

It is evident that Erwine is attempting to re-litigate the identical facts and claims that were already litigated to conclusion in case 3:18-cv-0461-RCJ-WGC, and as such, these claims are barred by the doctrine res judicata.

As discussed above, the issue raised in the prior action was whether Trotter's conduct in authoring the allegedly stigmatizing memorandum that was placed in Erwine's personnel file violated Erwine's due process rights under the "stigma-plus" theory. After extensive discovery, and years of litigation through all levels of the federal court system, the answer to that question was a resounding no. Judge Jones concluded, and the Ninth Circuit explicitly reiterated, that there was no evidence "that it was the Trotter Memorandum, rather than Erwine's criminal record, lack of experience, or any other aspect that potential employers would consider, that caused four of the six agencies to deny his application." (ECF No. 18-1.) In addition, the Ninth Circuit held that "[s]tigmatizing statements that merely cause reduced economic returns and diminished prestige … do not constitute a deprivation of liberty." For these reasons, Erwine's *Monell* claim against Churchill County was also defeated.

Erwine is correct the Ninth Circuit held that "claim preclusion does not apply to claims that accrue after the filing of the operative complaint." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017). Howard was terminated from her employment from the city with cause after an investigation was brought regarding shoplifting (for which she was never charged). Howard maintained that she was actually fired because she filed a complaint about alleged overbilling. While the litigation was pending, the City sought applications for the finance director position several times. Howard applied and was rejected because she had been previously terminated for cause. She went to trial on her claim that she was terminated in retaliation for reporting the alleged overbilling, and the jury returned a verdict in her favor. She

subsequently brought a new lawsuit alleging that the city retaliated against her in rejecting her application and hiring someone else for the position because of her success in her first lawsuit. The Ninth Circuit concluded that she could not have brought the claims asserted in the second action earlier because she had not yet applied for the position and been rejected when she filed the first action.

Unlike *Howard*, Erwine's second lawsuit does not allege that Trotter, or anyone else associated with Churchill County, engaged in any *new* conduct that was not previously litigated and fully resolved in the prior action. In other words, Erwine does not allege that Trotter, or anyone at Churchill County, disclosed the Trotter Memorandum to any potential law enforcement employers. Instead, *Erwine* himself disclosed the Trotter Memorandum to these potential employers. The allegations in this lawsuit with respect to Trotter are the same: he authored the allegedly stigmatizing memorandum that was placed in Erwine's personnel file. Erwine even recognizes that *Howard* was based on "new retaliatory actions." (ECF No. 24 at 5:4.) Unlike *Howard*, Erwine's lawsuit is based on the same conduct by Trotter that was alleged in the prior lawsuit, and not on *new* retaliatory actions by Trotter. As such, res judicata bars re-litigation of these claims.

The allegations in this lawsuit present another obstacle for Erwine in addition to res judicata. A due process "stigma-plus" claim requires a demonstration "that the *defendant's* conduct was the actionable cause of the claimed injury." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (emphasis added). The alleged stigmatizing statement must be publicly disclosed *by the government*, and that disclosure must be the cause-in-fact as well as the proximate cause of the plaintiff's termination. *Id*. at 1169-70. The "[f]ailure to establish any of these enumerated elements will defeat" such a claim. *Id*. at 1170.

Again, Erwine alleges that *he* was the one to disclose the Trotter Memorandum to the additional potential law enforcement employers, *not* Trotter or anyone from Churchill County. Moreover, the causation issues that plagued Erwine's due process claim in the first litigation remain a problem for his new allegations of being unable to secure employment in law enforcement:

> Erwine applied for and was rejected from five agencies, including the Washoe County Sheriff's Office, *prior* to his employment with Defendants. As Erwine acknowledges, his difficulties securing employment may have been due to his prior arrest for driving under the influence. There is no evidence in the record that it was the Trotter Memorandum, rather than Erwine's criminal record, lack of experience, or any other aspect that potential employers would consider, that caused four of the six agencies to deny his application.

(ECF No. 19-2.) In addition, Erwine's rejection from these law enforcement agencies could have been to due to the alleged false statements made by officials from the Washoe Tribe that Erwine claims irrevocably damned his ability to get a job in any field.

Given the court's conclusion that the claims against Trotter and Churchill County are likely to be dismissed based on res judicata or for failure to state a claim upon which relief may be granted, the court need not address Trotter's and Churchill County's remaining arguments. The court notes, however, that dismissal may also be appropriate based on the applicable statute of limitations given that Erwine does not allege that Trotter or Churchill County took any action related to him or his employment after the end of 2016 or early 2017.

### III. CONCLUSION

For these reasons, the motion to stay discovery pending resolution of the motion to dismiss (ECF No. 19) filed by Trotter and Churchill County is **GRANTED**. The stay of discovery is as to Churchill County and Trotter only, and the stay does not have an impact on

8

discovery between Erwine and the remaining defendants, who did not join in this motion or file their own motion to stay discovery.

**IT IS SO ORDERED**.

Dated: March 21, 2024

_____
Craig S. Denney
United States Magistrate Judge