UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL ERWINE, | Case No. 3:24-cv-00045-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.,* | |
| Defendants. | |

## I.   SUMMARY

Plaintiff Michael Erwine sued Defendants Sheriff Benjamin Trotter and Churchill County, the United States of America, Michel Hall, John Leonard, Zachary Westbrook, and Gene Burk[1] for alleged violations of his rights under the federal and state Constitution, and Nevada state law, generally arising out of his tenure and termination as a police officer with first Churchill County and later the Washoe Tribe of Nevada and California. (ECF No. 1.) Before the Court is Erwine's motion for leave to file an amended complaint. (ECF No. 43 ("Motion").)[2] Because the Court finds Erwine's proposed amendments as to Trotter and Churchill County are not necessarily futile, most of the Defendants do not oppose amendment—and as further explained below—the Court will grant the Motion. And because the Court will grant the Motion, the Court denies all the other motions currently pending as moot—they all relate to the no-longer-operative original Complaint. (ECF Nos. 18, 28, 37, 39, 40, 41.)

///

///

---

[1]Defendant Burk was apparently served but has not yet appeared. (ECF No. 17.)

[2]Neither the United States (ECF No. 50) nor Hall, Leonard, and Westbrook (ECF No. 53) oppose the Motion, though Churchill County and Trotter (ECF No. 54) do. Erwine filed a reply in support of the Motion. (ECF No. 57.)

## II.    BACKGROUND

Erwine worked for Churchill County as a Detention Deputy from December 9, 2015, through October 10, 2016. (ECF No. 1 at 5.) Trotter told Erwine he could resign in lieu of termination on October 10, 2016, and Erwine chose to resign. (*Id.* at 8.) Trotter put a memorandum in Erwine's personnel file explaining why he intended to fire him around that same time. (*Id.* at 8-9.)

Erwine applied for various other law enforcement jobs but either did not get them or was not able to hold onto them for very long because he was generally informed he did not pass required background checks. (*Id.* at 9-12.) In April 2018, Erwine got a copy of his personnel file from Churchill County and discovered it included the Memorandum written by Trotter. (*Id.* at 13.) Erwine determined the Memorandum was why he was not passing background checks and filed a lawsuit against Trotter and Churchill County. (*Id.*)

Trotter and Churchill County won that case. *See Erwine v. Churchill County, et al.,* Case No. 3:18-cv-00461-RCJ-CSD, ECF No. 184 (granting summary judgment in the defendants' favor), 191 (affirming the district court's summary judgment order), 196 (denying petition for certiorari) (D. Nev. Filed Sept. 28, 2018) (the "Prior Case").[3]

Meanwhile, Erwine kept looking for jobs in law enforcement. (ECF No. 1 at 14.) He eventually got a job as a Police Officer with the Washoe Tribe. (*Id.*) Various things happened while Erwine was working for the Washoe Tribe; he was disciplined for alleged misconduct, he tried to litigate the Prior Case, and he allegedly saw some misconduct by others. (*Id.* at 14-21.) In the end, Chief Westbook of the Washoe Tribe decided to fire Erwine in March 2022. (*Id.* at 21.)

After he was fired by the Washoe Tribe, Erwine again looked for law enforcement jobs and either was unsuccessful in getting them or was fired shortly after getting them. (*Id.* at 23-28.) This case followed. Erwine included 11 claims in his Complaint, generally

---

[3]The Court takes judicial notice of the fact and import of these three docket entries. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that courts may take judicial notice of the "existence of the opinion[s]" of other courts) (citation omitted).

alleging discrimination, interference with the Prior Case, claims challenging his termination by both police agencies described above, and alleging that the various defendants made it impossible for him to get other jobs in law enforcement. (*Id.* at 23-48.)

Defendants who have appeared in this case thus far all filed motions to dismiss Erwine's original Complaint. (ECF Nos. 18, 37, 40.) Erwine also filed a motion for leave to file a surreply to Trotter and Churchill County's motion to dismiss. (ECF No. 28.) The United States, Hall, Leonard, and Westbrook filed motions to stay discovery pending adjudications of the motions to dismiss they also filed. (ECF Nos. 39, 41.)

But then Erwine filed the Motion, to which he attached a proposed First Amended Complaint. (ECF Nos. 43, 43-1.) And Erwine added one paragraph (as compared to the Complaint) to that proposed, amended complaint key to the resolution of the Motion as to Trotter and Churchill County's arguments in it:

> 245. On March 12, 2024 Sarah Tracy, a former employee of the Clerk of the Court for the New River Township Justice court in Churchill County, contacted Erwines counsel. Tracy had worked directly under Trotter who was elected Justice of the Peace in Churchill County in 2019. Tracy stated that she found out about Erwines lawsuit against Trotter from other county employees. Tracy stated that Trotter brought up Erwine's case with her a few times over the past few years. Tracy stated that Trotter told her that he would convey to all other law enforcement agencies when they would call about Erwine that Erwine was a "Piece of shit" and that he would sabotage other law enforcement agencies.

(ECF No. 43-1 at 33-34 (sic).)

## III. DISCUSSION

As noted, only Trotter and Churchill County oppose the Motion. (ECF Nos. 50, 53, 54.) As to them specifically, Erwine seeks amendment in response to newly-discovered evidence reflected in proposed paragraph 245 and excerpted above to the effect that Trotter spoke to people at other law enforcement agencies about Erwine in a manner inconsistent with testimony in the Prior Case, allegedly volunteering that Erwine was no good and would sabotage any other law enforcement agency that hired him. (ECF No. 43 at 3-4; *see also* ECF No. 43-1 at 33-34 (including the new allegations, which are excerpted above).) Trotter and Churchill County contend amendment would be futile

because he cannot make out a prima facie case of an alleged violation of his liberty interests under the Fourteenth Amendment or Article 1, Section 8(5) of the Nevada Constitution because Trotter calling Erwine a "piece of shit" is not stigmatizing. (ECF No. 54 at 4, 7-10.) Erwine replies he can state a claim against them because the statements included in his new paragraph about Trotter are stigmatizing. (ECF No. 57.) The Court agrees with Erwine in pertinent part.

Rule 15 of the Federal Rules of Civil Procedure allows amendment only by leave of Court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

To start, even Trotter and Churchill County acknowledge the "strong public policy permitting amendment[.]" (ECF No. 54 at 6 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).) That strong public policy guides the Court's decision here. And the other defendants who have appeared do not oppose amendment. (ECF Nos. 50, 53.)

Further, the Court disagrees with Trotter and Churchill County that Erwine's proposed amendments pertinent to his claims against them are futile. "Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Stebbins v. Geico Ins. Agency*, Case No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *4 (D. Nev. Jan. 22, 2019) (citation omitted). Erwine is

attempting to assert a Section 1983 claim against Trotter for violation of his due process rights based on Trotter's 'false and stigmatizing statements' about Erwine to other law enforcement agencies (ECF No. 43-1 at 36-37), attempts to tie Churchill County to that claim through *Monell*[4] (*id.* at 38-39), brings a substantially similar due process claim under the Nevada Constitution (*id.* at 47-49), along with defamation claims and a claim for intentional interference with prospective employment based on substantially the same conduct (*id.* at 49-57). Thus, Erwine's core claim against Trotter and Churchill County is a "stigma-plus" due process claim requiring him to show: "(1) 'the public disclosure of a stigmatizing statement by the government;' (2) 'the accuracy of which is contested;' (3) 'plus the denial of 'some more tangible interest[ ] such as employment.''" *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 (9th Cir. 2023) (citations omitted).

Erwine's proposed, amended complaint contains factual allegations going to each of these three elements. He alleges that the memorandum Trotter wrote was available to law enforcement agencies that were considering hiring Erwine, along with alleging that Trotter called him a "piece of shit" and alleging that Trotter told others Erwine would sabotage any law enforcement agency he worked for. (ECF No. 43-1 at 16, 28-34.) Erwine disputes the facts and conclusions in the Memorandum. (*Id.* at 16.) And Erwine alleges that he was not able to get or at least keep subsequent law enforcement jobs because of the Memorandum and Trotter's comments. (*Id.* at 36-37.) Erwine's proposed amendments as to Trotter and Churchill County accordingly do not appear futile because his proposed, amended complaint contains factual allegations going to the elements of a 'stigma-plus' due process claim as described in *Chaudry*.

And the only real argument that Trotter and Churchill County put forward in opposition to the Motion is that Trotter calling Erwine a "piece of shit" to employees of other law enforcement agencies who called him is not stigmatizing.[5] (ECF No. 54 at 4, 7-

---

[4]*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[5]Trotter and Churchill County proffer no direct legal support for this argument. (ECF No. 54 at 4, 8.)

10.) That argument is unpersuasive on its face. Calling someone a "piece of shit" could plausibly be stigmatizing. *See, e.g.*, *Fazio v. City & Cnty. of San Francisco*, 168 F.3d 498, 498 n.2 (9th Cir. 1999) (finding that firing a police officer for leaving a message for a reporter calling the reporter a "piece of shit" and threatening him was a "reasonable, appropriate response to this act, even in the absence of other similar incidents in [the message-leaver's] work history."); *Chen Through Chen v. Albany Unified Sch. Dist.*, 56 F.4th 708, 722 (9th Cir. 2022), *cert. denied sub nom. Epple v. Albany Unified Sch. Dist.*, 143 S. Ct. 2641, 216 L. Ed. 2d 1226 (2023) (describing social-media posts including one calling a fellow student a "piece of shit" as "severely harassing invective"). Moreover, the argument overlooks the other portion of the key allegation: that Erwine "would sabotage other law enforcement agencies." (ECF No. 43-1 at 34.) Opining that a prospective employee would sabotage other law enforcement agencies could certainly be stigmatizing for Erwine who repeatedly sought employment at other law enforcement agencies, apparently with little success. And construed favorably to Erwine, saying that someone will sabotage any law enforcement agency that hires them speaks to dishonesty or moral turpitude, not mere incompetence. *See Fed. Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 477 (9th Cir. 1991) ("Only the stigma of dishonesty or moral turpitude gives rise to a liberty interest; charges of incompetence do not.") (citation omitted); *see also* SABOTAGE, Black's Law Dictionary (11th ed. 2019) (offering one definition of sabotage as, "[t]he willful and malicious destruction of an employer's property or interference with an employer's normal operations[.]"). Trotter and Churchill County accordingly do not offer a persuasive argument outweighing the strong public policy weighing in favor of permitting amendment.

In sum, the Court will grant the Motion and deny the other pending motions as moot.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

1    determines that they do not warrant discussion as they do not affect the outcome of the

2    Motion.

3          It is therefore ordered that Erwine's Motion (ECF No. 43) is granted.

4          The Clerk of Court is directed to file Erwine's proposed First Amended Complaint

5    (ECF No. 43-1). It is now the operative complaint in this case.

6          It is further ordered that the other pending motions (ECF Nos. 18, 28, 37, 39, 40,

7    41) are denied as moot.

8          DATED THIS 20th Day of May 2024.

9

10

11   _____
     MIRANDA M. DU
12   CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7