# Exhibit "A"

## Standard Form 95

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

US Department of the Interior
Office of the Solicitor
Suite 6201, Federal Building
125 South State St. Salt Lake City, UT, 84138

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Michael Erwine,
Represented by
Luke Busby, Esq. 316 California Ave., Reno, NV 89509.

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | | Single | 03/04/2022 | 4:00 |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On 3/4/22 Erwine was terminated from his position of a police officer with the Washoe Tribe of Nevada and California. Erwine was a tenured/ non-probatioinary employee and was subject to the Tribe's disciplinary procedural due process protections, which Erwine did not receive. Erwine filed numerous grievances according to the policies and procedures of the Tribe and was denied any due process. Please review the attached statement of fact and claim.

RECEIVED MAY 0 1 2023

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Loss of wages, loss of benefits, loss of career opportunity, intentional infliction of emotional distress.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Casey Ryan | |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 15,000,000 | 0.00 | 15,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ | | 4/24/23 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

## FACTS

1. On February 25, 2022 Erwine was placed on administrative leave from his position as a police officer at the Washoe Tribe of Nevada and California in Gardnerville, Douglas County, Nevada, pending investigation for allegations of misconduct from a few days prior. Erwine was served with various forms including a "Notice of Rights".

2. The Washoe Tribe of Nevada and California is a federally recognized Indian Tribe in northwest Nevada.

3. On February 28, 2022 Erwine attended an investigation interview with Sergeant Hall in regards to his alleged misconduct on February 19 and 20, 2022. Erwine elected to have a representative with him during the meeting. Erwine answered all of Sergeant Halls questions completely and honestly.

4. On March 4, 2022 Erwine attended a meeting with Chief of Police Zack Westbrook, Deputy Chief of Police John Leonard, Sergeant Michel Hall, and General Counsel Gene Burk. Erwine was accompanied by his representative from the February 28, 2022 meeting. At the onset of the meeting Chief Westbrook informed Plaintiff that he was being fired and the decision was final. Chief Westbrook gave plaintiff his "Personnel file" which contained new charges of dishonestly from Sergeant Hall and Chief Westbrook that were never previously addressed with the Plaintiff. Both Chief Westbrook and Burk stated during the meeting that the Tribal Chairman had already been forwarded Plaintiffs termination and signed off on it as required by policy. Erwine's representative informed everyone in the meeting of Erwine's intent to file a grievance and Burk requested that all communication go threw him.

5. On March 11, 2022 Erwine filed a grievance in accordance with the Tribes employment policies and procedures.

6. On or about March 14, 2022 Erwine received a letter from Gene Burk denying him the opportunity to file a grievance and respond to the allegations surrounding his termination.

7. On or about Marth 24, 2022 Erwine attempted to contact the Tribal Chairman Sorrell Smokey in regard to him being denied the grievance procedure as stated in policy that he was entailed to. Erwine left a message with the Smokeys assistant.

8. Shortly after Erwine attempted to contact the Tribal Chairman, Erwine's representative received a call from Burk asking if Erwine was attempting to communicate with the Tribe.

9. Between March 24, 2022 and June 8, 2022 Erwine tried numerous times to call and schedule a meeting with the Smokey but was unsuccessful.

10. On June 9, 2022 Erwine was able to secure a meeting with the Smokey. At the onset of the meeting, Smokey informed Erwine that he knew nothing about his termination nor that he ever attempted to file a grievance.

11. From the beginning of Erwine's employment until his termination, Erwine had not have been found to have committed any misconduct which would warrant termination under the Tribe's policies.

12. Before Defendants discharge of Erwine, he was not notified of all of his charges of misconduct. He was denied a hearing and given no meaningful opportunity to be heard.

13. The Tribe and United States of America are party to a P.L. 93-638 self-determination contract ("Contract") which, among other agreements, the United States of America agreed to provide monies for law enforcement and investigative services to the Tribe and to monitor the Tribe's use of said funds in accordance with the contract and applicable law.

14. The Contract was ratified by the tribe and the BIA on a multi-year basis, and was at all times relevant to this action.

15. By the terms of the Contract the United States of America is the Tribe's employer of law enforcement personnel and administration and is charged with the duty of monitoring the Tribe's actions to ensure compliance with all laws and the Contract.