# Exhibit "B"

## Progressive Discipline Forms, Memorandums, Performance Improvement Plan and Notices of Disciplinary Action

TC Approved:
09/01/08

# PROGRESSIVE DISCIPLINE FORM

| EMPLOYEE NAME | SSN | EMP ID# | DATE | REVIEW |
|---|---|---|---|---|
| Michael Erwine | | ■ | 3/2/22 | |

By signing below I acknowledge receipt of this document and understand that it will be placed in my personnel file. I also understand that if I do not agree with this action, I may have the right to file a grievance in accordance with Section 11 of the Washoe Tribe's Personnel Policies not to included Dismissal.

## DISCIPLINARY ACTION
(For violation of Sections of section(s) 10-

Prohibition(s) Violated: See attached memo regarding findings of internal investigation

Disciplinary Action Taken:  ____ Suspension ( ) days  ____ Demotion  __X__ Dismissal

Employee Signature _____  Date _____

Supervisor Signature _[signed]_  Date 03/02/22

Program Director Signature _[signed]_  Date 3/2/22

Human Resources Director _[signed]_  Date 03/03/2022

Tribal Chairperson or Designee _[signed]_  Date 20220303

Revised October 31, 2019



**WASHOE TRIBE POLICE DEPARTMENT**

Dispatch: 775-783-7233
Office: 775-265-7540
Fax: 775-265-2508

950 Hwy 395 South
Gardnerville, NV 89410

Mail: 919 Hwy 395 South
Gardnerville, NV 89410

DATE: March 2, 2022

# Memorandum

To: Officer Michael Erwine

From: Chief of Police Zack Westbrook

CC: Chairman Serrell Smokey, Washoe Tribe Administrator Bernadette Nieto

Human resources Sheila Crawford

Re: Disciplinary action // Termination

---

Sergeant Hall was tasked with conducting an Internal Investigation regarding the events that took place on February 19, 2022 and February 20, 2022. During the course of this investigation it became apparent that you have shown a pattern of disregard for the practices of conducting law enforcement functions and/ or being able to follow directives given by Supervisors.

During the domestic violence incident that occurred on February 19, 2022 you handcuffed an individual that was involved in the incident. You reluctantly placed this intoxicated person in the rear of your patrol vehicle after an argument with Officer Christensen, who was also on scene. It appears that the only reason for you not placing him in your vehicle without objection was the fact that the subject was bleeding from the nose. It is the opinion of the Washoe Tribe Police Department that when you have an intoxicated and potentially aggressive individual that outweighs you by at least 100 pounds, the subject should without delay be placed in the rear of a patrol vehicle (for Officer safety).

While on scene at this incident you failed to determine the primary physical aggressor. You contacted Deputy Chief Leonard and informed him that neither party were cooperating with your investigation. To the contrary, prior to contacting Deputy Chief Leonard you asked the detained party incriminating questions without reading him the Miranda warning, which can be seen on your department issued body camera. The individual gave you pertinent details of the incident, which you failed to relay to your partners that were on scene as well as the Deputy Chief via cell phone. I believe these details, if known to the Deputy Chief, could have changed the outcome and prevented you from potentially arresting the wrong subject. As such you received disciplinary action in the form of a Written Reprimand for violation of *WTPD policy #318.3.4 (q) Failure to disclose or misrepresenting facts*. This disciplinary action I find to be sustained and to be placed in your personnel file.

Furthermore, on March 9, 2020 you received disciplinary action in the form of a written warning for failure to read the Miranda Warning to an individual during an interrogation. After this incident you were directed that if a subject is detained (perceivably not free to leave) you are to read the Miranda warning. Also the Washoe Tribe Law and Order Code 4-30-060 requires that Miranda be read at the time of arrest.



# WASHOE TRIBE
## POLICE DEPARTMENT

Dispatch: 775-783-7233
Office: 775-265-7540
Fax: 775-265-2508

950 Hwy 395 South
Gardnerville, NV 89410

Mail: 919 Hwy 395 South
Gardnerville, NV 89410

After the February 19, 2022 incident you were in attendance at a meeting held by Deputy Chief Leonard. The purpose of this meeting was to debrief the domestic violence incident. Officers Christensen, Harris and Avila were also in attendance. During the course of this meeting Deputy Chief Leonard issued all Officers in attendance a directive stating that individuals being detained (in handcuffs) shall be placed in the rear of a patrol vehicle. Deputy Chief Leonard asked all Officers in attendance if they understood. Deputy Chief Leonard informed me that you answered, "Yes."

The very next day you responded to a trespass incident at ▮▮▮▮▮▮▮▮ You made contact with a suspect, who is known to the WTPD to be subject to a trespass warning and was not to be at the residence. The individual came out from the front door holding a claw hammer. You had the individual put the hammer down and placed him in handcuffs. You then had him sit on the ground ignoring the directive given by Deputy Chief Leonard less than 24 hours earlier. This type of behavior is deemed insubordination. Any lawful order given by supervisory staff, whether verbal or written shall be carried out without delay or question.

You were also cited as having difficulty in decision making abilities in March of 2020 as you left the keys to several patrol vehicles out on the hood of another parked vehicle where anyone could have accessed same. You were also verbally counselled for the same type of incident in December of the previous year.

In April of 2021 you were issued Disciplinary action for violation of WTPD Policy 318.3.4 (r) for failure to competently conduct a DUI investigation/ arrest in which the individual was allowed to leave with a firearm even though the individual was over the legal drinking limit to possess said firearm. The outcome of this incident was that you were placed back into the Field Training Program, where you had the safety net of the Training Officer to guide your decision making ability. After you had successfully passed the Field Training Program for the second time, in November of 2021 you received disciplinary action for WTPD Policy 318.3.4 (e) *Disobedience or insubordination to constituted authorities, including refusal or deliberate failure to carry out or follow lawful directives and orders from any supervisor and/or other employee.* This incident stemmed from you again arguing with Deputy Chief Leonard regarding being ordered to follow the directives of a particular law. Due to this incident, and your inability to discern criminal process, you were again afforded additional training by being placed under the direct supervision of a Sergeant. It seems as though this added training opportunity did not take, as outlined by your behavior without direct supervision during the incident of February 19, 2022 and February 20, 2022.

In an effort to find out details surrounding the incident of February 19, 2022, you were placed on Administrative Leave and an Internal Investigation began. During your questioning as part of the investigation, you stated to Sgt. Hall that Officer Christensen had informed you that she had issued a Miranda warning to the detained subject prior to your interrogation of the subject; it is clear by viewing available body camera footage that this is not true. At no time did Officer Christensen tell you that a Miranda warning had been issued to anyone on this scene prior to your interrogation of the subject. This is a direct failure to cooperate with the investigation by answering truthfully, which is deemed to be insubordination.



# WASHOE TRIBE
## POLICE DEPARTMENT

Dispatch: 775-783-7233
Office: 775-265-7540
Fax: 775-265-2508

950 Hwy 395 South
Gardnerville, NV 89410

Mail: 919 Hwy 395 South
Gardnerville, NV 89410

---

In review of all the facts and taking into account the totality of the situation, I reviewed all forms within your personnel file and found that on page 14 of your application you answered "No" to question #34: *Have you **ever** been charged with or convicted of any offense(s) related to alcohol or drugs.* However, with question #38: *In the last 10 years have you been arrested for, charged with, or convicted of, been imprisoned, been on probation, or been on parole for any offense(s) not listed in the responses above? (Include all offenses where you have been found guilty, pled guilty or nolo contendere (no contest). Include traffic fines and accidents where you were the driver.),* you admitted to a DUI arrest. Albeit this may have been an omission on the application you failed to be truthful.

I also observed an annual evaluation (Performance Appraisal) conducted by Sgt. Hall in which a specific area of needed improvement stated, "Officer Erwine needs to improve in his ability to conduct some of the basic law enforcement operations as a sole officer. Officer Erwine needs to improve in his knowledge of his chain of command and when it is unreasonable and inappropriate to debate with his supervisors."

By your own behavior, it appears to be clear that you have decided not to follow directives given by supervisory staff of this Department. It is apparent by your actions that you are not able to correctly discern chain of command. Based upon the factors listed in this document, the Department deems it is not advantageous for you to remain under its command and elects to sever your employment at this time.

TC Approved:
09/01/08

# PROGRESSIVE DISCIPLINE FORM

| EMPLOYEE NAME | SSN | EMP ID# | DATE | REVIEW |
|---|---|---|---|---|
| Michael Erwine | ███ | ███ | 4/15/21 | |

By signing below I acknowledge receipt of this document and understand that it will be placed in my personnel file. I also understand that if I do not agree with this action, I may have the right to file a grievance in accordance with Section 11 of the Washoe Tribe's Personnel Policies.

## INITIAL WARNING
### (For Violation of Section 10-5)

Explain Violation
of Prohibition(s):

**Washoe Tribe Police Department Policy 318.3.4 R. Failure to take reasonable action while on-duty and when required by law, statue, resolution, or approved department practices or procedures.**

On February 5th, 2021 at approximately 1600 hours, you conducted a traffic stop which resulted in Field Sobriety Testing. You told me that during that testing, the driver had failed every portion of the HGN and passed the other portions of the FST's. The fact that he displayed the clues during HGN was enough to place him under arrest for DUI. Understanding there was enough evidence to arrest the suspect based on your basic academy training as well as the multiple DUI trainings you have attended while at this department, the most recent occurring on July 31, 2020. However, you failed to place the suspect under arrest, which could have resulted in liability for the Washoe Tribe Police Department and reflected poorly on the department as a whole.

**Washoe Tribe Police Department Policy 318.3.4 C. Unsatisfactory work performance including, but not limited to, failure, incompetence, inefficiency, or delay in performing and/or carrying out proper orders, work assignments or instructions of supervisors without a reasonable and bona fide excuse.**

On February 5th, 2021 at approximately 1700 hours, you called after you let a suspect go to discuss with me regarding a DUI investigation stop that you had initiated a few minutes prior to placing a call to me. You informed me that the suspect had failed the Horizontal Gaze Nystagmus (HGN) portion of the Field Sobriety Testing (FST) but had successfully completed the other two tests in the battery. You told me you weren't sure about arresting the suspect on the DUI and that you sought the advice of the CCSO deputy that was on scene instead of contacting me, your direct supervisor at the time. Had you contacted a supervisor prior to your decision to release a suspect as I have explained to you on numerous occasions and other command staff that should you have a question or concern on any scene that you should immediately contact a supervisor for direction. By you failing to contact me at the onset of this scenario, I was not given the opportunity to guide you to arrest the suspect for failing the DUI testing battery and you allowed a clear DUI arrest to leave the stop.

Revised October 31, 2019

TC Approved:
09/01/08

# PROGRESSIVE DISCIPLINE FORM

<u>Corrective Action:</u> A performance improvement plan is sent by separate cover to include the following parameters:

You are to be retrained in a full Field Training program with field training officers from this department.

Evaluation during and after Field Training will take place to determine satisfactory performance for the area of following steps when someone is pulled over and detained for DUI related stops.

<u>Employee Signature:</u> _____  Date 4/23/21

<u>Supervisor Signature:</u> _____  Date _____

<u>Program Director Signature:</u> _____  Date 4/23/21

Revised October 31, 2019



# WASHOE TRIBE OF NEVADA AND CALIFORNIA
# PERFORMANCE IMPROVEMENT PLAN (PIP)
(Confidential)

TO: **Michael Erwine** (Employee's Name)
FROM: **Chief Westbrook** (Manager's Name)
DATE: **April 15, 2021**

RE: PERFORMANCE IMPROVEMENT PLAN (PIP)

The purpose of this Performance Improvement Plan (PIP) is to define serious areas of concern, gaps in your work performance, reiterate Washoe Tribe's expectations, and allow you the opportunity to demonstrate improvement and commitment.

**Areas of Concern:**

*Bullet point issues and how employee's lack of performance and/or behavior has affected his/her co-workers, the company and clients/customers.*

**Chain of Command**
**Communication**
**DUI process**

**Observations, Previous Discussions or Counseling:**

*Recap dates/times you have addressed the issues in the recent/relevant past. Reference previous documents when applicable.*

**See written reprimand for two incidents**

**Step 1: Improvement Goals:** These are the goals related to areas of concern to be improved and addressed:

| 1. | Chain opf command |
| --- | --- |
| 2. | Communication |
| 3. | Follow steps to DUI process |

**Step 2: Activity Goals:** Listed below are activities that will help you reach each goal:

| Goal # | Activity | How to Accomplish | Start Date | Projected Completion Date |
| --- | --- | --- | --- | --- |
| 1 | Communication Training | attend | 02/09/2021 | 2/28/2021 |
| 2 | Field Training | attend | 02/10/2021 | 05/30/2021 |
| 3 | Supervisor mentorship | meet weekly to discuss | 02/10/2021 | 05/30/2021 |

HR2508 - 2015                                                                                                Page 1 of 4

**Step 3: Resources:** Listed below are resources available to you to complete your Improvement activities (may include other people's time or expertise, funds for training materials and activities, or time away from usual responsibilities.)

| 1. | Supervisor |
|---|---|
| 2. | Communication training part 1 and 2 |
| 3. | Field Training refresher |

*[OPTIONAL: This can be incorporated as part of Step 3: Resources, above]* **Management Support:** Listed below are ways in which your manager will support your Improvement activities.

| 1. | Meet with supervisor weekly |
|---|---|
| 2. | Contact supervisor when needs arrise |
| 3. | Ask questions |

**Step 4: Expectations:** The following performance standards must be accomplished to demonstrate progress towards achievement of each Improvement goal:

| 1. | improvement when suspects are pulled over for DUI |
|---|---|
| 2. | improvement with chain of command |
| 3. | improvement with communication |
| 4. | |
| 5. | |

**Step 5: Progress Checkpoints:** The following schedule will be used to evaluate your progress in meeting your Improvement activities.

| Goal # | Activity | Checkpoint Date | Type of Follow-up (memo/call/meeting) | Progress Expected | Notes |
|---|---|---|---|---|---|
| 1 | Follow chain of command | 04/12/2021 | ongoing | | |
| 2 | Improved communication | 04/12/2021 | ongoing | | |
| 3 | Improve on DUI process | 04/12/2021 | ongoing | | |
| | | | | | |

**Follow-up Updates:** You will receive feedback on your progress according to the following schedule:

| Date Scheduled | Activity | Conducted By | Completion Date |
|---|---|---|---|
| 03/22/2021 | 30-day Update Memo | Casey Ryan | |
| 04/12/2021 | 45-day [or 60-day] Update Memo | Casey Ryan | |
| 05/03/2021 | 60-day [or 75, or 90 – Day] Status Memo | Casey Ryan | |

**Timeline for Improvement, Consequences & Expectations:**
Effective immediately, you are placed on a **60** (insert 60, 75, or 90)-day PIP. During this time you will be expected to make regular progress on the plan outlined above. Failure to meet or exceed these expectations, or any display of gross misconduct will result in further disciplinary action, up to and including termination. In addition, if there is no significant improvement to indicate that the expectations and goals will be met within the timeline indicated in this PIP, your

HR2508 - 2015                                                                                                   Page 3 of 4

employment may be terminated prior to **05/03/2021** **(insert 60, 75, or 90)** days. Furthermore, failure to maintain performance expectations after the completion of the PIP may result in additional disciplinary action up to and including termination.

The PIP does not alter the employment-at-will relationship. Additionally, the contents of this PIP are to remain confidential. Should you have questions or concerns regarding the content, you will be expected to follow up directly with me.

We will meet again on as noted above to discuss your Performance Improvement Plan. Please schedule accordingly.

**Signatures:**

Print Employee Name: _M. Erwine_

Employee Signature: _~ ~ 2108_    Date: _4/23/21_

Print Supervisor/Manager Name: _____

Supervisor/Manager Signature: _____    Date: _____

TC Approved:
09/01/08

# PROGRESSIVE DISCIPLINE FORM

| EMPLOYEE NAME | SSN | EMP ID# | DATE | REVIEW |
|---|---|---|---|---|
| Michael Erwine | | ▮ | 9/2/21 | |

By signing below I acknowledge receipt of this document and understand that it will be placed in my personnel file. I also understand that if I do not agree with this action, I may have the right to file a grievance in accordance with Section 11 of the Washoe Tribe's Personnel Policies.

## Written Reprimand
### (For Violation of Section 10-5)

Explain Violation
of Prohibition(s):

On Monday August 30, 2021 at approximately 1443 hours I sent an email to the patrol email group regarding personnel complaints. I instructed all who read this email to respond before you went off duty on your next available shift. You worked Tuesday August 31, 2021 until approximately 0000 hours on August 31, 2021.

You failed to complete your response to this email as directed.

I find that your failure to communicate violated the Washoe Tribe Police Department policy 318.3 (d) Willful disobedience to any legal order properly issued by any superior officer of the Department

> As such you are receiving disciplinary action in the form of written reprimand for WTPD Policy 318.3.4 (c) Performance.
>
> Unsatisfactory work performance including, but not limited to, failure, incompetence, inefficiency or delay in performing and/or carrying out proper orders, work assignments or instructions of supervisors without a reasonable and bona fide excuse.

This coincides with Washoe Tribe HR policy section 10-4 (Prohibition 21) Refusal or failure to comply with a reasonable and proper order or directive from a supervisor.

Corrective Action: Further adherence to WTPD Policy in regard to following lawful orders given by WTPD administration. Review decision making abilities with regard to time management.

Employee Signature: _2108_     Date 9/2/21

Supervisor Signature: _[signature] #2101_     Date 09/02/21

Program Director Signature: _[signature] #2100_     Date 9/2/21

Revised October 31, 2019

TC Approved: 09/01/08

# PROGRESSIVE DISCIPLINE FORM

| EMPLOYEE NAME | SSN | EMP ID# | DATE | REVIEW |
|---|---|---|---|---|
| Michael Erwine | █████ | ███ | 11/15/21 | 11/15/22 |

By signing below I acknowledge receipt of this document and understand that it will be placed in my personnel file. I also understand that if I do not agree with this action, I may have the right to file a grievance in accordance with Section 11 of the Washoe Tribe's Personnel Policies.

## INITIAL WARNING
(For Violation of Section 10-4)

Explain Warning Given To Employee: On November 15, 2021 at or about 1435 hours, while at the Washoe Tribe Police Station, Officer Harris, Officer Erwine and I were in the breakroom; Officer Harris was explaining his recent contact with a non-Indian currently residing at a residence within the Stewart Indian Community. This individual is currently subject to Felon Status and as such is required to register with the Washoe Tribe as a Felon residing within Tribal Jurisdiction, even though he is registered with the Carson City Sheriff's Office or he will may be subject to arrest by the Tribal Police Department.

Officer M. Erwine did not agree with this even though it is spelled out in NRS 179D.460. I explained to Officer Erwine that even though he did not agree, he may be required to do so. Officer M. Erwine stated that he would not make the arrest if needed to do so. Officer M. Erwine stated to me to the effect of, "You guys tried to tell me what to do before when I did not agree and it went to the HRB (Human Resources Board), they did not agree and you had to deal with it." By making this remark, Officer M. Erwine displayed that he will openly engage in behavior to undermine Supervisory Staff if he does not agree with what he is directed to do. Officer M. Erwine is in violation of Washoe Tribe Police Department Policy #318.3.4(e) *DISOBEDIENCE OR INSUBORDINATION TO CONSTITUTED AUTHORITIES, INCLUDING REFUSAL OR DELIBERATE FAILURE TO CARRY OUR OR FOLLOW LAWFUL DIRECTIVES AND ORDERS FROM ANY SUPERVISOR OR PERSON IN A POSITION OF AUTHORITY* ; which coincides with Washoe Tribe Human Resources Section 10 Conduct and Discipline Prohibition #10-3(23) *FAILURE TO COOPERATE WITH SUPERVISOR AND/ OR OTHER EMPLOYEE.* <u>Officer Erwine is expected to cooperate with supervisors and not display Insubordinate Behavior and comply with reasonable and proper orders and directives from a supervisor.</u>

Employee Signature _____ 2108 M. Erwine  Date 11/15/21

Supervisor Signature _____ #2101  Date 11/15/21

Program Director Signature _____ #2100  Date 11/16/21

Revised October 31, 2019




# WASHOE TRIBE
## POLICE DEPARTMENT

Dispatch: 775-783-7233
Office: 775-265-7540
Fax: 775-265-2508

950 Hwy 395 South
Gardnerville, NV 89410

Mail: 919 Hwy 395 South
Gardnerville, NV 89410

DATE: March 19th, 2020

# Memorandum

To: Officer Erwine

From: Sgt. Ryan

CC: Chief Westbrook

Re: Leaving Unsecured Keys to Patrol Vehicles

On the night of March 18th, 2020 you removed keys from the station key box and brought them outside while you were switching out patrol vehicles. Upon completion of the switch you left the keys on the hood of another patrol vehicle located inside our unsecured parking area. This created the possibility of persons be able to access any number of our patrol vehicles located at the Washoe Tribe Police station.

In addition you have been previously counseled on the importance of securing patrol vehicles for the incident on December 19th, 2019 where you left your patrol vehicle running at the Washoe Tribe Police Station for four hours.

These two incidents are both examples of unsatisfactory incompetence as set forth in WTPD Policy 318.3.4 C which states the following: **Unsatisfactory work performance including, but not limited to, failure, incompetence, inefficiency or delay in performing and/or carrying out proper orders, work assignments or instructions of supervisors without a reasonable and bona fide excuse.**

Due to the fact this is the second instance in which you have displayed unsatisfactory incompetence in the performance of your duties this disciplinary action shall serve as you final written warning with regards to incidents of the same type. Should you again display unsatisfactory incompetence, more severe disciplinary action, including termination, will be implemented by this department.

Sgt. Ryan #2012
Washoe Tribe Police Department



# WASHOE TRIBE OF NEVADA AND CALIFORNIA
## NOTICE OF DISCIPLINARY ACTION

| | |
|---|---|
| **EMPLOYEE NAME:** **Michael Erwine**<br>**EMPLOYEE POSITION:** **Police Officer**<br>**DEPARTMENT:** **Washoe Tribe PD** | **DATE OF NOTICE:** **03/19/2020** |
| **SUPERVISOR NAME:** **Casey Ryan**<br>**SUPERVISOR TITLE:** **Sergeant** | |

Your performance has been found unsatisfactory for the reason(s) set forth below. Your failure to improve or avoid a recurrence will be cause for further disciplinary action in accordance with the **Washoe Tribe Disciplinary Policy**.

**TYPE OF PROBLEM OR VIOLATION:**

- [ ] TARDINESS
- [ ] ABSENTEEISM
- [ ] NO CALL/NO SHOW
- [ ] APPEARANCE
- [ ] INSUBORDINATION
- [ ] QUALITY OF WORK
- [ ] QUANTITY OF WORK
- [ ] INSUBORDINATION
- [x] SAFETY
- [ ] SUBSTANCE ABUSE
- [ ] OTHER: _____

**VIOLATION DATE:** 03/18/2020    **VIOLATION TIME** (AM/PM) **1800 hrs.**

**DISCIPLINARY ACTION TAKEN:**

- [ ] INITIAL COUNSELING*
- [ ] ORAL WARNING*
- [ ] WRITTEN WARNING
- [ ] WRITTEN WARNING AND SUSPENSION
- [x] FINAL WRITTEN WARNING
- [ ] DISCHARGE

*Completion of this form for Initial Counseling or Oral Warning shall serve as documentation only and should not be filed in the employee's personnel file unless the matter proceeds to the Written Warning step of progressive discipline, then the Initial and Oral documents will serve as backup of prior discussions.

**DETAILS OF VIOLATION:** **Leaving multiple sets of keys to WTPD patrol vehicles out on the hood of a patrol car in the department parking lot unsecured.**

**EXPECTED IMPROVEMENT(S)** (include a clear statement as to the consequences of failing to improve): **Any further incident of leaving unsecured department property will result in termination.**

**EMPLOYEE'S STATEMENT** (use additional paper if necessary):

I have received and read this disciplinary notice. I have been informed that a copy of this notice will be placed in my personnel file in Human Resources (except in the case of initial counseling or oral warning).

Employee Signature: _[signed]_ 2108    Date: 3/19/20

A copy of this disciplinary action notice was personally delivered to the above employee by:

Supervisor: _[signed]_ 2102    Date: 3-19-20

After reviewing with employee and all signatures have been applied, send original and any backup documents to Human Resources to be filed in employee's personnel file.

Notice of Disciplinary Action Form - 2015



**WASHOE TRIBE
Police Department**
Dispatch: 775-783-7233
Office: 775-265-7540
Fax: 775-265-2508



950 Hwy 395 South
Gardnerville, NV 89410

MAIL 919 Hwy 395 South
Gardnerville, NV 89410

March 9, 2020

# Memorandum

To: Officer Erwine #2108

From: Sergeant Hall #2103

CC: Chief Westbrook

Re: Disciplinary Action

On March 8, 2020 at approximately 0130 hours you responded to the Hobo Hot Spring as part of your investigation into a report of Child Abuse. During the course of your investigation you came into contact with non-Indian male adult ▮▮▮▮▮.

Upon making contact with ▮▮▮ you reported that you placed him into handcuffs "for my safety." You then continued with your investigation by asking ▮▮▮ incriminating questions while he was detained. You failed to read ▮▮▮ the Miranda Warning, which is a violation of Washoe Tribe Police Department Policy #318.3.4 (C) PERFORMANCE, *Unsatisfactory work performance including, but not limited to, failure, incompetence, inefficiency or delay in performing and/or carrying out proper orders, work assignments or instructions of supervisors without a reasonable and bona fide excuse.*

As such you are receiving disciplinary action in the form of a Written Reprimand for the aforementioned transgressions.



# WASHOE TRIBE OF NEVADA AND CALIFORNIA
## NOTICE OF DISCIPLINARY ACTION

| | |
|---|---|
| **EMPLOYEE NAME:** Michael Erwine<br>**EMPLOYEE POSITION:** Police Officer<br>**DEPARTMENT:** Washoe Tribe Police Officer | **DATE OF NOTICE:** 03/09/2020 |

**SUPERVISOR NAME:** Michel Hall
**SUPERVISOR TITLE:** Police Sergeant

Your performance has been found unsatisfactory for the reason(s) set forth below. Your failure to improve or avoid a recurrence will be cause for further disciplinary action in accordance with the **Washoe Tribe Disciplinary Policy**.

**TYPE OF PROBLEM OR VIOLATION:**

- ☐ TARDINESS
- ☐ ABSENTEEISM
- ☐ NO CALL/NO SHOW
- ☐ APPEARANCE
- ☐ INSUBORDINATION
- ☒ QUALITY OF WORK
- ☐ QUANTITY OF WORK
- ☐ INSUBORDINATION
- ☐ SAFETY
- ☐ SUBSTANCE ABUSE
- ☐ OTHER: _____

**VIOLATION DATE:** 03/08/2020    **VIOLATION TIME** (AM/PM) Approximately 0130 hrs

**DISCIPLINARY ACTION TAKEN:**

- ☐ INITIAL COUNSELING*
- ☐ ORAL WARNING*
- ☒ WRITTEN WARNING
- ☐ WRITTEN WARNING AND SUSPENSION
- ☐ FINAL WRITTEN WARNING
- ☐ DISCHARGE

*Completion of this form for Initial Counseling or Oral Warning shall serve as documentation only and should not be filed in the employee's personnel file unless the matter proceeds to the Written Warning step of progressive discipline, then the Initial and Oral documents will serve as backup of prior discussions.

**DETAILS OF VIOLATION:** On 3/8/20 at approximately 0130 hours you responded to the Hobo Hot Springs as part of your investigation into a report of Child Abuse. Upon arrival you made contact with the suspected party and placed him into handcuffs. You then continued to interrogate the suspect before reading him his Miranda Rights as required per custodial interrogation.

**EXPECTED IMPROVEMENT(S)** (include a clear statement as to the consequences of failing to improve): Further adherence to common Police practices with regard to civil rights or Miranda warnings to be given prior to detention.

**EMPLOYEE'S STATEMENT** (use additional paper if necessary):

I have received and read this disciplinary notice. I have been informed that a copy of this notice will be placed in my personnel file in Human Resources (except in the case of initial counseling or oral warning).

Employee Signature: _~ ~ #7108_    Date: _3/9/20_

A copy of this disciplinary action notice was personally delivered to the above employee by:

Notice of Disciplinary Action Form - 2015

Supervisor: _S. Hall #2103_  Date: 3-9-20

After reviewing with employee and all signatures have been applied, send original and any backup documents to Human Resources to be filed in employee's personnel file.

Notice of Disciplinary Action Form - 2015