Katherine F. Parks, Esq.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CHURCHILL COUNTY and BENJAMIN TROTTER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL ERWINE,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,
CHURCHILL COUNTY, a political subdivision
of the State of Nevada; CHURCHILL
COUNTY SHERIFF BENJAMIN TROTTER;
UNITED STATES OF AMERICA, ZACHARY
WESTBROOK, JON LEONARD, MICHEL
HALL, GENE BURK; and DOES I through X
inclusive,

      Defendants.

Case No.:   3:24-cv-00045-MMD-CSD

**DEFENDANTS CHURCHILL
COUNTY AND BENJAMIN
TROTTER'S ANSWER TO FIRST
AMENDED COMPLAINT**

COME NOW, Defendants CHURCHILL COUNTY and BENJAMIN TROTTER, by and

through their attorneys Thorndal Armstrong, PC, and in answer to Plaintiff's First Amended

Complaint, hereby admit, deny, and allege as follows:

**FIRST DEFENSE**

**PRELIMINARY STATEMENT**

1.     Defendants deny the allegations contained in Paragraph 1 of Plaintiff's First

Amended Complaint.

2.     Defendants deny the allegations contained in Paragraph 2 of Plaintiff's First

Amended Complaint.

3.     Defendants deny the allegations contained in Paragraph 3 of Plaintiff's First

1  Amended Complaint.

2      4.    Defendants deny the allegations contained in Paragraph 4 of Plaintiff's First

3  Amended Complaint.

4      5.    Defendants deny the allegations contained in Paragraph 5 of Plaintiff's First

5  Amended Complaint.

6      6.    Defendants deny the allegations contained in Paragraph 6 of Plaintiff's First

7  Amended Complaint.

8      7.    Defendants deny the allegations contained in Paragraph 7 of Plaintiff's First

9  Amended Complaint.

10      8.    Defendants deny the allegations contained in Paragraph 8 of Plaintiff's First

11  Amended Complaint.

12      9.    Defendants deny the allegations contained in Paragraph 9 of Plaintiff's First

13  Amended Complaint.

14      10.    Defendants deny the allegations contained in Paragraph 10 of Plaintiff's First

15  Amended Complaint.

16      11.    Defendants deny the allegations contained in Paragraph 11 of Plaintiff's First

17  Amended Complaint.

18      12.    Defendants deny the allegations contained in Paragraph 12 of Plaintiff's First

19  Amended Complaint.

20  **<u>JURISDICTION</u>**

21      13.    Defendants deny the allegations contained in Paragraph 13 of Plaintiff's First

22  Amended Complaint.

23      14.    Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First

24  Amended Complaint.

25      15.    Paragraph 15 of Plaintiff's First Amended Complaint calls for a legal conclusion,

26  not facts, to which no response is required.  To the extent Paragraph 15 is deemed to contain

27  factual allegations, these Defendants deny said allegations.

28      16.    Answering Defendants admit that the Court has personal jurisdiction over them

and deny the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

**VENUE**

17.    Answering Defendants admit that venue is proper in this Court and deny the remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

19.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

20.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

**PARTIES**

21.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

22.    Defendants admit the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.    Defendants admit the first and second sentences in Paragraph 23 of Plaintiff's First Amended Complaint.  The last sentence in Paragraph 23 calls for a legal conclusion, not facts, to which no response is required.  To the extent the last sentence in Paragraph 23 is deemed to contain factual allegations, these Defendants deny said allegations.

24.    In answer to Paragraph 24 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 24 were deemed to apply to these answering Defendants, Defendants deny same.

25.    In answer to Paragraph 25 of Plaintiff's First Amended Complaint, the allegations

contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 25 were deemed to apply to these answering Defendants, Defendants deny same.

26.    In answer to Paragraph 26 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 26 were deemed to apply to these answering Defendants, Defendants deny same.

27.    In answer to Paragraph 27 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 27 were deemed to apply to these answering Defendants, Defendants deny same.

28.    In answer to Paragraph 28 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 28 were deemed to apply to these answering Defendants, Defendants deny same.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

## ALLEGATIONS OF FACT

### ERWINE'S EMPLOYMENT WITH CHURCHILL COUNTY

31.    Defendants admit the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.    Defendants admit the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.    Answering Defendants admit that Plaintiff referenced his Criminal Justice degree and deny the remaining allegations in Paragraph 33 of Plaintiff's First Amended Complaint on information and belief.

34.    Defendants deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.    Defendants admit the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

- 4 -

36.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

37.     Defendants admit the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendants admit the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

## The Beaulieu Incident

40.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

41.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

44.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

45.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

46.     In answer to Paragraph 46, answering Defendants admit that Zachary White

submitted a grievance to the Churchill County Sheriff's Office on or about October 8, 2016.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

**The Maes Incident**

50.     Defendants deny the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

57.     Answering Defendants admit that Erwine removed his taser from its holster and deny the remaining allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

**Trotter's Termination of Erwine**

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiff's First

1  Amended Complaint.

2      60.    Defendants deny the allegations contained in Paragraph 60 of Plaintiff's First

3  Amended Complaint.

4      61.    Answering Defendants admit that Erwine was given the opportunity to resign in

5  lieu of termination and that he signed a letter of separation on October 10, 2016.

6      62.    Defendants are without sufficient knowledge or information with which to form a

7  belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's First Amended

8  Complaint and, upon such basis, deny said allegations.

9      63.    Defendants admit the allegations contained in Paragraph 63 of Plaintiff's First

10 Amended Complaint.

11     64.    Defendants admit the allegations contained in Paragraph 64 of Plaintiff's First

12 Amended Complaint.

13     65.    Answering Defendants admit that then Captain Matheson met with Plaintiff after

14 his resignation from employment and deny the remaining allegations in Paragraph 65 of

15 Plaintiff's Frist Amended Complaint on information and belief.

16     66.    Defendants deny the allegations contained in Paragraph 66 of Plaintiff's First

17 Amended Complaint.

18     67.    Defendants deny the allegations contained in Paragraph 67 of Plaintiff's First

19 Amended Complaint.

20                  **ERWINE'S JOB SEARCH AFTER HIS**

21               **TERMINATION FROM CHURCHILL COUNTY**

22     68.    Defendants are without sufficient knowledge or information with which to form a

23 belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's First Amended

24 Complaint and, upon such basis, deny said allegations.

25     69.    Answering Defendants admit that Washoe County Sheriff's Office sent a request

26 for the information described in Paragraph 69 of Plaintiff's First Amended Complaint to Geof

27 Stark, former HR Director for Lyon County, and deny the remaining allegations in Paragraph 69.

28     70.    Defendants admit the allegations contained in Paragraph 70 of Plaintiff's First

Amended Complaint.

71.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

72.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

73.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

74.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

75.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

76.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

77.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

78.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

79.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

**ERWINE'S EMPLOYMENT WIT THE**

**PYRAMID LAKE POLICE DEPARTMENT**

80.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

81.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

82.     Answering Defendants admit that Plaintiff was offered a position with Pyramid Lake Police Department and deny the remaining allegations in Paragraph 82 of Plaintiff's First Amended Complaint on information and belief.

83.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

84.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

85.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

86.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

87.     Defendants admit the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

89.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

90.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

91.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

92.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

93.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

94.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

95.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

96.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

97.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

98.    Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

### CHURCHILL COUNTY'S CONTINUING
### IMPACT ON ERWINE'S JOB SEARCH

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint.

101.    Answering Defendants admit that Erwine was provided a copy of his employment file in April of 2018 and deny the remaining allegations in Paragraph 101 of Plaintiffs' First Amended Complaint.

102.    Answering Defendants admit that, in April of 2018, Erwine's personnel file contained a copy of the Trotter memorandum and deny the remaining allegations in Paragraph 102 of Plaintiffs' First Amended Complaint on information and belief.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint.

104.    Defendants admit the allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint.

106.    In answer to Paragraph 106 of Plaintiff's First Amended Complaint, Defendants allege that the referenced document speaks for itself.

107.    Defendants admit the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint.

### ERWINE'S EMPLOYMENT WITH THE WASHOE TRIBE

108.    Defendants admit the allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

110.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

111.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

112.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

113.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

114.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

115.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

116.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

117.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

118.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's First Amended

Complaint and, upon such basis, deny said allegations.

119.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

120.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

121.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

122.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

123.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

124.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

125.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

126.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

127.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

128.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

129.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

130.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

131.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

132.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

133.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

134.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

135.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

136.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

137.    Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

138.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

139.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

140.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

141.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

142.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

143.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

144.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

145.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

146.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 146 of Plaintiff's First Amended

Complaint and, upon such basis, deny said allegations.

147.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 147 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

148.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

149.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 149 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

150.    Defendants admit the allegations contained in Paragraph 150 of Plaintiffs' First Amended Complaint.

151.    Defendants admit that Erwine appears to have been interviewed by someone associated with USA Today and that he made statements about his alleged experiences at Churchill County Sheriff's Office and deny the remaining allegations contained in Paragraph 151 of Plaintiffs' First Amended Complaint.

152.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 152 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

153.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

154.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 154 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

155.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 155 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

1    156.    Defendants are without sufficient knowledge or information with which to form a

2    belief as to the truth of the allegations contained in Paragraph 156 of Plaintiff's First Amended

3    Complaint and, upon such basis, deny said allegations.

4    157.    Defendants are without sufficient knowledge or information with which to form a

5    belief as to the truth of the allegations contained in Paragraph 157 of Plaintiff's First Amended

6    Complaint and, upon such basis, deny said allegations.

7    158.    Defendants are without sufficient knowledge or information with which to form a

8    belief as to the truth of the allegations contained in Paragraph 158 of Plaintiff's First Amended

9    Complaint and, upon such basis, deny said allegations.

10    159.    Defendants are without sufficient knowledge or information with which to form a

11    belief as to the truth of the allegations contained in Paragraph 159 of Plaintiff's First Amended

12    Complaint and, upon such basis, deny said allegations.

13    160.    Defendants are without sufficient knowledge or information with which to form a

14    belief as to the truth of the allegations contained in Paragraph 160 of Plaintiff's First Amended

15    Complaint and, upon such basis, deny said allegations.

16    161.    Defendants are without sufficient knowledge or information with which to form a

17    belief as to the truth of the allegations contained in Paragraph 161 of Plaintiff's First Amended

18    Complaint and, upon such basis, deny said allegations.

19    162.    Defendants are without sufficient knowledge or information with which to form a

20    belief as to the truth of the allegations contained in Paragraph 162 of Plaintiff's First Amended

21    Complaint and, upon such basis, deny said allegations.

22    163.    Defendants are without sufficient knowledge or information with which to form a

23    belief as to the truth of the allegations contained in Paragraph 163 of Plaintiff's First Amended

24    Complaint and, upon such basis, deny said allegations.

25    164.    Defendants are without sufficient knowledge or information with which to form a

26    belief as to the truth of the allegations contained in Paragraph 164 of Plaintiff's First Amended

27    Complaint and, upon such basis, deny said allegations.

28    165.    Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 165 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

166.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 166 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

167.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 167 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

168.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 168 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

169.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 169 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

170.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 170 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

171.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 171 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

172.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 172 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

173.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 173 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

174.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 174 of Plaintiff's First Amended

1    Complaint and, upon such basis, deny said allegations.

2        175.    Defendants are without sufficient knowledge or information with which to form a

3    belief as to the truth of the allegations contained in Paragraph 175 of Plaintiff's First Amended

4    Complaint and, upon such basis, deny said allegations.

5        176.    Defendants are without sufficient knowledge or information with which to form a

6    belief as to the truth of the allegations contained in Paragraph 176 of Plaintiff's First Amended

7    Complaint and, upon such basis, deny said allegations.

8        177.    Defendants are without sufficient knowledge or information with which to form a

9    belief as to the truth of the allegations contained in Paragraph 177 of Plaintiff's First Amended

10    Complaint and, upon such basis, deny said allegations.

11        178.    Defendants are without sufficient knowledge or information with which to form a

12    belief as to the truth of the allegations contained in Paragraph 178 of Plaintiff's First Amended

13    Complaint and, upon such basis, deny said allegations.

14        179.    Defendants are without sufficient knowledge or information with which to form a

15    belief as to the truth of the allegations contained in Paragraph 179 of Plaintiff's First Amended

16    Complaint and, upon such basis, deny said allegations.

17        180.    Defendants are without sufficient knowledge or information with which to form a

18    belief as to the truth of the allegations contained in Paragraph 180 of Plaintiff's First Amended

19    Complaint and, upon such basis, deny said allegations.

20        181.    Defendants are without sufficient knowledge or information with which to form a

21    belief as to the truth of the allegations contained in Paragraph 181 of Plaintiff's First Amended

22    Complaint and, upon such basis, deny said allegations.

23        182.    Defendants are without sufficient knowledge or information with which to form a

24    belief as to the truth of the allegations contained in Paragraph 182 of Plaintiff's First Amended

25    Complaint and, upon such basis, deny said allegations.

26        183.    Defendants are without sufficient knowledge or information with which to form a

27    belief as to the truth of the allegations contained in Paragraph 183 of Plaintiff's First Amended

28    Complaint and, upon such basis, deny said allegations.

184.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 184 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

185.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 185 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

186.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 186 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

187.    Paragraph 187 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required.  To the extent Paragraph 187 is deemed to contain factual allegations, these Defendants deny said allegations.

188.    Answering Defendants admit that Luke Busby was served with a copy of a trial subpoena for Zach Westbrook in advance of the March 15, 2022, trial date after Busby notified counsel that his client had been terminated by Washoe Tribe.

189.    Defendants admit the allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint.

190.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 190 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

191.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 191 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

192.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 192 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

193.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 193 of Plaintiff's First Amended

Complaint and, upon such basis, deny said allegations.

194.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 194 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

195.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 195 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

196.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 196 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

197.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 197 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

198.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 198 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

199.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 199 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

200.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 200 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

201.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 201 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

202.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 202 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

203.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 203 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

## ERWINE'S JOB SEARCH AFTER HIS TERMINATION FROM CHURCHILL COUNTY AND THE WASHOE TRIBE

204.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 204 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

205.     Defendants deny the allegations contained in Paragraph 205 of Plaintiffs' First Amended Complaint.

206.     Defendants deny the allegations contained in Paragraph 206 of Plaintiffs' First Amended Complaint.

207.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 207 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

208.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 208 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

209.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 209 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

210.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 210 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

211.     Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 211 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

212.     Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 212 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

213.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 213 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

214.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 214 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

215.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 215 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

216.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 216 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

217.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 217 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

218.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 218 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

219.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 219 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

220.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 220 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

221.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 221 of Plaintiff's First Amended

Complaint and, upon such basis, deny said allegations.

222.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 222 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

223.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 223 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

224.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 224 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

225.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 225 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

226.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 226 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

227.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 227 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

228.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 228 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

229.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 229 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

230.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 230 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

231.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 231 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

232.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 232 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

233.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 233 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

234.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 234 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

235.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 235 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

236.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 236 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

237.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 237 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

238.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 238 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

239.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 239 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

240.    Defendants are without sufficient knowledge or information with which to form a

belief as to the truth of the allegations contained in Paragraph 240 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

241.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 241 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

242.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 242 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

243.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 243 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

244.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 244 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

245.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first, third, and fourth sentences in Paragraph 245 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.  In answer to the second sentence of Paragraph 245, answering Defendants admit that Tracy worked for the New River Township Justice Court in Churchill County.  Defendants deny the last sentence of Paragraph 245 of Plaintiffs' First Amended Complaint.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. §1981 – RACIAL DISCRIMINATION

### (Against Westbrook, Leonard, Hall, and Burk)

246.    In answer to Paragraph 246 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 245 as though fully set forth herein at length.

247.    In answer to Paragraph 247 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 247 were deemed to apply to these answering Defendants, Defendants deny same.

248.    In answer to Paragraph 248 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 248 were deemed to apply to these answering Defendants, Defendants deny same.

249.    In answer to Paragraph 249 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 249 were deemed to apply to these answering Defendants, Defendants deny same.

250.    In answer to Paragraph 250 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 250 were deemed to apply to these answering Defendants, Defendants deny same.

251.    In answer to Paragraph 251 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 251 were deemed to apply to these answering Defendants, Defendants deny same.

252.    In answer to Paragraph 252 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 252 were deemed to apply to these answering Defendants, Defendants deny same.

253.    In answer to Paragraph 253 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 253 were deemed to apply to these answering Defendants, Defendants deny same.

254.    In answer to Paragraph 254 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 254 were deemed to apply to these answering Defendants, Defendants deny same.

255.    In answer to Paragraph 255 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 255 were deemed to apply to these answering Defendants, Defendants deny same.

256.    In answer to Paragraph 256 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 256 were deemed to apply to these answering Defendants, Defendants deny same.

257.    In answer to Paragraph 257 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 257 were deemed to apply to these answering Defendants, Defendants deny same.

258.    In answer to Paragraph 258 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 258 were deemed to apply to these answering Defendants, Defendants deny same.

259.    In answer to Paragraph 259 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 259 were deemed to apply to these answering Defendants, Defendants deny same.

260.    In answer to Paragraph 260 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 260 were deemed to apply to these answering Defendants, Defendants deny same.

261.    In answer to Paragraph 261 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 261 were deemed to apply to these answering Defendants, Defendants deny same.

262.    In answer to Paragraph 262 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 262 were deemed to apply to these answering Defendants, Defendants deny same.

263.    In answer to Paragraph 263 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 263 were deemed to apply to these answering Defendants, Defendants deny same.

**SECOND CLAM FOR RELIEF**

**42 U.S.C. 1983 – VIOLATION OF DUE PROCESS**

**PROTECTED LIBERTY INTEREST**

**(Against Trotter)**

264.    In answer to Paragraph 264 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 263 as though fully set forth herein at length.

265.    Defendants deny the allegations contained in Paragraph 265 of Plaintiff's First Amended Complaint.

266.    Defendants deny the allegations contained in Paragraph 266 of Plaintiff's First Amended Complaint.

267.    Defendants deny the allegations contained in Paragraph 267 of Plaintiff's First Amended Complaint.

268.    Answering Defendants admit that Erwine did not request, and was not given, a name clearing hearing, prior to the time the Trotter memorandum was placed in his file.

269.    Defendants deny the allegations contained in Paragraph 269 of Plaintiff's First Amended Complaint.

270.    Defendants deny the allegations contained in Paragraph 270 of Plaintiff's First Amended Complaint.

271.    Defendants deny the allegations contained in Paragraph 271 of Plaintiff's First Amended Complaint.

272.    Defendants deny the allegations contained in Paragraph 272 of Plaintiff's First Amended Complaint.

273.    Defendants deny the allegations contained in Paragraph 273 of Plaintiff's First Amended Complaint.

274.    Defendants deny the allegations contained in Paragraph 274 of Plaintiff's First Amended Complaint.

275.    Defendants deny the allegations contained in Paragraph 275 of Plaintiff's First Amended Complaint.

276.    Defendants deny the allegations contained in Paragraph 276 of Plaintiff's First Amended Complaint.

277.    Defendants deny the allegations contained in Paragraph 277 of Plaintiff's First Amended Complaint.

278.    Defendants deny the allegations contained in Paragraph 278 of Plaintiff's First Amended Complaint.

279.    Defendants deny the allegations contained in Paragraph 279 of Plaintiff's First Amended Complaint.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. 1983 – MONELL CLAIM**

**(Against Churchill County)**

280.    In answer to Paragraph 280 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 279 as though fully set forth herein at length.

281.    Defendants deny the allegations contained in Paragraph 281 of Plaintiff's First Amended Complaint.

282.     The first and second sentences to Paragraph 282 of Plaintiff's First Amended Complaint call for a legal conclusion, not facts, to which no response is required.  To the extent the first and second sentences of Paragraph 282 are deemed to contain factual allegations, these Defendants deny said allegations.  Defendants admit the allegations contained in the third sentence of Paragraph 282 of Plaintiffs' First Amended Complaint.

283.     Defendants deny the allegations contained in Paragraph 283 of Plaintiff's First Amended Complaint.

284.     Defendants deny the allegations contained in Paragraph 284 of Plaintiff's First Amended Complaint.

285.     Defendants deny the allegations contained in Paragraph 285 of Plaintiff's First Amended Complaint.

286.     Defendants deny the allegations contained in Paragraph 286 of Plaintiff's First Amended Complaint.

287.     Defendants deny the allegations contained in Paragraph 287 of Plaintiff's First Amended Complaint.

288.     Defendants deny the allegations contained in Paragraph 288 of Plaintiff's First Amended Complaint.

289.     Defendants deny the allegations contained in Paragraph 289 of Plaintiff's First Amended Complaint.

290.     Defendants deny the allegations contained in Paragraph 290 of Plaintiff's First Amended Complaint.

291.     Defendants deny the allegations contained in Paragraph 291 of Plaintiff's First Amended Complaint.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. 1985(2) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS –**

**OBSTRUCTING, JUSTICE**

**(Against Westbrook, Leonard, Hall, and Burk)**

292.     In answer to Paragraph 292 of Plaintiff's First Amended Complaint, Defendants

repeat and reallege each and every answer to Paragraphs 1 through 291 as though fully set forth herein at length.

293.    In answer to Paragraph 293 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 293 were deemed to apply to these answering Defendants, Defendants deny same.

294.    In answer to Paragraph 294 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 294 were deemed to apply to these answering Defendants, Defendants deny same.

295.    In answer to Paragraph 295 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 295 were deemed to apply to these answering Defendants, Defendants deny same.

296.    In answer to Paragraph 296 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 296 were deemed to apply to these answering Defendants, Defendants deny same.

297.    In answer to Paragraph 297 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 297 were deemed to apply to these answering Defendants, Defendants deny same.

298.    In answer to Paragraph 298 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 298 were deemed to apply to these answering Defendants, Defendants deny same.

299.    In answer to Paragraph 299 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the

1  allegations in Paragraph 299 were deemed to apply to these answering Defendants, Defendants

2  deny same.

**FIFTH CLAIM FOR RELIEF**

**42 U.S.C. 1985(3) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS –**

**DEPRIVATION OF RIGHTS AND PRIVILEGES**

**(Against Westbrook, Leonard, Hall, and Burk)**

7        300.     In answer to Paragraph 300 of Plaintiff's First Amended Complaint, Defendants

8  repeat and reallege each and every answer to Paragraphs 1 through 299 as though fully set forth

9  herein at length.

10        301.     In answer to Paragraph 301 of Plaintiff's First Amended Complaint, the

11  allegations contained therein do not apply to these answering Defendants.  In the event the

12  allegations in Paragraph 301 were deemed to apply to these answering Defendants, Defendants

13  deny same.

14        302.     In answer to Paragraph 302 of Plaintiff's First Amended Complaint, the

15  allegations contained therein do not apply to these answering Defendants.  In the event the

16  allegations in Paragraph 302 were deemed to apply to these answering Defendants, Defendants

17  deny same.

18        303.     In answer to Paragraph 303 of Plaintiff's First Amended Complaint, the

19  allegations contained therein do not apply to these answering Defendants.  In the event the

20  allegations in Paragraph 303 were deemed to apply to these answering Defendants, Defendants

21  deny same.

22        304.     In answer to Paragraph 304 of Plaintiff's First Amended Complaint, the

23  allegations contained therein do not apply to these answering Defendants.  In the event the

24  allegations in Paragraph 304 were deemed to apply to these answering Defendants, Defendants

25  deny same.

26        305.     In answer to Paragraph 305 of Plaintiff's First Amended Complaint, the

27  allegations contained therein do not apply to these answering Defendants.  In the event the

28  allegations in Paragraph 305 were deemed to apply to these answering Defendants, Defendants

deny same.

306.    In answer to Paragraph 306 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 306 were deemed to apply to these answering Defendants, Defendants deny same.

307.    In answer to Paragraph 307 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 307 were deemed to apply to these answering Defendants, Defendants deny same.

308.    In answer to Paragraph 308 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 308 were deemed to apply to these answering Defendants, Defendants deny same.

309.    In answer to Paragraph 309 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 309 were deemed to apply to these answering Defendants, Defendants deny same.

310.    In answer to Paragraph 310 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 310 were deemed to apply to these answering Defendants, Defendants deny same.

311.    In answer to Paragraph 311 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 311 were deemed to apply to these answering Defendants, Defendants deny same.

312.    In answer to Paragraph 312 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 312 were deemed to apply to these answering Defendants, Defendants

deny same.

313.    In answer to Paragraph 313 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 313 were deemed to apply to these answering Defendants, Defendants deny same.

314.    In answer to Paragraph 314 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 314 were deemed to apply to these answering Defendants, Defendants deny same.

315.    In answer to Paragraph 315 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 315 were deemed to apply to these answering Defendants, Defendants deny same.

316.    In answer to Paragraph 316 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 316 were deemed to apply to these answering Defendants, Defendants deny same.

317.    In answer to Paragraph 317 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 317 were deemed to apply to these answering Defendants, Defendants deny same.

## SIXTH CLAIM FOR RELIEF

## WRONGFUL TERMINATION/ TORTIOUS DISCHARGE

## (FEDERAL TORT CLAIMS ACT)

### (Against the United States)

318.    In answer to Paragraph 318 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 317 as though fully set forth herein at length.

319.    In answer to Paragraph 319 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 319 were deemed to apply to these answering Defendants, Defendants deny same.

320.    In answer to Paragraph 320 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 320 were deemed to apply to these answering Defendants, Defendants deny same.

321.    In answer to Paragraph 321 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 321 were deemed to apply to these answering Defendants, Defendants deny same.

322.    In answer to Paragraph 322 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 322 were deemed to apply to these answering Defendants, Defendants deny same.

323.    In answer to Paragraph 323 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 323 were deemed to apply to these answering Defendants, Defendants deny same.

324.    In answer to Paragraph 324 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 324 were deemed to apply to these answering Defendants, Defendants deny same.

325.    In answer to Paragraph 325 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 325 were deemed to apply to these answering Defendants, Defendants deny same.

326.    In answer to Paragraph 326 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 326 were deemed to apply to these answering Defendants, Defendants deny same.

327.    In answer to Paragraph 327 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 327 were deemed to apply to these answering Defendants, Defendants deny same.

328.    In answer to Paragraph 328 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 328 were deemed to apply to these answering Defendants, Defendants deny same.

329.    In answer to Paragraph 329 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 329 were deemed to apply to these answering Defendants, Defendants deny same.

330.    In answer to Paragraph 330 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 330 were deemed to apply to these answering Defendants, Defendants deny same.

**SEVENTH CLAIM FOR RELIEF**

**BAD FAITH DISCHARGE**

**(FEDERAL TORT CLAIMS ACT)**

**(Against the United States)**

331.    In answer to Paragraph 331 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 330 as though fully set forth herein at length.

332.    In answer to Paragraph 332 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 332 were deemed to apply to these answering Defendants, Defendants deny same.

333.    In answer to Paragraph 333 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 333 were deemed to apply to these answering Defendants, Defendants deny same.

334.    In answer to Paragraph 334 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 334 were deemed to apply to these answering Defendants, Defendants deny same.

335.    In answer to Paragraph 335 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 335 were deemed to apply to these answering Defendants, Defendants deny same.

336.    In answer to Paragraph 336 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 336 were deemed to apply to these answering Defendants, Defendants deny same.

337.    In answer to Paragraph 337 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 337 were deemed to apply to these answering Defendants, Defendants deny same.

338.    In answer to Paragraph 338 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 338 were deemed to apply to these answering Defendants, Defendants deny same.

339.    In answer to Paragraph 339 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 339 were deemed to apply to these answering Defendants, Defendants deny same.

340.     In answer to Paragraph 340 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 340 were deemed to apply to these answering Defendants, Defendants deny same.

341.     In answer to Paragraph 341 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 341 were deemed to apply to these answering Defendants, Defendants deny same.

342.     In answer to Paragraph 342 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 342 were deemed to apply to these answering Defendants, Defendants deny same.

343.     In answer to Paragraph 343 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 343 were deemed to apply to these answering Defendants, Defendants deny same.

344.     In answer to Paragraph 344 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 344 were deemed to apply to these answering Defendants, Defendants deny same.

345.     In answer to Paragraph 345 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 345 were deemed to apply to these answering Defendants, Defendants deny same.

346.     In answer to Paragraph 346 of Plaintiff's First Amended Complaint, the

allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 346 were deemed to apply to these answering Defendants, Defendants deny same.

## EIGHTH CLAIM FOR RELIEF

## BIVENS ACTION – VIOLATION OF 5th AMENDMENT RIGHT TO DUE PROCESS

### (Against Westbrook, Leonard, Hall)

347.    In answer to Paragraph 347 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 346 as though fully set forth herein at length.

348.    In answer to Paragraph 348 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 348 were deemed to apply to these answering Defendants, Defendants deny same.

349.    In answer to Paragraph 349 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 349 were deemed to apply to these answering Defendants, Defendants deny same.

350.    In answer to Paragraph 350 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 350 were deemed to apply to these answering Defendants, Defendants deny same.

351.    In answer to Paragraph 351 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 351 were deemed to apply to these answering Defendants, Defendants deny same.

352.    In answer to Paragraph 352 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 352 were deemed to apply to these answering Defendants, Defendants

deny same.

353.    In answer to Paragraph 353 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 353 were deemed to apply to these answering Defendants, Defendants deny same.

354.    In answer to Paragraph 354 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 354 were deemed to apply to these answering Defendants, Defendants deny same.

355.    In answer to Paragraph 355 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 355 were deemed to apply to these answering Defendants, Defendants deny same.

356.    In answer to Paragraph 356 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 356 were deemed to apply to these answering Defendants, Defendants deny same.

357.    In answer to Paragraph 357 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 357 were deemed to apply to these answering Defendants, Defendants deny same.

358.    In answer to Paragraph 358 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 358 were deemed to apply to these answering Defendants, Defendants deny same.

/ / /

/ / /

/ / /

**NINTH CLAIM FOR RELIEF**

**VIOLATION OF DUE PROCESS – NEVADA CONSTITUTION**

**(Against Churchill County, Trotter)**

359.    In answer to Paragraph 359 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 358 as though fully set forth herein at length.

360.    The first through fifth sentences of Paragraph 360 of Plaintiff's First Amended Complaint call for a legal conclusion, not facts, to which no response is required.  To the extent the first through fifth sentences of Paragraph 360 are deemed to contain factual allegations, these Defendants deny said allegations.  Defendants deny the remaining allegations contained in Paragraph 360.

361.    Defendants deny the allegations contained in Paragraph 361 of Plaintiff's First Amended Complaint.

362.    Defendants deny the allegations contained in Paragraph 362 of Plaintiff's First Amended Complaint.

363.    Defendants deny the allegations contained in Paragraph 363 of Plaintiff's First Amended Complaint.

364.    Defendants deny the allegations contained in Paragraph 364 of Plaintiff's First Amended Complaint.

365.    Defendants deny the allegations contained in Paragraph 365 of Plaintiff's First Amended Complaint.

366.    Defendants deny the allegations contained in Paragraph 366 of Plaintiff's First Amended Complaint.

367.    Defendants deny the allegations contained in Paragraph 367 of Plaintiff's First Amended Complaint.

368.    Defendants deny the allegations contained in Paragraph 368 of Plaintiff's First Amended Complaint.

**TENTH CLAIM FOR RELIEF**

**DEFAMATION**

**(Against Churchill County, Trotter, Westbrook, Leonard, Hall)**

369.    In answer to Paragraph 369 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 368 as though fully set forth herein at length.

370.    Defendants deny the allegations contained in Paragraph 370 of Plaintiff's First Amended Complaint.

371.    Defendants deny the allegations contained in Paragraph 371 of Plaintiff's First Amended Complaint.

372.    Defendants deny the allegations contained in Paragraph 372 of Plaintiff's First Amended Complaint.

373.    In answer to Paragraph 373 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 373 were deemed to apply to these answering Defendants, Defendants deny same.

374.    In answer to Paragraph 374 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 374 were deemed to apply to these answering Defendants, Defendants deny same.

375.    In answer to Paragraph 375 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 375 were deemed to apply to these answering Defendants, Defendants deny same.

376.    In answer to Paragraph 376 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 376 were deemed to apply to these answering Defendants, Defendants deny same.

377.    In answer to Paragraph 377 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 377 were deemed to apply to these answering Defendants, Defendants deny same.

378.    Defendants deny the allegations contained in Paragraph 378 of Plaintiff's First Amended Complaint.

379.    In answer to Paragraph 379 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 379 were deemed to apply to these answering Defendants, Defendants deny same.

380.    Defendants deny the allegations contained in Paragraph 380 of Plaintiff's First Amended Complaint.

381.    Defendants deny the allegations contained in Paragraph 381 of Plaintiff's First Amended Complaint.

382.    Defendants deny the allegations contained in Paragraph 382 of Plaintiff's First Amended Complaint.

383.    Defendants deny the allegations contained in Paragraph 383 of Plaintiff's First Amended Complaint.

384.    Defendants deny the allegations contained in Paragraph 384 of Plaintiff's First Amended Complaint.

385.    Defendants deny the allegations contained in Paragraph 385 of Plaintiff's First Amended Complaint.

**ELEVENTH CLAIM FOR RELIEF**

**DEFAMATION PER SE**

**(Against Churchill County, Trotter, Westbrook, Leonard, Hall)**

386.    In answer to Paragraph 386 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 385 as though fully set forth herein at length.

387.     Defendants deny the allegations contained in Paragraph 387 of Plaintiff's First Amended Complaint.

388.     Defendants deny the allegations contained in Paragraph 388 of Plaintiff's First Amended Complaint.

389.     Defendants deny the allegations contained in Paragraph 389 of Plaintiff's First Amended Complaint.

390.     In answer to Paragraph 390 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 390 were deemed to apply to these answering Defendants, Defendants deny same.

391.     In answer to Paragraph 391 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 391 were deemed to apply to these answering Defendants, Defendants deny same.

392.     In answer to Paragraph 392 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 392 were deemed to apply to these answering Defendants, Defendants deny same.

393.     In answer to Paragraph 393 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 393 were deemed to apply to these answering Defendants, Defendants deny same.

394.     In answer to Paragraph 394 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 394 were deemed to apply to these answering Defendants, Defendants deny same.

395.     Defendants deny the allegations contained in Paragraph 395 of Plaintiff's First Amended Complaint.

396.     Defendants deny the allegations contained in Paragraph 396 of Plaintiff's First Amended Complaint.

397.     Defendants deny the allegations contained in Paragraph 397 of Plaintiff's First Amended Complaint.

398.     Defendants deny the allegations contained in Paragraph 398 of Plaintiff's First Amended Complaint.

399.     Defendants deny the allegations contained in Paragraph 399 of Plaintiff's First Amended Complaint.

400.     Defendants deny the allegations contained in Paragraph 400 of Plaintiff's First Amended Complaint.

401.     Defendants deny the allegations contained in Paragraph 401 of Plaintiff's First Amended Complaint.

## TWELVETH CLAIM FOR RELIEF

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE EMPLOYMENT

### (Against Churchill County and Trotter)

402.     In answer to Paragraph 402 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 401 as though fully set forth herein at length.

403.     Defendants deny the allegations contained in Paragraph 403 of Plaintiff's First Amended Complaint.

404.     Defendants deny the allegations contained in Paragraph 404 of Plaintiff's First Amended Complaint.

405.     Defendants deny the allegations contained in Paragraph 405 of Plaintiff's First Amended Complaint.

406.     Defendants deny the allegations contained in Paragraph 406 of Plaintiff's First Amended Complaint.

407.     Defendants deny the allegations contained in Paragraph 407 of Plaintiff's First Amended Complaint.

408.    Defendants deny the allegations contained in Paragraph 408 of Plaintiff's First Amended Complaint.

409.    Defendants deny the allegations contained in Paragraph 409 of Plaintiff's First Amended Complaint.

**THIRTEENTH CLAIM FOR RELIEF**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**(Against Westbrook, Leonard, Hall, Burk)**

410.    In answer to Paragraph 410 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 409 as though fully set forth herein at length.

411.    In answer to Paragraph 411 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 411 were deemed to apply to these answering Defendants, Defendants deny same.

412.    In answer to Paragraph 412 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 412 were deemed to apply to these answering Defendants, Defendants deny same.

413.    In answer to Paragraph 413 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 413 were deemed to apply to these answering Defendants, Defendants deny same.

414.    In answer to Paragraph 414 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 414 were deemed to apply to these answering Defendants, Defendants deny same.

415.    In answer to Paragraph 415 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the

allegations in Paragraph 415 were deemed to apply to these answering Defendants, Defendants deny same.

416.    In answer to Paragraph 416 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 416 were deemed to apply to these answering Defendants, Defendants deny same.

417.    In answer to Paragraph 417 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 417 were deemed to apply to these answering Defendants, Defendants deny same.

418.    In answer to Paragraph 418 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 418 were deemed to apply to these answering Defendants, Defendants deny same.

419.    In answer to Paragraph 419 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these answering Defendants.  In the event the allegations in Paragraph 419 were deemed to apply to these answering Defendants, Defendants deny same.

## SECOND DEFENSE

Plaintiff's First Amended Complaint on file herein fails to state a claim against these Defendants upon which relief may be granted.

## THIRD DEFENSE

At all times and places alleged in Plaintiff's First Amended Complaint, the negligence, misconduct, and fault of Plaintiff exceeds that of these Defendants, if any, and Plaintiff is thereby barred from any recovery against these Defendants.

## FOURTH DEFENSE

The occurrence referred to in Plaintiff's First Amended Complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over

whom these Defendants have no control.

### FIFTH DEFENSE

It has been necessary for these Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed these Defendants as and for attorney's fees, together with its costs expended in this action.

### SIXTH DEFENSE

Defendants allege that at all times and places alleged in the First Amended Complaint, Plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid the loss herein complained of, and that same was directly and proximately contributed to and caused by the negligence, misconduct and fault of the Plaintiff.

### SEVENTH DEFENSE

Defendants allege that Plaintiff has failed to timely plead this matter and has thereby delayed the litigation and investigation of this claim to the prejudice of these Defendants and accordingly this action should be dismissed.

### EIGHTH DEFENSE

On information and belief, Defendants allege that Plaintiff's causes of action as set forth in the First Amended Complaint are barred by the statute of limitations as contained in Chapter 11 of the Nevada Revised Statutes and Federal law.

### NINTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff is estopped from asserting any cause of action whatever against these Defendants.

### ELEVENTH DEFENSE

Plaintiff, by his acts and conduct, has waived and abandoned any and all claims as alleged herein against these Defendants.

### TWELFTH DEFENSE

Defendants' alleged actions or omissions were taken with due care in the execution of the

statutes and regulations, and, therefore, these Defendants are statutorily immune from this action.

## THIRTEENTH DEFENSE

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, these Defendants are statutorily immune from this action.

## FOURTEENTH DEFENSE

An award of punitive damages against these Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

## FIFTEENTH DEFENSE

An award of punitive damages against these Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

## SIXTEENTH DEFENSE

An award of punitive damages against these Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

## SEVENTEENTH DEFENSE

An award of punitive damages against these Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

## EIGHTEENTH DEFENSE

An award of punitive damages against these Defendants should be barred since Plaintiff cannot establish that these Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner".

## NINETEENTH DEFENSE

The burden of proof on punitive damages should be by clear and convincing evidence.

1
                                 **TWENTIETH DEFENSE**

2
                Plaintiff's claims are barred for failure to exhaust all administrative remedies.

3
                          **TWENTY-FIRST DEFENSE**

4
        Plaintiff may have suffered from a pre-existing injury or condition and is not entitled to

5
compensation therefore.

6
                      **TWENTY-SECOND DEFENSE**

7
        Plaintiff did not have a protected property interest in continued employment with

8
Churchill County and, as such, Plaintiff fails to state a claim under 42 U.S.C. §1983 on which

9
relief may be granted

10
                      **TWENTY-THIRD DEFENSE**

11
        Any alleged statements made by these Defendants, if any, were statements of opinions,

12
not fact.

13
                      **TWENTY-FOURTH DEFENSE**

14
        At no time did these Defendants make a false or defamatory statement concerning

15
Plaintiff.

16
                      **TWENTY-FIFTH DEFENSE**

17
        Defendants did not publish an unprivileged statement concerning Plaintiff to a third

18
person.

19
                      **TWENTY-SIXTH DEFENSE**

20
        No custom or policy existed in Churchill County which caused a violation of Plaintiff's

21
constitutional rights.

22
                   **TWENTY-SEVENTH DEFENSE**

23
        Plaintiff is barred from the recovery of punitive damages against Churchill County and

24
Benjamin Trotter pursuant to NRS 41.035.

25
                    **TWENTY-EIGHTH DEFENSE**

26
        Plaintiff is barred from recovery of punitive damages against Churchill County and Ben

27
Trotter in his official capacity pursuant to 42 U.S.C. § 1988.

28

### TWENTY-NINTH DEFENSE

Any alleged statements made by these Defendants concerning Plaintiff, if any, as alleged in Plaintiff's First Amended Complaint were absolutely privileged.

### THIRTIETH DEFENSE

Any alleged statements made by these Defendants concerning Plaintiff, if any, as alleged in Plaintiff's First Amended Complaint were conditionally privileged.

### THIRTY-FIRST DEFENSE

Any alleged statements made by these Defendants concerning Plaintiff, if any, as alleged in Plaintiff's First Amended Complaint which were stated as fact were true.

### THIRTY-SECOND DEFENSE

No prospective contract existed between Plaintiff and any third party of which these Defendants were aware.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred by virtue of NRS 41.660.

### THIRTY-FOURTH DEFENSE

The Court should decline to accept jurisdiction of Plaintiff's state law claims.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of claim preclusion and issue preclusion.

### THIRTY-SIXTH DEFENSE

The liability of these Defendants, if any, is several and not joint.

### THIRTY-SEVENTH DEFENSE

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer, and therefore Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendants pray:

1. That Plaintiff's First Amended Complaint be dismissed with prejudice and that he take nothing thereby;

2.  That Defendants be awarded a reasonable attorney's fee and costs of suit; and

3.  For such other and further relief as this Court deems just and proper.

DATED this 3rd day of June, 2024.

THORNDAL ARMSTRONG, PC


By:    /s/ Katherine Parks
                KATHERINE F. PARKS, ESQ.
                6590 S. McCarran Blvd., Suite B
                Reno, Nevada 89509
                Attorney for Defendants
                CHURCHILL COUNTY and
                BENJAMIN TROTTER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing ANSWER TO FIRST AMENDED COMPLAINT to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__X__ United States District Court CM/ECF system

_____ personal delivery

_____ electronic means (fax, electronic mail, etc.)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Ave., #82**
**Reno, NV 89509**
*Attorney for Plaintiff*

**Paul A. Cardinale, Esq.**
**Melanie Bernstein Chapman, Esq.**
**Cardinale Fayard, APLC**
**3800 Watt Ave., Suite 245**
**Sacramento, CA  95821**

**Southern Nevada Office:**
**2460 Professional Court, Suite 110**
**Las Vegas, NV  89128**
**Attorneys for Defendants**
**Zachary Westbrook, John Leonard, and Michel Hall**

**Jason M. Frierson, Esq.**
**United States Attorney, District of Nevada**
**Patrick Rose, Esq.**
**Assistant United States Attorney**
**501 Las Vegas Blvd., So., Suite 1100**
**Las Vegas, NV  89101**
**Attorneys for Defendant**
**United States**

DATED this 3rd day of June, 2024.

_____
/s/ Laura Bautista
An employee of Thorndal Armstrong, PC

- 54 -