Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff Michael Erwine*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MICHAEL ERWINE, | 3:24-cv-00045-MMD-CSD |
| Plaintiff, | **RESPONSE IN OPPOSITION TO MOTION TO STAY DISCOVERY [ECF # 64]** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

COMES NOW, Plaintiff, MICHAEL ERWINE, by and through the undersigned counsel, and hereby files the following Response to the June 3, 2024 Motion to Stay Discovery filed by Defendants ZACHARY WESTBROOK, JOHN LEONARD AND MICHEL HALL.

This Response is made and based upon all of the pleadings and records on file for this proceedings together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

///

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

In Erwine's Amended Complaint [ECF No. 59], Erwine makes claims against Defendants ZACHARY WESTBROOK, JOHN LEONARD, AND MICHEL HALL for numerous violations of his civil rights as well as employment rights.  Erwine pleads Racial Discrimination in violation of 42 U.S.C. §1981, Conspiracy To Interfere With Civil Rights – Obstructing Justice in violation of 42 U.S.C. 1985(2), Conspiracy To Interfere With Civil Right – Deprivation Of Rights And Privileges in violation of 42 U.S.C. 1985(3), Violation Of 5th Amendment Right To Due Process, under a Biven Action, Defamation, Defamation Per Se, and Intentional Interference With Contractual Relations [See ECF No. 1].

The facts in this case involve a group of Washoe Tribe employees acting under the Indian Self-Determination and Education Assistance Act contract with the Washoe Tribe, who unjustly terminated Erwine after discovering he was a whistleblower in the law enforcement community.

**I. Background**

Plaintiff's original Complaint was initially filed on January 25, 2024.

On April 15, 2024 Plaintiff requested leave from the court to file an amended complaint to address issues cited by defendants United States, Churchill County, Benjamin Trotter, Zachary Westbrook, Jon Leonard, and Micahel Hall in their prospective motions to dismiss (ECF No. 43).

On May 20, 2024, the Court granted Erwine's Motion for Leave to Amend, and his Amended Complaint was filed at ECF No. 59 on that same date.

On June 3, 2024, the Defendants filed a Motion to Dismiss (ECF No. 62) and the Motion to Stay Before the Court.

In their Motion to Stay, the Defendants claim that sovereign immunity shields them from all of Erwine's claims. They argue that under FRCP 12(b)(1), this matter should be dismissed and that discovery should not be permitted until the Court rules on the Motion to Dismiss.

///

## II. Standard of Review

*Kor Media Group, LLC. v. Green,* 294 F.R.D. 579 (D. Nev. 2013) established a three-step criteria to evaluate whether a stay of discovery pending resolution of a potentially dispositive motion should be granted: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief.   While Defendants have filed a motion to dismiss under FRCP 12(b)(6), "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A stay of all discovery should only be ordered if the court is convinced that Erwine will be unable to state a claim for relief. See *Tradebay*, 278 F.R.D. at 603.

## III. Argument

In the landmark Supreme Court case *Lewis v. Clark,* 581 U.S. 155, 137 S. Ct. 1285 (2017), the court held that a suit brought against a tribal employee in his individual capacity for a tort committed in the scope of employment, the employee, not the tribe, is the real party in interest and the tribe's sovereign immunity is not implicated.

> The identity of the real party in interest dictates what immunities may be available. Defendants in an official-capacity action may assert sovereign immunity. An officer in an individual-capacity action, on the other hand, may be able to assert personal immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances. But sovereign immunity "does not erect a barrier against suits to impose individual and personal liability."
> There is no reason to depart from these general rules in the context of tribal sovereign immunity.

*Lewis v. Clarke*, 581 U.S. 155, 163, 137 S. Ct. 1285, 1292 (2017)(***internal citations omitted***)

     The Ninth Circuit recently revisited this issue following *Clark* in *Acres Bonusing, Inc v. Marston*, 17 F.4th 901 (9th Cir. 2021). It also held that the suit at issue was against the officials and others in their individual capacity, seeking damages from them as individuals, and thus fell within *Clark*—the individual, not the tribe, was the real party in interest and no immunity attached.

     These cases are not cited in the Defendants' Motion to Stay but are directly dispositive and require its denial. Defendants are sued in their individual capacities. The allegations in Erwine's Amended Complaint center around actions these individuals took within the scope of their roles at the Tribe, directly impacting Erwine's employment and subsequent professional difficulties. Erwine's claims aim to hold these individuals personally accountable for their conduct, seeking damages from them in their individual capacity rather than from the Tribe. *See* Amended Complaint at ECF No. 59, page 5.

     The *Lewis v. Clark* and *Acres Bonusing* decisions clearly delineate that such suits do not implicate Tribal sovereign immunity because the actions and the resulting liabilities are attributed to the officials in their individual capacities. This action does not challenge the Tribe directly nor seeks any relief from the Tribal entity itself. Instead, it focuses on the accountability of individual tribal employees, asserting that their actions within the scope of their employment are the basis for the claims filed. Under *Kor Media Group, LLC. v. Green*, 294 F.R.D. 579 (D. Nev. 2013), Defendants' Motion does not make a strong showing that Plaintiff will be unable to state a claim for relief.

///
///
///
///
///
///
///

4

**IV.   Conclusion**

WHEREFORE, Plaintiff requests that this Court deny Defendant's Motion To Stay Discovery.

Dated: Jun 17, 2024

By: */s/ Luke Busby*
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Katherine F. Parks, Esq.
Thorndal Armstrong
6590 S. McCarran Blvd. Suite B.
Reno, NV 89509

Patrick A Rose
U.S. Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
702-388-6336
Email: Patrick.Rose@usdoj.gov

Melanie Bernstein Chapman
2460 Professional Court # 110
Las Vegas, NV 89128
702-408-6332
Email: melanie.chapman@cardinalefayardlaw.com

Gene Burk
geneburke@msn.com

Jun 17, 2024

By: /s/ Luke Busby, Esq._____

6