JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada, CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X inclusive,<br><br>　　　　　Defendants. | Case No. 3:24-cv-00045-MMD-CSD<br><br>**Reply in Support of United States' Motion to Dismiss First Amended Complaint** |

Defendant United States submits this reply in support of its Motion to Dismiss First Amended Complaint, ECF No. 66 ("Motion"), and in response to the opposition, ECF No. 72 ("Opposition") filed by Plaintiff Erwine.[1]

---

[1] Unless otherwise indicated, all other capitalized and abbreviated terms have the meanings ascribed to them in the Motion.

## I. Introduction

In its Motion, the United States showed that Erwine failed to exhaust administrative remedies. He asserted in his SF 95 a due process claim, which is not cognizable under the FTCA. He did not assert in his SF 95 the type of substantive, state-law tort claims for his firing (tortious and bad faith discharge) that he brings in the First Amended Complaint, ECF No. 59. Such a failure to exhaust FTCA administrative remedies deprives this Court of subject matter jurisdiction over the FTCA claims. Additionally, the United States showed that Erwine's factual allegations (rather than labels and legal conclusions) fail to establish plausible claims of tortious discharge and bad faith discharge of employment. Finally, Erwine included prayers for certain types of relief that are not available under the FTCA.

In response, Erwine relies on conclusory allegations, and he invents new allegations that are not in his amended complaint. He fails to address, and thereby concedes, that his prayers for certain types of relief are not available under the FTCA.

## II. Argument

### A. Erwine Did Not Exhaust Administrative FTCA Remedies with a Due Process Claim, which Was Not Cognizable under the FTCA.

A due process claim is not cognizable as an FTCA claim. *See FDIC v. Meyer*, 510 U.S. 471, 474, 476–77 (1994); *see also McMillan v. Dep't of Interior*, 907 F. Supp. 322, 327 (D. Nev. 1995) (The United States has not waived sovereign immunity for claims of constitutional violations.) (citations omitted). More generally, violations of federal law cannot serve as the bases for FTCA claims. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025–6 (9th Cir. 2001) (federal statute); *Irish v. United States*, No. 2:14-cv-01349-LDG, 2015 WL 4622743, at *2 (D. Nev. Aug. 3, 2015) (federal court order); *Rumph v. United States*, No. 03-3152-cv-s-RED, 2005 WL 1006452, at *6 (W.D. Mo. April 4, 2005) (Army regulation). An FTCA claim must be based on state law under circumstances where a private person would be liable. *See Meyer*, 510 U.S. at 477–78 (1994); *Delta Sav. Bank*, 265 F.3d at 1024–26.

Erwine submitted to the agency a claim that he was "denied any due process." ECF No. 66-2 at 2 of 5. In doing so, he submitted a procedures-based, constitutional claim that is not cognizable under the FTCA and that is barred by sovereign immunity. He did not present to the agency substantive, state law, tort claims based on the reasons for his firing. He did not present to the agency the types of claims that he now asserts against the United States in his sixth and seventh claims for relief (tortious and bad faith discharge). Therefore, Erwine did not exhaust FTCA administrative remedies before filing in court the tortious and bad faith discharge claims.

It does no good for Erwine to argue that his administrative due process claim was something other than a federal constitutional claim. Opp. at 5:8–11. The violation of a state constitutional provision is not cognizable as an FTCA claim because a private person would not be held liable under similar circumstances. *See Agro Dynamics, LLC v. United States*, No. 20-cv-2082-JAH-KSC, 2023 WL 6130813, at *11–12 (S.D. Cal. Sept. 19, 2023); *Blanchard v. County of Los Angeles*, No. 8:19-cv-2438-JVS (DFM), 2022 WL 17081308, at *3–4 (C.D. Cal. Aug. 25, 2022). Additionally, Erwine cites no authority for an implicit proposition that the United States has waived sovereign immunity for a less-than-constitutional version of a due process claim (if such an animal exists). Waivers of sovereign immunity must be express, not implied, and limitations of waivers are strictly observed. *See McMillan*, 907 F. Supp. at 325 (citation omitted). Given that the United States cannot be liable under the FTCA for violations of a constitution, federal statute, or federal regulation, *a fortiori* the United States cannot be liable under the FTCA for violation of a federal (or tribal) policy.[2]

---

[2] The Ninth Circuit did not hold otherwise in *Miller*, where the court addressed certain investigative procedures relative to the discretionary function exception, not the merits of the claims. *Miller v. United States*, 992 F.3d 878, 891–93 & n.6 (9th Cir. 2021); *see also id*. at 866 & n. 3. As in *Chadd v. United States*, Erwine conflates the separate analyses of subject matter jurisdiction and the merits, 794 F.3d 1104, 1111–12 (9th Cir. 2015).

Erwine also cites two cases for the proposition that "skeletal," administrative claims can be sufficient: *Wanjala v. United States*, No. 10-486-AC, 2011 U.S. Dist. LEXIS 115953 (D. Ore. July 22, 2011); and *Avery v. United States*, 680 F.2d 608 (9th Cir. 1982). A skeletal administrative claim, which informs the agency of the nature of the alleged injury and the amount of damages is, relatively straightforward in cases of car accidents or premises liability hazards, as in *Wanjala* and *Avery*. Yet the contents of an administrative claim still matter. In *Wanjala*, the court dismissed plaintiff's personal injury suit because his pre-filing, administrative claim included only property damage, not personal injuries, 2011 U.S. Dist. LEXIS 115953, at *2, *3, *8. In *Blair v. IRS*, the court upheld dismissal of plaintiff's medical expense claim because plaintiff had submitted an administrative claim only for lost wages, 304 F.3d 861, 869 (9th Cir. 2002). As discussed above, Erwine's administrative claim (that tribal/federal procedures were not followed) is not the same as the instant tort claims that the reason for his firing was in violation of state public policy or in breach of a term implied into an employment contract, especially where an employment contract has not been plausibly alleged, as discussed below. For these reasons, Erwine's administrative due process claim was not cognizable under the FTCA and did not exhaust FTCA administrative remedies.

**B.    Erwine's Factual Allegations Do Not Establish a Plausible Claim of Tortious Discharge.**

Erwine's labels of putative "unlawful" arrests are conclusory and not to be credited. *Cf. Iqbal*, 556 U.S. at 679–680 (assertion of an "unlawful agreement" was a deficient, conclusory allegation) (explaining *Twombly*, 550 U.S. at 555). Where the facts and the context indicate acts that are "consistent" with lawful or unlawful conduct, the plaintiff has not nudged his claim over the line for a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Erwine's allegations, at best, show debates about probable cause. Erwine cites no case where such a debate constituted the basis for a claim of tortious discharge in violation of state public policy. The rare, public policy-based claim of tortious discharge should not turn on mini-trials about whether

4

probable cause existed in one or all of the three incidents years ago. *Cf. Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (In judging whether employer's proffered justifications were 'false,' it is not important whether they were *objectively* false (e.g., whether Villiarimo *actually* lied); courts 'only require that an employer honestly believed its reason for its action, even if its reason is 'foolish or trivial or even baseless.''); *Aguilera v. Baca,* 510 F.3d 1161, 1171 (9th Cir. 2007) (in civil rights case brought by employees of county sheriff's department, court explained that it will not act as a "super-personnel board to micromanage the employment actions of law enforcement professionals.").

Additionally, as shown in the Motion, for two of the three instances alleged by Erwine, orders were not actually given and refused. *See* Mot. at 7:21-28, 8:1-18, 9:6-28. For the third incident, the disciplinary documents indicate probable cause to arrest a resident who had failed to register with the tribal jurisdiction as a sex offender under NRS 179D.460. *See* ECF No. 66-3 at 13 of 18.

Finally, a tortious discharge claim cannot be established by a mixed motive theory; the public policy-protected conduct must be the proximate cause of the discharge. *See Allum v. Valley Bank of Nevada*, 970 P.2d 1062, 1066, 1069 (Nev. 1998); *see also Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995) ("The gravamen of the tort is the employer's improperly dismissing an employee for public policy-related causes."); *cf. Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360–62 (2013) (rejecting mixed-motive standard and endorsing but-for causation standard and in Title VII retaliation claims). Erwine argues that so-called illegal directives to arrest suspects "were factors" that significantly "motivated" his firing. Opp. at 6:10, 7:16. That partial motive theory is insufficient. The Tribe fired Erwine based on a totality of circumstances from multiple incidents and concerns. *See* Mot. at 10:5-13 (and exhibits cited therein). And Erwine's attempts to refute each of the many grounds for the firing are insufficient. *Cf. Villiarimo*, 281 F.3d at 1063; *Aguilera*, 510 F.3d at 1171, *supra*. This case is not an appeal of a termination decision. The well-pled factual allegations, referenced documents, and context here do not establish a

plausible claim that Erwine was fired because of a public policy-based act. As a result, the Court should dismiss the tortious discharge claim (sixth claim for relief).

### C. Erwine's Factual Allegations Fail to Establish a Plausible Claim of Bad Faith Discharge of Employment.

A claim for bad faith discharge requires an employment contract, a special relationship, and conduct that goes beyond that of merely breaching the contract. *See Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 555 (Nev. 1995). In *K Mart Corp. v. Ponsock*, 732 P.2d 1364 (Nev. 1987), the employer hired the plaintiff "until retirement," but then fired him six months before retirement to divest him of retirement rights. *Martin*, 899 P.2d at 555 (explaining *Ponsock*). Erwine alleges nothing similar to *Ponsock*.

As in *Martin*, 899 P.2d at 555, Erwine's allegations do not establish an employment contract between the Tribe and him. Erwine refers to a contract between the Tribe and the BIA that is not signed by Erwine and does not govern the terms of his employment. *See* First Am. Compl. ¶ 332; ECF No. 66-4. Erwine suggests that there is a different contract between the Tribe and the BIA, but that would still be a contract to which Erwine is not a party.[3]

Employment at-will is not automatically transformed to employment terminable for cause merely because of the existence of an employees' handbook explaining a company's policies regarding termination. *Bullard v. Las Vegas Valley Water Dist.*, No. 2:15-cv-00948-JAD-VCF, 2018 WL 715358, at *8–9 (D. Nev. Feb. 5, 2018). And employment for an indefinite term is characteristic of an at-will relationship. *Bally's Grand Employees' Fed. Credit Union v. Wallen*, 779 P.2d 956, 958 (Nev. 1989) (citations omitted). The only document signed and provided by Erwine states that his "position is for no set term, and that our employment relationship is strictly voluntary on both sides." ECF No. 72-1 at 8 of

---

[3] The Compact of Self-Governance provides, among other things, that the Tribe will be covered by the FTCA. ECF No. 66-4 at 7 of 13, Sec. 16. That tort/sovereign immunity provision does not constitute an employment contract between the Tribe and Erwine.

6

11. No benefits or policies alter such relationship. ECF No. 72-1 at 8 of 11.[4] Erwine's allegations and referenced documents do not establish an employment contract between Erwine and the Tribe.

In his Opposition, Erwine impermissibly attempts to supplement the allegations of his already amended complaint. He states in conclusory fashion that he is a third-party beneficiary of a contract between the Tribe and the BIA. Opp. at 10:1–11. There are at least two problems with this assertion. First, there are no such allegations in the amended complaint. "'It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged . . .'" *Twombly*, 550 U.S. at 563 n.8 (alteration and ellipsis in original) "We think Plaintiffs must stand on the contents of their Complaint; their Opposition, to the extent it is a claim for damages [rather than injunctive relief as pled in the complaint] is therefore ineffective. *Duval Ranching Co. v. Glickman*, 965 F. Supp. 1427, 1434 (D. Nev. 1997) (citations omitted).

Second, such a conclusory assertion of third-party beneficiary status is insufficient. *See Prof-2013-S3 Legal Title Tr., by U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC,* No. 217-cv-2079-JAD-PAL, 2018 WL 2465177, at *7 (D. Nev. May 31, 2018) (finding insufficient a complaint's conclusory allegation and formulaic recitation of third-party-beneficiary status). Moreover, "[d]emonstrating third-party beneficiary status in the context of a government contract is a comparatively difficult task." *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JP Morgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033–34 (9th Cir. 2012) (alteration in original) (citation omitted). "'Parties that benefit from a government contract are generally assumed to be incidental beneficiaries,'" rather than intended beneficiaries, so they "'may not enforce the contract absent a clear intent to the contrary.'" *Id.* (citation omitted). "This 'clear intent' hurdle is a high one that is not satisfied by a contract's recitation of interested constituencies . . . ." *Id.* (citation omitted). Erwine's factual allegations do not establish that Erwine was an intended third-party beneficiary of a

---

[4] Erwine does not allege a definite term of employment, that he could be fired only for cause, or claim breach of contract for being fired without cause.

7

contract between the Tribe and the BIA. With no employment contract, there can be no tortious breach of an implied covenant (bad faith).

Thus, Erwine's factual allegations do not establish that he was a party to an employment contract with a special relationship or that the Tribe's firing of him went well beyond merely breaching such a contract. Therefore, the Court should dismiss the bad faith discharge claim (seventh claim for relief).

### D. Erwine Concedes by Silence that the FTCA Precludes Punitive Damages, Attorney's Fees, Prejudgment Interest, and a Jury Trial Against the United States.

The United States showed that an FTCA plaintiff has no right to punitive damages, attorney's fees, prejudgment interest, or a jury trial. *See* Mot. at 11:14–27. Erwine fails to address these points and authorities. *See Corey v. McNamara*, 409 F. Supp. 2d 1225, 1229 (D. Nev. 2006) (finding that plaintiff "failed to provide points and authorities in opposition to [certain] ground[s] for dismissal"), *aff'd on other grounds*, 265 Fed. App'x 555, (9th Cir. Jan. 24, 2008).

### III. Conclusion

Rather than presenting to the agency an administrative claim asserting torts based on the reasons for his firing, Erwine presented a claim that he was not afforded constitutional due process in the lead up to his firing. That due process claim was not cognizable under the FTCA, so Erwine failed to exhaust administrative remedies for the instant state law claims that his firing was in violation of Nevada public policy or was a tortious breach of an employment contract. Additionally, Erwine's factual allegations, the referenced documents, and the context here fail to establish plausible claims of tortious discharge and bad faith discharge of employment. Finally, Erwine requests awards and a

1 | jury trial that are prohibited by the FTCA. For these reasons, the Court should dismiss the
2 | United States from this action.

3 |     Respectfully submitted this 24th day of June 2024.

                            JASON M. FRIERSON
                            United States Attorney

                            */s/  Patrick A. Rose*
                            PATRICK A. ROSE
                            Assistant United States Attorney

# CERTIFICATE OF SERVICE

I, Vera A. Minkova, certify that, in addition to service on registered electronic filers via the Court's CM/ECF system, the following individual was served with the foregoing Reply in Support of United States' Motion to Dismiss First Amended Complaint on this date by the below identified method of service:

**Electronic Mail** (per consent given June 24, 2024):

Gene M. Burke
POB 685
Ridgefield, Washington 98642
Email: geneburke@msn.com

*Defendant Pro Se*

Dated this 24th day of June 2024.

/s/ Vera A. Minkova
Vera A. Minkova, Paralegal Specialist