JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>CHURCHILL COUNTY, a political<br>subdivision of the State of Nevada,<br>CHURCHILL COUNTY SHERIFF<br>BENJAMIN TROTTER; UNITED<br>STATES OF AMERICA, ZACHARY<br>WESTBROOK, JON LEONARD,<br>MICHEL HALL, GENE BURK; and<br>DOES I through X inclusive,<br><br>                    Defendants. | Case No. 3:24-cv-00045-MMD-CSD<br><br><br>**Reply to Response to**<br>**United States' Motion to Stay Discovery** |

The United States submits this reply to Plaintiff Erwine's response, ECF No. 82 ("Response") to the United States' Motion to Stay Discovery, ECF No. 71 ("Motion").[1]

### I.    Introduction

The United States has two pending motions to dismiss, which raise threshold issues of sovereign immunity and lack of subject matter jurisdiction. Mot. Dism., ECF No. 66; Mot. Dism. Intent. Tort Claims, ECF No. 78. Those issues are prime examples of the type

---

[1] Unless otherwise indicated, all other capitalized and abbreviated terms have the meanings ascribed to them in the Motion.

that warrant a stay of discovery until the issues can be addressed through pending dispositive motions. Additionally, the Supreme Court has explained that discovery is not the cure for a complaint that fails to plead facts (rather than conclusions) showing plausible claims for relief.

In his Response, Erwine fails to address the grounds of sovereign immunity and subject matter jurisdiction that warrant a stay. Additionally, he repeats his complaint's conclusory labels. *Compare* Response at 4 (Erwine received "unlawful" orders to arrest suspects) *with Ashcroft v. Iqbal*, 556 U.S. 662, 679–680 (2009) (allegation of an "unlawful agreement" was conclusory and insufficient) (explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Discovery should be stayed.

## II.   Argument

### A.   The United States' Motions to Dismiss Raise Threshold Issues of Jurisdiction and Sovereign Immunity that Must Be Decided Before the Parties Launch into Discovery, If at All.

"[C]ommon situations warranting a stay pending a ruling on dispositive motions include when the dispositive motions raise issues of jurisdiction, venue, or immunity." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013). Indeed, a federal court may not address the merits of a claim without first satisfying itself that jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *Peoples v. Wells Fargo Bank*, No. 2:07-cv-0125-RCJ-PAL, 2008 WL 199713, at *2 (D. Nev. Jan. 18, 2008) ("Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case."). The United States has argued that Erwine failed to exhaust FTCA administrative remedies for his asserted state law tort claims. *See* Mot. Dism., ECF No. 66. That is a failure to satisfy a condition precedent to both the United States' waiver of sovereign immunity and this Court's subject matter jurisdiction to hear the claims. *See* Mot. Dism. at 5–6, ECF No. 66.

Furthermore, there is no sovereign immunity—there is no subject matter jurisdiction—for the claims of defamation (tenth claim for relief), defamation per se (eleventh claim for relief), and intentional interference with contractual relations (thirteenth claim for relief). *See* Mot. Dism. Intent. Tort Claims, ECF No. 78. Congress excepted these intentional tort claims from the United States' sovereign immunity. 28 U.S.C. § 2680(h). Where "the statute that waives sovereign immunity places 'limitations and conditions upon the waiver,' those limitations are to be 'strictly observed and exceptions thereto are not to be implied.'" *Levin v. United States*, 663 F.3d 1059, 1063 (9th Cir. 2011) (citations omitted). Pending adjudication of these issues of sovereign immunity and subject matter jurisdiction, discovery should not proceed.

**B.      Discovery Should Not Proceed in the Absence of Plausible Claims for Relief.**

In deciding to stay discovery, a court considers whether (1) the pending motion to dismiss is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the potentially dispositive motion can be decided without discovery. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *Ministerio Roca Solida*, 288 F.R.D. at 504, 506. The United States' motions to dismiss, ECF Nos. 66, 78, satisfy these grounds.

Erwine leans on the language that came from the bygone *Conley* era of pleading. *See, e.g.*, Resp. at 3–4 (a stay should be ordered if the court is "convinced that [plaintiff] will be unable to state a claim for relief") (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)); *see also Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (complaint should not be dismissed unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In 2007, the Supreme Court retired *Conley's* language "as an incomplete, negative gloss on an accepted pleading standard . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court also "held [] that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009) (citing *Twombly*, 550 U.S. at 559); *see also*

*Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . . ."). "We decline respondent's invitation to relax the pleading requirement on the ground that the [court] promises petitioners minimally intrusive discovery." *Iqbal*, 556 U.S. at 686. Indeed, the Supreme Court indicated that stating a plausible claim for relief is a condition precedent to discovery: Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Id*. at 686.[2]

Erwine's allegations (that Tribal defendants gave "unlawful" orders and failed to follow procedures/due process) are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Discovery should not proceed pending adjudication of the several motions challenging subject matter jurisdiction and the pleading sufficiency of the amended complaint.

///
///
///
///
///
///
///
///
///
///
///
///

___
[2] Furthermore, "[i]t is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." *Id*. at 685.

4

**III.**     **Conclusion**

In its motions to dismiss, ECF Nos. 66, 78, the United States raised threshold issues of sovereign immunity and subject matter jurisdiction. Those issues represent common situations where this Court has stayed discovery pending adjudication of dispositive motions. Additionally, when the Supreme Court clarified and tightened the pleading standard in the *Twombly* and *Iqbal* cases, it also held that discovery is not the cure for a deficient complaint. Well-pled factual allegations (rather than labels and conclusions) should show plausible claims for relief before the parties conduct discovery. For these reasons, the United States respectfully submits that discovery should be stayed, pending adjudication of its motions to dismiss, ECF Nos. 66, 78.

Respectfully submitted this 5th day of July 2024.

JASON M. FRIERSON
United States Attorney

 /s/  Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney