Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave., #82
Reno, Nevada 89509
Telephone: (775) 453-0112
Facsimile: (775) 403-2192
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No.:   3:24-cv-00045-MMD-CSD<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to the requirements of Fed. R. Civ. P. 26(f) and LR 26-1, the Plaintiff and Defendants hereby submit the following Stipulated Discovery Plan and Scheduling Order in the above-captioned matter.

A.    Information Requested by Fed. R. Civ. P. 26(f):

1.    Counsel for the parties conducted a meeting pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1 on Tuesday, August 6, 2024.  Pursuant to an agreement between the parties, the parties will serve initial disclosures in accordance with Federal Rule of Civil Procedure 26(a) on or before Tuesday, August 20, 2024.

2. Discovery may be conducted on all discoverable matters relevant to issues raised by the First Amended Complaint, ECF No. 59 (as modified by the Court's Order, ECF No. 89), Answers, and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

3. No changes or limitations, other than those set forth below, set by either the Federal Rules of Civil Procedure or Local Rules for the District of Nevada are requested at this time.

An extended period of time for the completion of discovery is necessary in this case. In addition to the fact that this lawsuit includes wrongful termination claims against two different employers for whom Erwine worked between December of 2015, and March of 2022, the Defendants will be required to seek documents from, and take depositions of, numerous representatives of the law enforcement agencies by whom Erwine claims to have been rejected because of actions of the Defendants. Numerous such law enforcement agencies are located out of state (Dallas, Texas, Greenville, South Carolina, Denver, Colorado, San Francisco, California, Nashville, Tennessee, New Orleans, Louisiana and others). Churchill County and Trotter anticipate, based upon discovery conducted in the prior lawsuit filed by Erwine against the County and Trotter (Case No. 3:18-cv-00461), that obtaining documents and information from the law enforcement agencies identified in Plaintiff's First Amended Complaint will require court intervention due to the confidential nature with which law enforcement officers treat applications and background checks on applicants for employment.

Churchill County and Ben Trotter seek leave to conduct depositions in excess of the ten-deposition limit set forth in FRCP 30. This lawsuit arises out of Plaintiff's allegations that he was prevented from obtaining employment as a law enforcement

officer with more than 16 law enforcement agencies, numerous of which are located out of state, as a result, in part, of information contained in the "Trotter Memorandum" more fully described in Plaintiff's First Amended Complaint.  In addition to taking the deposition of Erwine, as well as the deposition of Sarah Tracy (witness identified in Paragraph 245 of Plaintiff's First Amended Complaint), Churchill County and Ben Trotter must subpoena records and take the depositions of the person most knowledgeable regarding Erwine's rejection from employment from each of the agencies identified in the First Amended Complaint.

   B.  Information Requested by LR 26-1:

   1.  Discovery Cut-Off Date:

The parties request three hundred (300) days from August 6, 2024, which is the date of the early case conference.

All discovery must be completed no later than Monday, June 2, 2025.  When producing documents responsive to a discovery request, the documents shall be numbered and the responsive documents shall be specifically referred to by bates-number in the response.

The parties anticipate that their initial, supplemental, and responsive production of materials will be in .pdf and/or paper formats. Such production may be served by electronic means. The parties understand that the United States' productions of electronic files including .pdfs must typically be made via encrypted means, e.g., an encrypted disc, with password provided separately, or use of the United States' cloud-based file exchange portal, "USAfx." Should any technical difficulties arise with these encrypted means, counsel will make good faith efforts to meet, confer, and resolve the difficulties.

The claims against the United States, arising under the Federal Tort Claims Act, are subject to a bench trial, so there is no issue about the viewing of electronic evidence during jury deliberations. Counsel will further discuss and address the presentation of electronic exhibits at trial in connection with the joint pretrial order, pretrial conference, and/or calendar call, as applicable and appropriate.

2. Amending the Pleadings and Adding Parties:

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days after the Rule 26(f) conference and, therefore, not later than November 4, 2024 . Any party causing additional parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):

The last day for disclosures required by Fed. R. Civ. P. 26(a)(2) concerning experts shall be Thursday, April 3, 2025. The last day for disclosures regarding rebuttal experts shall be Friday, May 5, 2025.

4. Dispositive Motions:

The parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, not later than Wednesday, July 2, 2025.

5. Pretrial Order:

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than Wednesday, August 1, 2025. In the event dispositive motions are filed, the last day to file the Joint Pretrial Order shall be suspended until thirty (30) days after the ruling on the dispositive motions.

    D.    Certifications

    1.    By signing below, the parties make the following certifications:

The parties have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Plaintiff requests that this matter be assigned to Early Neutral Evaluation program under LR 16-6(a) and believes this is required under LR 16-6(a) as Plaintiff's First Amended Complaint alleges a racial discrimination claim.

Churchill County and Ben Trotter are opposed to assignment of this Case to the Early Neutral Evaluation Program. Churchill County and Ben Trotter participated in an Early Neutral Evaluation (followed by private mediation and court supervised settlement conferences) in Case No. 3:18-cv-00461-RCJ-WGC on February 4, 2019, on the same claims brought against them as are set forth in Plaintiff's First Amended Complaint. Under these circumstances, Churchill County and Trotter believe assignment of this case to the ENE program is unwarranted. In addition, Churchill County and Ben Trotter submit that LR II 16-6(a) does not apply to the claims brought against them in this case.

The United States respectfully submits that the Court's Early Neutral Evaluation program is not applicable to Plaintiff's tort claims against the United States. Additionally, with the history and pending motions to dismiss, the United States is not confident that an ENE (a pre-discovery, settlement conference) would be a productive use of the parties and the Court's time and resources.

///

DATED: August 14, 2024

BY: ___/s/ Melanie Bernstein Chapman___
Paul A. Cardinale
Nevada State Bar Number 8394
Melanie Bernstein Chapman
Nevada State Bar Number 6223
CARDINALE FAYARD, APLC

2460 Professional Court, Suite 110
Las Vegas, NV 89128
Tel: (702) 342-8116
Paul.Cardinale@cardinalefayardlaw.com
Melanie.Chapman@cardinalefayardlaw.com

Dated:  August 14, 2024

BY: ___/s/ Luke Busby___
Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave., #82
Reno, Nevada 89509
Telephone:  (775) 453-0112
Facsimile:  (775) 403-2192
luke@lukeandrewbusbyltd.com

DATED: August 14, 2024

BY: ___/s/ Patrick A. Rose___
Patrick A Rose
U.S. Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
702-388-6336
Email: Patrick.Rose@usdoj.gov

DATED: August 14, 2024

BY: ___/s/ Katherine Parks___
Katherine F. Parks
Thorndal Armstrong, PC
6590 S. McCarran Blvd.
Suite B
Reno, NV 89509
775-786-2882
Email: kfp@thorndal.com

Dated:  August 14, 2024

BY: ___/s/ Gene Burke___
Gene Burke
geneburke@msn.com
*Pro Se*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED: _____**