UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ERWINE,<br><br>                    Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-00045-MMD-CSD<br><br>ORDER |

## I.  SUMMARY

Plaintiff Michael Erwine sued Defendants Sheriff Benjamin Trotter and Churchill County, the United States of America, Michel Hall, John Leonard, Zachary Westbrook, and Gene Burke for alleged violations of his rights under the federal and state Constitution, and Nevada state law, generally arising out of his tenure and termination as a police officer with first Churchill County and later the Washoe Tribe of Nevada and California. (ECF No. 59 ("FAC").) Before the Court is the United States of America's motion to dismiss Erwine's remaining claims[1] against it.[2] (ECF No. 66 ("Motion").)[3] As further explained below, the Court grants the Motion because Erwine failed to exhaust his administrative remedies pertinent to his remaining claims against the United States.

---

[1] Erwine stipulated with the Washoe Tribe Defendants and the United States to dismiss three of his claims against them. (ECF No. 91.)

[2] Erwine responded (ECF No. 72) and the United States replied (ECF No. 76).

[3] The Court will address Defendants Michel Hall, John Leonard, Zachary Westbrook (collectively, the "Washoe Tribe Defendants")'s motion to dismiss (ECF No. 62) and related motion to supplement it (ECF No. 105) in one or more separate orders. Gene Burke joined what the Court construes as Washoe Tribe Defendants' motion to dismiss—he labelled it ECF No. 40, but he seems to have been referring to ECF No. 62. (ECF No. 81.) The pending motions seeking reconsideration and stays of discovery will be referred to United States Magistrate Judge Craig S. Denney. (ECF Nos. 100, 106.) This order does not address any of those motions.

## II. BACKGROUND

The Court incorporates by reference its description of the allegations in both Erwine's original complaint and operative FAC from its prior order granting Erwine's motion for leave to file an amended complaint. (ECF No. 58 at 2-3.) Those factual allegations remain the pertinent factual allegations before the Court.

Only Trotter and Churchill County opposed Erwine's motion to amend, arguing that amendment would be futile. (*Id.* at 3-4.) Under the liberal standard governing motions to amend, the Court found that amendment would not necessarily be futile and granted Erwine leave to amend his complaint. (*Id.* at 4-6.) Because the Court granted Erwine leave to file an amended complaint, it denied then-pending motions to dismiss filed by the Washoe Tribe Defendants and the United States as moot. (*Id.* at 7.)

The pending Motion followed shortly after Erwine filed his amended complaint.

## III. DISCUSSION

The United States moves to dismiss Erwine's two remaining claims against it for failure to properly exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2401(b), 2402, 2671-2680 ("FTCA"), alternatively arguing that he has failed to plausibly state a claim for either tortious discharge or bad faith discharge of employment when his claims are evaluated along with the employment documents reflecting his termination by the Washoe Tribe, which are properly incorporated by reference into his claims. (ECF No. 66 at 2.) The United States further argues Erwine seeks certain remedies that are not available under the FTCA. (*Id.*) Erwine does not dispute the authenticity of the 'Form 95' he submitted to the Department of the Interior ("DOI") before filing this case—which the United States attached as an exhibit to its Motion—but instead contends its contents adequately put the DOI on notice of the claims he asserts against the United States in this case. (ECF No. 72 at 4.) The Court disagrees. Indeed, because the Court agrees with the United States that Erwine's Form 95 did not put adequately put the DOI on notice of his tortious and bad faith discharge claims based on a purported refusal to obey unlawful orders, the Court will grant the United States'

2

Motion for failure to properly exhaust administrative remedies and declines to address the remaining arguments the United States raises in its Motion.

Erwine alleges in the Form 95 that his due process rights were violated when he was fired by the Washoe Tribe. (ECF No. 66-2 at 2, 4-5.) It does not mention tortious or bad faith discharge. (*Id.*) Nor does it mention that he was fired for failure to follow unlawful orders. (*Id.*) The most Erwine says about the reasons he was fired is that he, "had not been found to have committed any misconduct which would warrant termination under the Tribe's policies." (*Id.* at 5.) This does not state that he was fired for refusing to obey unlawful orders, which is the primary factual contention underlying his tortious and bad faith discharge claims. (ECF No. 59 at 43-45.)

But proper exhaustion under the FTCA requires: (1) a "written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim." *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006), *aff'd*, 265 F. App'x 555 (9th Cir. 2008) (quoting *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002)). As described above, Erwine's Form 95 does not sufficiently describe the injuries he alleges underlying his remaining claims against the United States to enable the DOI to begin an investigation into them. Erwine only alleges violations of his due process rights in his Form 95. (ECF No. 66-2 at 2, 4-5.) As the United States argues, "[t]hat is a different right (with a different source for the right) than the state tort law claims asserted in the First Amended Complaint." (ECF No. 66 at 6.) Alleging a due process violation does not put the DOI on reasonable notice of tortious or bad faith discharge under state law based on firing Erwine after he allegedly failed to obey unlawful orders. Erwine has accordingly failed to exhaust these claims. The United States' Motion is granted as to Erwine's tortious and bad faith discharge claims. And as those are the two remaining claims against the United States, the United States is dismissed from this case.

///

///

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is further ordered that the United States' motion to dismiss (ECF No. 66) is granted.

It is further ordered that the United States of America is dismissed from this case.

DATED THIS 6th Day of November 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE